Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 19
906 E Amelia St
Bellville TX 77418

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Friday, August 9, 2019 4:19 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Subject:** Kent McAllister accounts

From Susan:

At one time we had Kent McAllister's accounts all combined into one account - this included the Town of San Felipe's streets.

Recently we split each of the blocks out as his deeds do not include streets nor do any prior deeds.

I have included ACF #61374 where McAllister purchased  several lots and ACF #061447 where McAllister purchased numerous lots. You will find attached prior deeds too.

I also included two surveys of the parcels provided by McAllister.

Mr. McAllister has protested and his reasons include property descriptions and property boundaries incorrect. As far as the boundaries I believe he wants the roads taken back in and mapped as a whole.

I do know one account needs to be changed from 2.635 acres to 2.620 acres.

Carmen suggested we have Kyle take a look at what we have and give an opinion.

3

Kenton (Kent) McAllister
223 Park Rd 38
Sealy, Texas 77474



December 2, 2021

Austin County Appraisal District
906 E Amelia Street
Bellville Texas 77418

Re: Accounts 14042, 71831, 71829, 71830, 17855, 71828, 80241

To Whom It May Concern,

Under the Texas Public Information Act, §6252-17a et seg., I am requesting copies of public records listed below.

1. In the internal memo dated 11-3-2017 from Carmen to Peggy & Susan, Carmen states, "as we've discovered his R14042 is for too much acreage according to his plat and field notes... we've included the streets."

   Please provide a copy of the plat used and the field notes referenced in the memo.

2. In the email from Deanne Gonzalez sent to Hector Gomez, with CC to Susan Rosinski on Monday August 5, 2019, Deanne states, "for 14042 it says San Felipe BLDG ADDN, Lot 139-141, please see attachment"

   Please provide the attachment referenced.

3. In the email from Susan Rosinski to Deanne Gonzalez sent Monday August 5, 2019 @ 11:00 AM, Susan Rosinski states, "the taxpayer does not own the streets. I have also verified recently with the Town of San Felipe that the taxpayer does not own the streets. He wants it mapped as a whole. (as it was before being changed) Any opinion on this?"

   Please provide the documentation Susan Rosinski used to determine that the taxpayer does not own the streets. Also, please provide the documentation provided by the Town of San Felipe to Susan Rosinski verifying the taxpayer does not own the streets.

4. In the email from Deanne Gonzalez to Susan Rosinski sent Tuesday August 6, 2019 @ 2:34 PM, Deanne states, "If the tax payer wants this all merged together, (as it had been all along) he/she needs to go to proper authorities and have them formally vacate the streets."

   Please provide the information used to determine the taxpayer didn't own the streets.

5. The same email states, "However, if you want us to merge them together, we can. And this might make the district more money since you'd be taxing more acreage."

Please provide any correspondence, memos, emails or notes related to the decision to continue with the separation of the property into multiple accounts.

6. In the email from Susan Rosinski to Deanne Gonzalez sent Tuesday August 6, 2019 @ 2:38 PM, Suzan Rosinski states, "we have also decided to forward all the info we sent to BIS to our attorneys for a ruling."

Please provide a copy of notes, memos or any other communication sent to the attorneys and a copy of the ruling provided by the attorneys.

Please provide a copy of any correspondence to the taxpayer requesting clarification of street ownership.

If there are any fees for copying these records, please inform me if the cost will exceed $ 125.00.

The Texas Public Information Act requires that you "promptly produce" the requested records unless, within 10 days you have sought an Attorney General's Opinion. If you expect a significant delay in responding to this request, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law.

Thank you.

Sincerely,

Kent McAllister

Austin County Appraisal District
906 E. Amelia St.
Bellville, TX 77418



Telephone: 979-865-9124
Fax:979-865-3296
e-mail: austincad@gmail.com

December 8, 2021

Kenton McAllister
223 Park Rd 38
Sealy, TX  77474

Re: Request for Copies of Public Records Dated December 2, 2021

Dear Mr. McAllister,

Copies have been enclosed in response to your request for public records.  The
following addresses each request:

1.  Please provide a copy of the plat used and the field notes referenced in
    the memo.
        a.  Survey Plat and Field Notes – 2 pages total
        b.  ACF #061447 – 5 pages total
2.  Please provide the attachment referenced
        a.  Austin McAl.PNG – 1 page total
3.  Please provide the documentation Susan Rosinski used to determine that
    the taxpayer does not own the streets. *(first part of request)*
        a.  See response 1 a. and b.
        b.  Vol. 54 Page 17 – 1 page total
        c.  Vol. 54 Page 457 – 1 page total
        d.  Vol. 231 Page 500 – 4 pages total
        e.  Vol. 231 Page 504 – 4 pages total
        f.  Vol. 274 Page 682 – 3 pages total

    Also, please provide the documentation provided by the Town of San
    Felipe to Susan Rosinski verifying the taxpayer does not own the streets.
    *(second part of request)*
        a.  No such document exists

4.  Please provide the information used to determine the taxpayer didn't own
    the streets.
        a.  See response 1 a. and b.
        b.  See response 3 b., c., d., e. and f.
5.  Please provide any correspondence, memos, emails, or notes related to
    the decision to continue with the separation of the property into multiple
    accounts.
        a.  Email Correspondence – 8 pages total
        b.  Attachment Austin14042.PNG – 1 page total
        c.  20190805111226792.pdf – 2 pages total

b. Please provide a copy of notes, memos or any other communication to the attorneys and a copy of the ruling provided by the attorneys. *(first part of request)*
  a. Attorney Email – 25 pages total
  b. Attorney's Attachments – 36 pages

Please provide a copy of any correspondence to the taxpayer requesting clarification of street owners *(second part of request)*
  a. No such document exists

An invoice for copies and the time to locate, compile and reproduce is included. Prompt payment in the amount of $54.30 is appreciated.

Respectfully,

Michelle Mitchell, RPA
Deputy Chief Appraiser



Survey Plat and Field Notes

**FRANK SURVEYING CO., INC.**
2205 Walnut Street
Columbus, Texas 78934
979.732.5114

*STATE OF TEXAS*

*COUNTY OF AUSTIN*

*FIELD NOTES* of a survey of a 12.666 total acre tract, less 3.46 acre in road and leaving a NET ACREAGE of 9.203 acres out of the Old Town of San Felipe, Austin County, Texas. Said 12.666 acre tract being all of Lots 138-141, all of Lots 184/188, and all of Lots 199-204, all of Lots 247-252, and all of Lots 268-270, and also a part of Third Street, a part of Baron De Bastrop Street and a part of Fourth Street as described in a deed dated May 27, 1994, and recorded in Volume 274, Page 894, Austin County Deed Records, and in a deed dated April 3, 1969 to Dewey W. Walden, recorded in Volume 231, Page 604, of the Deed Records of Austin County, Texas for which reference is made and the said 12.666 total acre tract being described by metes and bounds as follows, TO-WIT:

*COMMENCING* at a 1/2 inch iron rod set (capped RPLS 1669) for the East corner of Lot 144, same being a East corner of a 2.620 acre tract surveyed also this day, corner being also in the Southwest line of Park Road No. 36, and being also in the Northwest line of Guadalupe Street;

*THENCE* S 24° 45' 01" W a distance of 332.01 feet with the Northwest line of Guadalupe Street, same being the Southeast line of the said 2.620 acre tract to a 1/2 inch iron rod set (capped RPLS 1669) for the South corner of Lot 181 and the South corner of the said 2.620 acre tract, corner being also a East corner and *POINT OF BEGINNING* of the herein described 12.666 acre tract;

*THENCE* S 24° 45' 51" W a distance of 651.11 feet with the Northwest line of Guadalupe Street, across Third Street (as platted), with the Southeast line of Lot 204 and Lot 247, across Fourth Street, and with the Southeast line of Lot 270, same being the Southeast line of the herein described tract to a 1/2 inch iron rod set (capped RPLS 1669) for the South corner of Lot 270, corner being also the East corner of Lot 313;

*THENCE* N 64° 49' 23" W a distance of 338.94 feet with the Southwest line of Lot 270, Lot 269, and Lot 268, same being the Northeast line of Lot 313-315 to a 1/2 inch iron rod set (capped RPLS 1669) for the West corner of Lot 268;

*THENCE* N 24° 51' 15" E a distance of 163.86 feet with the Northwest line of Lot 268 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 268;

*THENCE* N 65° 01' 35" W a distance of 404.62 feet across Baron De Bastrop Street (as platted), and with the Southwest line of Fourth Street (as platted), the Northeast line of Lot 267-268 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 265, said corner being also the West corner of the herein described 12.666 acre tract and being also in the Southeast line of Antonio Martinez Street;

*THENCE* N 24° 46' 48" E a distance of 819.66 feet with the Southeast line of Antonio Martinez Street, across Fourth Street and with the Northwest line of Lot 252, Lot 199, across Third Street (as platted) and with the Northwest line of Lot 188, and Lot 139 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 139, corner being also in the Southeast line of Park Road No. 36, corner being also the North corner of the herein described tract;

*THENCE* S 64° 57' 00" E a distance of 402.79 feet with the Southwest line of Park Road No. 36, same being the Northeast line of Lot 138-141 and across Baron De Bastrop Street to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 142, corner being also the North corner of the said 2.620 acre tract;

*THENCE* S 24° 24' 57" W a distance of 332.14 feet with the Southeast line of Baron De Bastrop Street, same being the Northwest line of Lot 142 and Lot 183 to a 1/2 inch iron rod set (capped RPLS 1669) for the West corner of Lot 183, corner being also in the Northeast line of Third Street;

*THENCE* S 64° 52' 07" E a distance of 342.44 feet with the Northeast line of Third Street, same being the Southwest line of Lot 183-181 to the *PLACE OF BEGINNING*, containing 12.666 acres of land, *LESS AND EXCEPT* 3.46 acre in above said streets leaving a *NET ACREAGE* of 9.203 acres.

Survey Plat to accompany Field Notes.

Project No. 05-143A

All bearings are based on the Northeast line of a 12.666 acre tract surveyed also this day by Frank Surveying Co., Inc. and described on a survey plat made by D.R. Muzzy on May 2, 1969.

*IN WITNESS THEREOF*, my hand and seal, this the 11th day of January 2006.

For Frank Surveying Co., Inc.
By: Leonard W. Frank, RPLS
Registration No. 1669
Colorado County Surveyor

*(seal: LEONARD W. FRANK  1669)*

Page 1 of 1

*(handwritten)* Survey Plat and Field Notes

061447

# WARRANTY DEED

**NOTICE OF CONFIDENTIALITY RIGHTS: If you are a natural person, you may remove or strike any or all of the following information from this instrument before it is filed for record in the public records: your social security number and your driver's license number.**

STATE OF TEXAS

COUNTY OF AUSTIN                    KNOW ALL MEN BY THESE PRESENTS:

THAT BRENNER FAMILY LIMITED PARTNERSHIP, a Texas limited partnership ("Grantor"), acting by and through its General Partners who are Lawrence Brenner and Louise Brenner, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration to the undersigned paid by the Grantee herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by Grantee of his one certain promissory note of even date herewith, in the principal sum of Sixty Thousand and No/100 Dollars ($60,000.00), payable to the order of Grantor, as therein provided and bearing interest at the rates therein specified, containing the usual clauses providing for acceleration of maturity and for attorney's fees, the payment of which note is secured by a Vendor's Lien herein retained and is additionally secured by a Deed of Trust, of even date herewith, to Sidney Levine, Trustee, have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto KENTON J. McALLISTER, a resident of Harris County, Texas ("Grantee"), whose mailing address is 5906 Pine Lakes Drive, Katy, Texas 77493-3543, all of the following described property in Austin County, Texas (the "Property"), to-wit:

9.209 acres of land (being 12.666 acres less 3.46 acres in road) out of the Old Town of San Felipe, Austin County, Texas, being more particularly described in EXHIBIT "A" attached hereto and made a part hereof for all intents and purposes.

This conveyance is made and accepted SUBJECT TO the following:

1.   Fourth Street, Third Street and Baron De Bastrop Street as shown on survey plat dated May 26, 2005, by Frank Surveying Co., Inc.

C:\DATA\Real Estate\Owner Finance\Brenner McAllister
wd 11050.tj 030706 wpd

-1-

ACF # 061447

1 of 5

2. An undivided ½ royalty interest reserved in the Deed from Ida Louise Fort, et al, to Dewey W. Walden, dated April 5, 1957, recorded in Volume 231, Page 504, Deed Records of Austin County.

RESTRICTION

No mobile home, manufactured home, and/or modular home may be located on the Property at any time.

This restriction shall be for a term of twenty-five (25) years immediately following the date of this deed and shall be enforced by Grantor, its successor and assigns. At the end of such term, this restriction shall be of no further force or effect.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Grantee, his heirs, executors, administrators, successors, or assigns forever; and Grantor hereby binds itself and its successors to WARRANT AND FOREVER DEFEND all and singular the said Property unto the said Grantee, his heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

But it is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the Property, is retained against the Property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

Ad valorem taxes on the Property for 2006 having been prorated, the payment thereof is assumed by Grantee.

EXECUTED this 10th day of March, 2006.

BRENNER FAMILY LIMITED PARTNERSHIP

BY: _____
LAWRENCE BRENNER, General Partner

BY: _____
LOUISE BRENNER, General Partner

C:\DATA\RealEstate\Owner Finance\Brenner McAllister
~9.11050.A) 033706.wpd

-2-

ACF #061447
2 of 5

STATE OF TEXAS

COUNTY OF AUSTIN

This instrument was acknowledged before me on the 10th day of March 2006, by LAWRENCE BRENNER, General Partner, on behalf of BRENNER FAMILY PARTNERSHIP, a Texas limited partnership.

BECKY BAGLEY
Notary Public, State of Texas
My Commission Expires
09-11-2008

Notary Public, State of Texas

STATE OF TEXAS

COUNTY OF AUSTIN

This instrument was acknowledged before me on the 10th day of March 2006, by LOUISE BRENNER, General Partner, on behalf of BRENNER FAMILY PARTNERSHIP, a Texas limited partnership.

BECKY BAGLEY
Notary Public, State of Texas
My Commission Expires
09-11-2008

Notary Public, State of Texas

C:\DATA\RealEstate\Owner Finance\Brenner McAllister
wd.11050.tg 035706.wpd                    -3-

3

ACF #061447
3 of 5

**FRANK SURVEYING CO., INC.**
2205 Walnut Street
Columbus, Texas 78934
979.732.3114

STATE OF TEXAS

COUNTY OF AUSTIN

FIELD NOTES of a survey of a 12.665 total acre tract, less 3.45 acre in road and leaving a NET ACREAGE of 9.209 acres out of the Old Town of San Felipe, Austin County, Texas. Said 12.665 acre tract being all of Lots 139-141, all of Lots 154-156, and all of Lots 109-204, all of Lots 247-252, and all of Lots 265-270, and also a part of Third Street, a part of Baron De Bastrop Street and a part of Fourth Street as described in a deed dated May 27, 1954, and recorded in Volume 374, Page 681, Austin County Deed Records, and is a deed dated April 5, 1950 to Dewey W. Walden, recorded in Volume 231, Page 504, of the Deed Records of Austin County, Texas for which reference is made and the said 12.665 total acre tract being described by metes and bounds as follows, TO-WIT:

COMMENCING at a 1/2 inch rod set (capped RPLS 1669) for the East corner of Lot 144, same being a East corner of a 2.620 acre tract surveyed also this day, corner being also in the Southwest line of Park Road No. 38, and being also in the Northwest line of Guadalupe Street;

THENCE S 24° 50' 01" W a distance of 332.01 feet with the Northwest line of Guadalupe Street, same being the Southeast line of the said 2.620 acre tract to a 1/2 inch iron rod set (capped RPLS 1669) for the South corner of Lot 181 and the South corner of the said 2.620 acre tract, corner being also a East corner and POINT OF BEGINNING of the herein described 12.665 acre tract.

THENCE S 24° 45' 51" W a distance of 651.11 feet with the Northwest line of Guadalupe Street, across Third Street (as platted), with the Southeast line of Lot 204 and Lot 247, across Fourth Street, and with the Southeast line of Lot 270, same being the Southeast line of the herein described tract to a 1/2 inch iron rod set (capped RPLS 1669) for the South corner of Lot 270, corner being also the East corner of Lot 313;

THENCE N 64° 23' W a distance of 328.34 feet with the Southeast line of Lot 270, Lot 269, and Lot 268, same being the Northeast line of Lot 313-315 to a 1/2 inch iron rod set (capped RPLS 1669) for the West corner of Lot 268;

THENCE N 65° 01' 35" W a distance of 163.66 feet with the Northwest line of Lot 268 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 265;

THENCE N 65° 01' 35" W a distance of 404.52 feet across Baron De Bastrop Street (as platted), and with the Southwest line of Fourth Street (as platted), the Northeast line of Lot 267-265 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 265, said corner being also the West corner of the herein described 12.665 acre tract and being also in the Southeast line of Antonio Martinez Street.

THENCE N 24° 26' 48" E a distance of 818.59 feet with the Southeast line of Antonio Martinez Street, across Fourth Street and with the Northeast line of Lot 252, Lot 199, across Third Street (as platted) and with the Northwest line of Lot 155, and Lot 139 to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 139, corner being also in the Southwest line of Park Road No. 38, corner being also the North corner of the herein described tract;

THENCE S 64° 53' 00" E a distance of 402.79 feet with the Southwest line of Park Road No. 38, same being the Northeast line of Lot 139-141 and across Baron De Bastrop Street to a 1/2 inch iron rod set (capped RPLS 1669) for the North corner of Lot 142, corner being also the North corner of the said 2.620 acre tract;

THENCE S 24° 24' 57" W a distance of 332.14 feet with the Southeast line of Baron De Bastrop Street, same being the Northwest line of Lot 142 and Lot 183 to a 1/2 inch iron rod set (capped RPLS 1669) for the West corner of Lot 183, corner being also in the Northeast line of Third Street;

THENCE S 64° 52' 07" E a distance of 342.44 feet with the Northeast line of Third Street, same being the Southwest line of Lot 183-181 to the PLACE OF BEGINNING, containing 12.665 acres of land, LESS AND EXCEPT 3.45 acre in above said streets leaving a NET ACREAGE of 9.209 acres.

Survey Plat to accompany Field Notes

Project No. 05-143A

All bearings are based on the Northeast line of a 12.665 acre tract surveyed also this day by Frank Surveying Co., Inc. and described on a survey plat made by D.R. Muzzy on May 2, 1953.

IN WITNESS THEREOF, my hand and seal, this the 11th day of January 2006.

Leon Frank Surveying Co., Inc.
By: Leonard W. Frank, RPLS
Registration No. 1669
Colorado County Surveyor

Page 1 of 1

**EXHIBIT "A"**

ACF # 061447
4 of 5

# *LAST PAGE OF DOCUMENT*

## (The bottom portion of this page is for recording purposes only)

FILED

06 MAR 15  PM 3: 09

*Carrie Gregor*

COUNTY CLERK
AUSTIN COUNTY, TEXAS

061447

STATE OF TEXAS                    COUNTY OF AUSTIN

I certify that this instrument was filed on the date and
time stamped by me and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS OF AUSTIN COUNTY, TEXAS.

*Carrie Gregor*

Carrie Gregor, County Clerk
Austin County, Texas

ACF # 06146

5 of 5

Austin McAl. PNG

| 8590 | 14042 | 2020 | MCALLISTER KENT | SAN FELIPE BLDG ADDN | LOT 139-141, 184-186 | 2,635 |
| 0435 | 71828 | 2020 | MCALLISTER KENT | SAN FELIPE BLDG ADDN | LOT 268-270 | 1,273 |
| 0436 | 71829 | 2020 | MCALLISTER KENT | SAN FELIPE BLDG ADDN | LOT 199-204, 250-252 | 2,658 |
| 0437 | 71830 | 2020 | MCALLISTER KENT | SAN FELIPE BLDG ADDN | LOT 202-204, 247-249 | 2,635 |
| 0438 | 71831 | 2020 | MCALLISTER KENT | SAN FELIPE BLDG ADDN | LOT 142-144, 181-183 | 2,635 |
| 8888 | 17855 | 2020 | MCALLISTER KENT JOHN | SAN FELIPE BLDG ADDN | LOT 205, 206, 207, 244, 245, 246 | 2,547 |



(15.)

for the purposes and consideration therein expressed.

    Given under my hand and seal of office, this 24 day of August, 1917.

(Seal)                  Jas. O. Scott Notary Public, Hill Co. Texas.

Filed for record at 8:00 o'clock A.M., September 2nd, A.D., 1918, and recorded at 11:45 o'clock A.M., September 6th, A.D., 1918.    J A Batla,    Clerk Co.Court, Austin Co., Texas.

(16. Deed.  Kate Robertson, et al., to Clinton Ford.)
                                (\$1.50 revenue stamps attached and cancelled.)

The State of Texas, )

County of Austin           Know all Men by these Presents: That we, Mrs. Katheryne Robertson a fems sole, and daughter, Miss Willie Fay Robertson, a fems sole, residents of the County of Austin State of Texas for and in consideration of the sum of One Thousand Two Hundred and no/100 Dollars, to us in hand paid by Clinton Ford as follows, to-wit:- The sum of One Thousand Two Hundred Dollars cash in hand paid, the receipt whereof is hereby fully acknowledged, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said Clinton Ford of the County of Austin State of Texas all that certain Lots of land as follows, to-wit: Lots Nos. 142, 143, 181, 182, 183, 202, 203, 204, 247, 248, 249, 268, 269, 270, 139, 140, 141,184, 185, 186, 199, 200, 201, 250, 251 and 252 of the San Felipe Town as shown upon the map of the plan of the said town, all in Austin County, Texas. Being the same property and premises set apart to said Mrs. Katheryne Robertson, and daughter, Willie Fay Robertson, by decree of the Austin County District Court, June 26th, A.D. 1901, and of record in Vol. L pages 84-85-86-87 and 88, in cause No. 3845 upon the docket of the said Court, to which reference is here made for further designation and description of said several lots. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Clinton Ford, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said Clinton Ford, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

    Witness our hands at Sealy, Texas this 26th day of August A.D. 1918.

Witnesses at Request of Grantor        (signed)  Katheryne Robertson

                                     Willie Fay Robertson

The State of Texas, )

County of Austin  )  Before me, the undersigned authority, a Notary Public in and for Austin County, Texas, on this day personally appeared Mrs. Katheryne Robertson and Miss Willie Fay Robertson known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

    Given under my hand and seal of office, this 26th day of August A.D. 1918.

(Seal) 1537            O. O Glenn Notary Public, Austin County, Texas.

Filed for record at 8:00 o'clock A.M., September 2* A.D., 1918, and recorded at 8:00 o'clock P.M., September 16th., A.D., 1918.

    J A Batla,    Clerk Co.Court, Austin Co., Texas.

Vol. 54
Page 17

54 /457



(all).

same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 23 day of Dec. A. D. 1918.

(seal)     Jno. O. Matojka, Notary Public, Austin Co. Tex.

The State of Texas, )

County of Austin. )    Before me, Jno. O. Matojka a Notary Public in and for Austin County, Texas, on this day personally appeared Chas. Branicky and Mary Branicky his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed and the said Mary Branicky wife of the said Chas. Branicky having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Mary Branicky acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this 23 day of Dec. A. D. 1918.

(seal)     Jno. O. Matojka, Notary Public, Austin Co. Tex.

Filed for record this 27 day of Jan. A. D. 1919 at 1:10 o'clock P.M., and recorded at 2:10 o'clock P.M. Jan. 25th, A. D. 1919,   Clerk, C.C.&C.T. By     Deputy.

(412. Deed. F. B. Magruder    to    Clinton Fort.)

The State of Texas, )

County of Tarrant. )    Know All Men by These Presents: That I, F. B. Magruder, a single man of the County of Tarrant State of Texas, in consideration of the sum of Twenty Dollars paid by Clinton Fort, of Austin County, Texas, the receipt of which is hereby fully acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Clinton Fort of the County of Austin and State of Texas all that certain lot, tract or parcel of land lying and being situated in the old town of San Felipe and being lot number 144 in block number __ as shown by plat of said town of San Felipe, Texas, of record in deed records of Austin County, Texas, to which reference is hereby made for all purposes. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Clinton Fort and his heirs and assigns forever. And I do hereby bind myself and heirs, executors and administrators, to warrant and forever defend all and singular, the said premises unto the said Clinton Fort and his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

Witness my hand at Fort Worth, Texas this 30th day of September A. D. 1918.

The State of Texas, )       (signed)   F. B. Magruder.

County of Tarrant. )    Before me, D. C. Gossett a Notary Public in and for Tarrant County, Texas, on this day personally appeared Dr. F. B. Magruder, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 30th day of September, A. D. 1918.

(seal)     D. C. Gossett, A Notary Public in and for Tarrant County, Texas.

Filed for record the 25th. day of January, A. D. 1919 at 8:00 o'clock A.M., and recorded at 3:10 o'clock P.M. January 25th., A. D. 1919,   Clerk, C. C. A. C. T. By     Deputy.

Vol. 54
Page 457

I, J. L. Sterling, Clerk of the District Court, in and for
Austin County, Texas, hereby certify that the above and foregoing
is a true and correct copy of the JUDGMENT in Cause No.8369, entitled
"IN THE MATTER OF THE REMOVAL OF THE DISABILITIES OF MINORITY OF JOHN
LEE SPIES, A MINOR", as same appears of record on page 12 of Vol. T
of the _____ Minutes of the District Court of Austin County, Texas.
_____ certify which, witness my hand and the seal of said court
at Bellville, Texas, this 2nd day of May, A.D. 1957.

_J. L. Sterling_

CLERK DISTRICT Court, Austin County, Texas.

Filed for Record on the 2nd. day of ____ May, ____ A. D. 19 57 , at 11:30 o'clock P. M.

Duly Recorded this the 2nd. day of ____ May, ____ A. D. 19 57 , at 3:34 o'clock P. M.

LAWRENCE DITTERT, County Clerk
Austin County, Texas

By _____ Deputy

(File No. 726 - Resolution -   Corporation of San Felipe de Austin to
                                Ida Louise Fort, et al.)

THE STATE OF TEXAS  )

COUNTY  OF  AUSTIN  )

WHEREAS, heretofore on the 26th. day of June A. D. 1901,
In-Lots Numbered 139, 140, 141, 184, 185, 186, 199, 200, 201,
202, 203, 204, 247, 248, 249, 250, 251, 252, 268, 269 and 270,
of the Town of San Felipe de Austin, Texas, being a part of
the estate of J. E. Robertson, deceased, was partitioned to
Kathryn Robertson and Willie Fay Robertson by decree of the
Austin County District Court, recorded in Vol "L", pages 84, 85,
86, 87 and 88;

AND WHEREAS, on the 26th. day of August 1918, the said
Kathryn Robertson and Willie Fay Robertson conveyed to Clinton
Fort the above described lots by deed recorded in Vol. 54, page 17,
Deed Records of Austin County, Texas;

AND WHEREAS, the chain of title to said In-Lots 139, 140,
141, 184, 185, 186, 199, 200, 201, 202, 203, 204, 247, 248, 249,
250, 251, 252, 268, 269, and 270 to the present owners, to-wit,
the heirs of the Clinton Fort estate, namely Mrs. Ida Louise
Fort, Emily Allen Selman, Helen Blanche Hilton, Roy Clinton Fort
and Edward E. Fort, is continuous and same has been held adversely
to all claimants by the said Kathryn Robertson and Willie Fay
Robertson, and their successors in title, more than fifty years;

AND WHEREAS, there does not appear of record in the Deed
Records of Austin County, Texas, a deed of conveyance from the
Corporation of San Felipe de Austin to anyone covering the above
described In-Lots, hwever it is the opinion of the Council duly

Vol 231
Page 500

assembled in regular meeting that a preceding Council of this Cor-
poration did sell the said in-lots, 139, 140, 141, 184, 185, 186,
199, 200, 201, 202, 203, 204, 247, 248, 249, 250, 251, 252, 268, 269
and 270, to a predecessor in title of Mrs. Ida Louise Fort, Emily
Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort and Edward
E. Fort;

AND WHEREAS, it is the desire of the Town Council , upon the
request of Mrs. Ida Louise Fort, et al, that a Quit Claim Deed
be executed, divesting the Corporation of San Felipe de Austin
of all right, title and interest it may have in said in-lots
heretofore described, and investing such title, interest and
rights in the said (Mrs. ) Ida Louise Fort, Emily Ellen Selman,
Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort:

NOW, THEREFORE, be it resolved by the Mayor and Board of
Aldermen of the Corporation of San Felipe de Austin, a municipal
corporation of Austin County, Texas, in regular meeting assembled
on the 13th, day of April A. D. 1957, a quorum being present,
that the Mayor of the Corporation of San Felipe de Austin,
in consideration of the premises, execute a Quit Claim Deed to
the above described in-lots, and that the said Quit Claim Deed
when executed by the Mayor, shall be attested by the Secretary
of the Corporation of San Felipe de Austin and its official seal
impressed thereon, thereby divesting all right, title and in-
terest that it may have in said in-lots out of the Corporation of
San Felipe de Austin and investing such right, title and interest
in the said (Mrs. ) Ida Louise Fort, Emily Ellen Selman, Helen
Blanche Hilton, Roy Clinton Fort and Edward E Fort.

THEREFORE, upon motion duly made and seconded and carried,
it is ordered that a copy of this Resolution be acknowledged by
the Mayor and attested by the Secretary of the Corporation of San
Felipe de Austin, entered in the Minute Book of the Corporation
of San Felipe de Austin and a copy of this Resolution delivered
to Ida Louise Fort, et al, together with a Quit Claim Deed as
set out herein-above.

THIS WE CERTIFIED TO as the action of the Council of the
Corporation of San Felipe de Austin, this the 13th, day of April,
A. D. 1957.

                    CORPORATION OF SAN FELIPE DE AUSTIN

                    By _E. F. Rappiver_____
                    E. F. Rappiver, Mayor of the Corporation
                    of San Felipe de Austin.

ATTEST:
_Clara A. Craig._

Vol 231
Page 500



Page 502.
Vol 231

(File No. 727 - Quitclaim Deed - Corporation of San Felipe de Austin to Ida Louise Fort, et al.)

THE STATE OF TEXAS )
COUNTY OF AUSTIN ) KNOW ALL MEN BY THESE PRESENTS:

THAT, the Corporation of San Felipe de Austin, Texas, a municipal corporation of Austin County, Texas, for and in consideration of the sum of Five ($5.00) Dollars, to it in hand paid by Ida Louise Fort of Austin County, Texas; Emily Ellen Selman of Caddo Parish, Louisiana; Helen Blanche Hilton of Anderson County, Texas; Roy Clinton Fort of Anderson County, Texas; and Edward B. Fort of Lubbock County, Texas; receipt of which is hereby acknowledged, does, by these presents, BARGAIN, SELL, RELEASE AND FOREVER QUIT CLAIM unto the said Ida Louise Fort, Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort and Edward B. Fort, their heirs and assigns, all its right, title and interest in and to those certain lots, lying within the corporate limits of the Town of San

of the Corporation of San Felipe de Austin.

THE STATE OF TEXAS )
COUNTY OF AUSTIN )

BEFORE ME, the undersigned authority in and for Austin County, Texas, on this day personally appeared E. F. Repplayer, Mayor of the Corporation of San Felipe de Austin, a Municipal Corporation of Austin County, Texas, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said Corporation of San Felipe de Austin, and that he executed the same as the act of said corporation for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN under my hand and seal of office this the 30th day of April, A. D. 1957.

(W. D. Bryan,) Notary Public in and for Austin County, Texas.

Filed for Record on the 2nd day of May, A. D. 19 57, at 3:00 o'clock P.M.
Duly Recorded this the 2nd day of May, A. D. 19 57, at 3:42 o'clock P.M.

LAWRENCE DITERT, County Clerk,
Austin County, Texas.
By _____ Deputy

Felipe de Austin, in Austin County, Texas, and more fully described as follows, towit:

In-lots Numbered 139, 140, 141, 184, 185, 186, 199, 200 201, 202, 203, 204, 247, 248, 249, 250 251, 252, 268, 269 and 270; being a part of the original grant by the Mexican Government to the municipal authorities of the Town of San Felipe de Austin;

TO HAVE AND TO HOLD, the said premises together with all and singular the rights, privileges and appurtenances thereto in any manner belonging, unto the said Ida Louise Fort, Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort, their heirs and assigns, forever, and that the Corporation of San Felipe de Austin, nor any person claiming under it, shall, at any time hereafter, have, claim or demand any right or title to the aforesaid premises and appurtenances, or any part thereof.

IN WITNESS WHEREOF, the Corporation of San Felipe de Austin has caused these presents to be signed by E. F. Rapsilver, its Mayor, and attested by Clara L. Craig, its Secretary, on this, the 30th day of April A. D. 1957.

CORPORATION OF SAN FELIPE DE AUSTIN

By _E. F. Rapsilver_
    E. F. Rapsilver, Mayor.

ATTESTED:

Clara L. Craig.
Clara L. Craig, Secretary.

THE STATE OF TEXAS }

COUNTY OF AUSTIN }

BEFORE ME, the undersigned authority, a Notary Public, in and for Austin County, Texas, on this day personally appeared E. F. Rapsilver, Mayor of the Corporation of San Felipe de Austin, known to me to be the person and officer whose name appears and is subscribed on the foregoing instrument, and acknowledged to me that the same was the act of the Corporation of San Felipe de Austin, a municipal corporation, and that he executed the same as the act of such corporation for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN under my hand and seal of office, this the 30th day of April A. D. 1957.

_W. D. Bryan_    (W. D. Bryan)
Notary Public in and for Austin County, Texas.

Vol 231

504

| Filed for Record ... 2nd, ... | 19.... | A.D. 1957, at 3:00 o'clock P. M. |
| Duly Recorded this the 2nd ... | 19.... | A.D. 1957, at 3:46 o'clock P. M. |
| | | LAWRENCE DITTERT, County Clerk |
| | | Austin County, Texas |
| | | By ........................ Deputy |

(File No. 738    - Deed - Ida Louise Fort, et al, to Dewey W. Walden)

THE STATE OF TEXAS|

COUNTY OF AUSTIN|    KNOW ALL MEN BY THESE PRESENTS: That we, Ida

Louise Fort, a widow, being the surviving wife of Clinton Fort, deceased, of Anderson County, Texas; Emily Ellen Selman, joined herein by my husband, E. W. Selman, of _____ Parish, Louisiana; Helen Blanche Hilton, joined herein by my husband, B. H. Hilton, of Anderson County, Texas; Roy Clinton Fort, joined herein by my wife, Loye Belle Fort, of Anderson County, Texas; and Edward E. Fort, joined herein by my wife, Dorothy Fort, of Lubbock County, Texas (the said Ida Louise Fort, as above stated, being the surviving widow of Clinton Fort, deceased, and the said Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort being the children of the said Ida Louise Fort and Clinton Fort, deceased, and we, the said Ida Louise Fort, Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort being the sole and surviving heirs of the said Clinton Fort, deceased); for and in consideration of the sum of Four Thousand Five Hundred and No/100 Dollars ($4,500.00) cash to us in hand paid by Dewey W. Walden, the receipt of which is hereby acknowledged, subject to the reservation hereinafter set forth, have GRANTED, SOLD AND CON- VEYED, and by these presents do GRANT, SELL AND CONVEY, unto the said Dewey W. Walden, a single man, of Austin County, Texas, all of the following described lots or parcels of land situated in Austin County, Texas, to-wit:

Being out of five leagues of land originally granted to the Cor- poration of San Felipe de Austin, and being described as follows, to- wit:

FIRST TRACT:   Lot No. 144 situated in the old town of San Felipe as shown by plat or map of said town of San Felipe, Texas, of record in the Deed Records of Austin County, Texas, and being the same land described in the deed from F. E. Magruder to Clinton Fort, dated Septem- ber 26, 1916, and recorded in Volume 54, on page 437, of the Deed Records of Austin County, Texas, to which map and plat and the record thereof and to which deed and the record thereof reference is here made for all purposes;

SECOND TRACT:   Lots Nos. 142, 143, 181, 182, 186, 202, 203, 204, 243, 245, 247, 248, 249, 278, 138, 140, 141, 184, 185, 196, 199, 200, 201, 206, 251 and 252, situated in the old town of San Felipe, as shown on plat of said town of San Felipe, Texas, of record in the Deed Records of Austin County, Texas, and being the same lots or parcels of land

505

described in the deed from Mrs. Katheryne Robertson, et al, to Clinton Fort (therein written Clinton Ford), dated August 25, 1915, and recorded in Volume 54, on page 19, of the Deed Records of Austin County, Texas, to which said map and the record thereof and to which said deed and the record thereof reference is here made for all purposes.

Subject to the reservation hereinafter set forth, TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Dewey W. Waldon, his heirs and assigns, forever.  And we and each of us do hereby bind ourselves, our heirs, executors and administrators, subject to the reservation hereinafter set forth, to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said Dewey W. Waldon, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

## R E S E R V A T I O N

The grantors herein, to-wit, Ida Louise Fort, Emily Ellen Salman, Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort, collectively reserve unto themselves, and to their heirs and assigns, for a period of fifteen (15) years from date hereof and so long thereafter as oil, gas or other minerals are produced from the land herein conveyed, or land with which the same may be pooled, an undivided one-half (1/2) interest in and to all of the royalties payable on oil, gas or other minerals which may be produced, saved and sold from such land, or land with which the same may be pooled, which may become due and payable under any present lease covering said land, if any, or which may become due and payable under any future lease covering said land during the tenure of this reservation, but neither the grantors, nor their heirs, successors and assigns, shall ever be required to join with the grantee, his heirs, successors and assigns, in the execution of an oil, gas and other lease covering said land, or any part thereof, nor shall the grantors herein, their heirs, successors and assigns, ever be entitled to receive any of the cash bonuses or other thing of value as consideration for the giving of or execution of an oil, gas or other mineral lease covering said land, nor shall the grantors herein, their heirs, successors

and assigns, ever be entitled to receive any of the rentals or renewals or other thing of value paid to keep any oil, gas or other mineral lease in force or effect, provided that the grantee herein, his heirs, successors and assigns, shall never execute an oil, gas or other mineral lease covering said land which does not provide for a royalty of at least one-eighth (1/8th) on oil and gas, a royalty of at least one-tenth (1/10th) on other minerals, and a royalty of at least One Dollar ($1.00) per long ton of sulphur; and provided further that the grantee herein, his heirs,

506

successors and assigns, shall have the right and authority to pool or unitize such land with other land without the joinder of the grantors herein, their heirs, successors and assigns, provided that in such event and when such land shall be included with and developed as a part of a unit the grantors herein, to-wit, Ida Louise Port, Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Port and Edward E. Port, their heirs, successors and assigns, shall collectively receive one-half (1/2) of the royalties payable on oil, gas or other minerals that may be allocated to such land as a part of a unit, and in the event of such unitizing or pooling of such land by the grantee herein, his heirs, successors and assigns, the grantee herein, his heirs, successors and assigns, shall, without the joinder of the grantors herein, their heirs, successors and assigns, bind the royalty herein reserved without the necessity of the grantors herein, their heirs, successors and assigns, joining in such unitizing or pooling program; provided further, however, that if there is no production from said land, or land with which the same may be pooled or unitized, at the expiration of fifteen (15) years from date hereof, then and in that event this reservation shall terminate and the royalties herein reserved shall thereupon be and become the property of the grantee herein, his heirs, successors and assigns.

WITNESS our hands this 5th day of April, A. D., 1957.

| | |
|---|---|
| _Ida Louise Port_ | _Emily Ellen Selman_ |
| Ida Louise Port | Emily Ellen Selman |
| _Helen Blanche Hilton_ | _H. W. Selman_ |
| Helen Blanche Hilton | H. W. Selman |
| _C. R. Hilton_ | _Roy Clinton Port_ |
| C. R. Hilton | Roy Clinton Port |
| _Edward E. Port_ | _Doris Belle Port_ |
| Edward E. Port | Doris Belle Port |
| _Dorothy Port_ | |
| Dorothy Port | |

THE STATE OF TEXAS |
COUNTY OF AUSTIN |   Before me, the undersigned authority, on this day personally appeared Ida Louise Port, a feme sole, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this the 4th day of May, A. D., 1957.

_Ina Nell Meyer_
Notary Public, Austin County, Texas

THE STATE OF LOUISIANA |
PARISH OF _Webb_ |   Before me, the undersigned authority, on this day personally appeared H. W. Selman and wife, Emily Ellen Selman, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed. And the said Emily Ellen Selman, wife of the said H. W. Selman, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she,

507

the said Emily Ellen Selman, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the _____ day of April, A. D., 1957.

_____
Notary Public, _____ Parish, Louisiana.

THE STATE OF TEXAS|
COUNTY OF ANDERSON|    Before me, the undersigned authority, on this day personally appeared C. H. Hilton and wife, Helen Blanche Hilton, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed. And the said Helen Blanche Hilton, wife of the said C. H. Hilton, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Helen Blanche Hilton, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the _____ day of April, A. D., 1957.

_____
Notary Public, Anderson County, Texas.

THE STATE OF TEXAS|
COUNTY OF ANDERSON|    Before me, the undersigned authority, on this day personally appeared Roy Clinton Fort and wife, Loye Belle Fort, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed. And the said Loye Belle Fort, wife of the said Roy Clinton Fort, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Loye Belle Fort, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the _____ day of April, A. D., 1957.

_____
Notary Public, Anderson County, Texas.

THE STATE OF TEXAS|
COUNTY OF LUBBOCK|    Before me, the undersigned authority, on this day personally appeared Edward E. Fort and wife, Dorothy Fort, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed. And the said Dorothy Fort, wife of the said Edward E. Fort, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Dorothy Fort, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the _____ day of April, A. D., 1957.

_____
Notary Public, Lubbock County, Texas.

Filed for Record on the 2nd day of ____ Nov. ____ A. D. 19 57, at 3:00 o'clock P. M.
Duly Recorded this the 6th day of ____ Nov. ____ A. D. 19 57, at 1:50 o'clock P. M.

LAWRENCE DITTERT, County Clerk,
Austin County, Texas.

By _____ Deputy

*Vol. 231*
*Page 504*
*1 of 4*

he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 26th day of May, A. D., 1964.

_Almorea Hartmann_
Notary Public in and for Austin County, Texas

| Filed for Record on the 26th day of | May, | A. D. 19 64, at 1:40 o'clock P. M. |
| Duly Recorded this the 27th day of | May, | A. D. 1964, at 9:18 o'clock P. M. |

LAWRENCE DITTERT, County Clerk
Austin County, Texas
by _____ Deputy

File No. 229.

THE STATE OF TEXAS }
                     }   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF AUSTIN    }

That I, DENLY W. WALDEN, a single man, of the County of Austin, State of Texas, for and in consideration of the sum of Ten Dollars ($10.00) cash and other good and valuable consideration, to me in hand paid by WILLIAM B. DAZEY and wife, DOLORES ANN DAZEY, the receipt of which I do hereby acknowledge and confess, and in further consideration of the execution by the said WILLIAM B. DAZEY and DOLORES ANN DAZEY of their one certain promissory note, of even date herewith, in the principal sum of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00), bearing interest from date at the rate of six per cent. (6%) per annum, payable to the order of DENLY W. WALDEN at Citizens State Bank, Bay, Texas, in monthly installments of principal of not less than One Hundred Dollars ($100.00) monthly, accrued interest to be paid simultaneously with and in addition to the said installment payments of principal, the first of which installments to become due and payable on or before July 1, 1964, and a like installment to become due and payable on or before the first day of each and every succeeding calendar month thereafter until the full sum of principal and interest is paid, the said promissory note providing that all past installments of principal shall bear interest at the rate of ten per cent. (10%) per annum and all past due interest to bear interest at the maximum legal rate, and further granting and giving to the holder thereof, at holder's option, the right to accelerate the payment of all amounts of principal and accrued interest in the event of default and to declare the entire amount unpaid on said note immediately due and payable in event of such default, and the said note further providing that, in the event of default, if the note is placed in the hands of an attorney for collection, the makers are to pay a sum equal to ten per cent. (10%) of the amount of principal and interest, then due as agreed and stipulated attorney's fees, the said

promissory note being secured by a VENDOR'S LIEN herein and hereby ex-
pressly retained against the property herein conveyed and described, and
being further secured by a DEED OF TRUST LIEN given by the said WILLIAM
B. DAZEY and DOLORES ANN DAZEY to _____ J. D. Kamas _____, Trustee, ex-
ecuted and delivered of even date herewith in addition to and not lieu of
the aforesaid VENDOR'S LIEN, both of such liens being first and prior in
time and right and constituting a reservation of the superior title to
the property hereinafter described until the indebtedness evidenced by
the promissory note aforesaid is paid in full, HAVE GRANTED, SOLD and
CONVEYED, and by these presents do GRANT, SELL and CONVEY, unto the said
WILLIAM B. DAZEY and wife, DOLORES ANN DAZEY, of the County of Harris,
State of Texas, all that certain tract or parcel of land situated in
the County of Austin, State of Texas, described as follows, to-wit:

    Lot 144 in Tract One and Lots 139, 140, 141, 142,
    143, 181, 182, 183, 184, 185, 186, 199, 200, 201,
    202, 203, 204, 247, 248, 249, 250, 251, and 252 in
    Tract Two in the Old Town of San Felipe, Austin
    County, Texas, together with all improvements there-
    on, as the said land is described in deed dated April
    5, 1957, from Ida Louise Fort, et al., to Dewey W.
    Walden of record in Volume 231, at page 504, in the
    Deed Records of Austin County, Texas - - - - - - - -

TO HAVE and TO HOLD the above described premises, together with all and
singular the rights, tenements, hereditaments and appurtenances there-
to in anywise belonging or appertaining, unto the said WILLIAM B. DAZEY
and DOLORES ANN DAZEY, their heirs and assigns, forever.

And, subject to the payment of the indebtedness secured by the
liens above described only, I do hereby bind myself, my heirs, execu-
tors and administrators to warrant and forever defend all and singular
the said premises unto the said WILLIAM B. DAZEY and DOLORES ANN DAZEY,
their heirs or assigns, against every person whomsoever lawfully claim-
ing, or to claim, the same or any part thereof.

Executed and delivered this 27th day of May, 1964.

_Dewey W. Walden_
DEWEY W. WALDEN

THE STATE OF TEXAS

COUNTY OF AUSTIN

BEFORE ME, the undersigned Notary Public in and for Austin
County, Texas, on this day personally appeared DEWEY W. WALDEN, a
single man, known to me to be the person whose name is subscribed to

Vol. 274
Page 681

the foregoing instrument, and he acknowledged to me that he executed

the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27th day of

_May_____, 1964.

Notary Public in and for
Austin County, Texas

My commission expires June 1, 1965.

| Filed for Record on the 27th day of | May, | A. D. 19 64 , at 10:12o'clock A.M. |
| Duly Recorded this the 27th day of | May, | A. D. 19 64 , at 2:12o'clock P.M. |

LAWRENCE DITTERT, County Clerk
Austin County, Texas

By _____ Deputy

(File No. 229 - Lease - John Steker, et al, with Roy Meinecke)

THE STATE OF TEXAS  }

COUNTY OF AUSTIN  }

This contract made and entered into this day and between
JOHN STEKER of Austin County, Texas, and LLOYD G. STEKER of Austin
County, Texas, parties of the first part, and ROY MEINECKE of Austin
County, Texas, party of the second part,

W I T N E S S E T H:

That the parties of the first part, for and in consideration
of the covenants and agreements hereinafter mentioned to be kept and
performed by the party of the second part, have DEMISED AND LEASED to
the party of the second part all those certain tracts or parcels of
land lying and being situated in Austin County, Texas, and described
as follows, to-wit:

All those certain tracts or parcels of land situated
in Austin County, Texas, on Buffalo Creek, and being part
of the J. Fitzgibbons League and part of the Rufus H.
Brewer's & Mary E. Brewer's estate as partitioned among
the heirs of Mary E. Brewer, deceased, as appears from
those on at pages 348-9, of the succession records of
Austin County, Texas, and described as "FIRST TRACT"
containing 92-1/2 acres of land, "SECOND TRACT" con-
taining 19-1/2 acres of land, and "THIRD TRACT" con-
taining 10 acres of land, as described by metes and
bounds in a deed from John Steker, et al, to Lloyd G.
Steker, et al, dated May 25, 1954, and recorded in
Vol. 270 at pages 163-64, of the Deed Records of Aus-
tin County, Texas, to which said deed and its record
reference reference is here made for all intents, pur-
poses and descriptions.

TO HAVE AND TO HOLD the above described premises with all

Vol 274
Page 681

## Susan Rosinski

**From:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Sent:** Tuesday, August 6, 2019 2:41 PM
**To:** Susan Rosinski
**Subject:** RE:

Oh, very good idea!



**Deanne Gonzalez**
Deed Processor II
dgonzalez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f in      www.bisconsultants.com

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Tuesday, August 6, 2019 2:38 PM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Subject:** RE:

Thank you for the opinion. I agree.

We have also decided to forward all the info we sent to BIS to our attorneys for a ruling.

**From:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Sent:** Tuesday, August 6, 2019 2:34 PM
**To:** Susan Rosinski <srosinski@austincad.org>
**Cc:** Hector Gomez <hgomez@bisconsultants.com>
**Subject:** RE:

Hi Susan,

I got with Hector on this and this is what we can do and what should be done.

The way it's currently drawn is correct. The plat you provided has the streets cut out. If the taxpayer wants this all merged together, he/she needs to go to the proper authorities and have them formally vacate the streets. Because technically, if they (the city/county) wanted to, they could go in there and put streets up since the tax payer doesn't officially own the land. The plat you attached even says the acreage amount MINUS the acreage amount for the streets.

However, IF you want us to merge them together, we can. And this might make the district more money since you'd be taxing more acreage.

I hope this makes sense and helps you with your decision. Please let me know if there's anything more you need! 😊



**Deanne Gonzalez**
Deed Processor II
dgonzalez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f in     www.bisconsultants.com

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Monday, August 5, 2019 11:00 AM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Subject:**

Good morning, Deanna.

We received the attached plat from a taxpayer.  We have not mapped it as a whole because the taxpayer does not own the streets.  I have also verified recently with the Town of San Felipe that taxpayer does not own streets.  He wants it mapped as a whole.  Any opinions on this?

Email Corresponder

**Susan Rosinski**

| From: | Deanne Gonzalez <dgonzalez@bisconsultants.com> |
|---|---|
| Sent: | Tuesday, August 6, 2019 2:34 PM |
| To: | Susan Rosinski |
| Cc: | Hector Gomez |
| Subject: | RE: |

Hi Susan,

I got with Hector on this and this is what we can do and what should be done.

The way it's currently drawn is correct. The plat you provided has the streets cut out. If the taxpayer wants this all merged together, he/she needs to go to the proper authorities and have them formally vacate the streets. Because technically, if they (the city/county) wanted to, they could go in there and put streets up since the tax payer doesn't officially own the land. The plat you attached even says the acreage amount MINUS the acreage amount for the streets.

However, IF you want us to merge them together, we can. And this might make the district more money since you'd be taxing more acreage.

I hope this makes sense and helps you with your decision. Please let me know if there's anything more you need! 😊



**Deanne Gonzalez**
Deed Processor II

dgonzalez@bisconsultants.com
(800)247-9045

14802 Venture Dr.
Farmers Branch, TX 75234

f in        www.bisconsultants.com

From: Susan Rosinski <srosinski@austincad.org>
Sent: Monday, August 5, 2019 11:00 AM
To: Deanne Gonzalez <dgonzalez@bisconsultants.com>
Subject:

Good morning, Deanna.

We received the attached plat from a taxpayer. We have not mapped it as a whole because the taxpayer does not own the streets. I have also verified recently with the Town of San Felipe that taxpayer does not own streets. He wants it mapped as a whole. Any opinions on this?

*Email Correspondenc*

**Susan Rosinski**

| | |
|---|---|
| From: | Hector Gomez <hgomez@bisconsultants.com> |
| Sent: | Monday, August 5, 2019 3:51 PM |
| To: | Deanne Gonzalez |
| Cc: | Susan Rosinski |
| Subject: | RE: |

How does the legal read on this? does it mention anything about the streets being vacated?

Thank you,



**Hector Gomez**
GIS Manager
hgomez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f  in        www.bisconsultants.com

---

From: Deanne Gonzalez <dgonzalez@bisconsultants.com>
Sent: Monday, August 5, 2019 3:12 PM
To: Hector Gomez <hgomez@bisconsultants.com>
Cc: !AustinCad-SusanRosinski <srosinski@austincad.org>
Subject: FW:

Hi Hector,

Can I please get your thoughts on this. You can see from the aerial there aren't any existing streets however the plat has the streets cut out. How do you think we should proceed?

Thanks,
Dee

*Email Correspondence*



**Deanne Gonzalez**
Deed Processor II
dgonzalez@bisconsultants.com
(800)247-9045

14802 Venture Dr.
Farmers Branch, TX 75234

f in   www.bisconsultants.com

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Monday, August 5, 2019 11:00 AM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Subject:**

Good morning, Deanna.

We received the attached plat from a taxpayer.  We have not mapped it as a whole because the taxpayer does not own the streets.  I have also verified recently with the Town of San Felipe that taxpayer does not own streets.  He wants it mapped as a whole.  Any opinions on this?

Email Correspondenc

## Susan Rosinski

| | |
|---|---|
| From: | Deanne Gonzalez <dgonzalez@bisconsultants.com> |
| Sent: | Monday, August 5, 2019 3:58 PM |
| To: | Hector Gomez |
| Cc: | Susan Rosinski |
| Subject: | RE: |
| Attachments: | Austin McAl.PNG |

For 14042 It says "San Felipe BLDG ADDN, Lot 139-141, 184-186"

(please see attachment)



**Deanne Gonzalez**
Deed Processor II
dgonzalez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f in     www.bisconsultants.com

---

**From:** Hector Gomez <hgomez@bisconsultants.com>
**Sent:** Monday, August 5, 2019 3:51 PM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Cc:** !AustinCad-SusanRosinski <srosinski@austincad.org>
**Subject:** RE:

How does the legal read on this? does it mention anything about the streets being vacated?

Thank you,

*Email Correspondence*



**Hector Gomez**
GIS Manager
hgomez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f in   www.bisconsultants.com

**From:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Sent:** Monday, August 5, 2019 3:12 PM
**To:** Hector Gomez <hgomez@bisconsultants.com>
**Cc:** !AustinCad-SusanRosinski <srosinski@austincad.org>
**Subject:** FW:

Hi Hector,

Can I please get your thoughts on this. You can see from the aerial there aren't any existing streets however the plat has the streets cut out. How do you think we should proceed?

Thanks,
Dee



**Deanne Gonzalez**
Deed Processor II
dgonzalez@bisconsultants.com
(800)247-9045
14802 Venture Dr.
Farmers Branch, TX 75234

f in   www.bisconsultants.com

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Monday, August 5, 2019 11:00 AM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Subject:**

Good morning, Deanna.

We received the attached plat from a taxpayer. We have not mapped it as a whole because the taxpayer does not own the streets. I have also verified recently with the Town of San Felipe that taxpayer does not own streets. He wants it mapped as a whole. Any opinions on this?

Email Correspondence.

## Susan Rosinski

| | |
|---|---|
| **From:** | Deanne Gonzalez <dgonzalez@bisconsultants.com> |
| **Sent:** | Monday, August 5, 2019 3:12 PM |
| **To:** | Hector Gomez |
| **Cc:** | Susan Rosinski |
| **Subject:** | FW: |
| **Attachments:** | 20190805111226792.pdf; Austin 14042.PNG |

Hi Hector,

Can I please get your thoughts on this. You can see from the aerial there aren't any existing streets however the plat has the streets cut out. How do you think we should proceed?

Thanks,
Dee



**Deanne Gonzalez**
Deed Processor II

dgonzalez@bisconsultants.com
(800)247-9045

14802 Venture Dr.
Farmers Branch, TX 75234

f in          www.bisconsultants.com

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Monday, August 5, 2019 11:00 AM
**To:** Deanne Gonzalez <dgonzalez@bisconsultants.com>
**Subject:**

Good morning, Deanna.

We received the attached plat from a taxpayer. We have not mapped it as a whole because the taxpayer does not own the streets. I have also verified recently with the Town of San Felipe that taxpayer does not own streets. He wants it mapped as a whole. Any opinions on this?

Email Correspondence



01/28/2006 10:04 FAX 979 885 0909    BELLVILLE ABSTRACT SEALY + APPRAISAL DISTRI    ☐002

Exhibit 2, pg. 36 of 159

PARK ROAD NO. 38

From McAllister

JANUARY 11, 2006

P.O.B.

ANTONIO MARTINEZ

GUADALUPE STREET

.53
2.658
3.45

rds

**SURVEY NOTES**
1. ALL BEARINGS ARE BASED ON THE LINE AS REFERENCED ON THIS PLAT AND DESCRIBED ON A SURVEY MADE BY D.R. MUZZY, DATED MAY 2, 1965.
2. THIS PROPERTY IS SHOWN TO BE INSIDE (ZONE X) OF THE FLOOD HAZARD BOUNDARY AREA AS SHOWN ON FEMA FIRM MAP NO. 48016C0200 C, EFFECTIVE DATE OF JANUARY 17, 1990.
3. APPARENT VISIBLE EASEMENTS HAVE BEEN SHOWN.
4. FIELD NOTES TO ACCOMPANY THIS PLAT.

**SURVEY PLAT**
OF A SURVEY OF 3.188 TOTAL ACRES, LESS 0.53 ACRE IN ROAD, LEAVING A NET ACREAGE OF 2.658 ACRES OF LAND, AND A 12.098 TOTAL ACRE TRACT, LESS 2.92 ACRES IN ROAD, LEAVING A NET ACREAGE OF 9.178 ACRES OUT OF THE OLD TOWN OF SAN FELIPE DE AUSTIN, AUSTIN COUNTY, TEXAS. SAID 3.188 ACRE TRACT BEING ALL OF LOTS 199-201, AND ALL OF LOTS 250-252, AND A PART OF FOURTH STREET, AS DESCRIBED IN A DEED DATED MAY 27, 1964, AND RECORDED IN VOLUME 274, PAGE 681, AUSTIN COUNTY DEED RECORDS. SAID 12.098 ACRE TRACT BEING ALL OF LOTS 139-144, ALL OF LOTS 181-186, AND ALL OF LOTS 202-204, ALL OF LOTS 247-249, AND ALL OF LOTS 268-270, AS DESCRIBED IN THE ABOVE SAID DEED AND ALSO IN A DEED DATED APRIL 5, 1956 TO DEWEY W. WALDEN, RECORDED IN VOLUME 231, PAGE 504, OF THE DEED RECORDS OF AUSTIN COUNTY, TEXAS.

I, LEONARD W. FRANK, DO HEREBY CERTIFY THAT THIS SURVEY WAS THIS DAY MADE ON THE GROUND, UNDER MY SUPERVISION AND IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. THIS SURVEY SUBSTANTIALLY COMPLIES WITH THE CURRENT TEXAS SOCIETY OF PROFESSIONAL SURVEYORS STANDARDS AND SPECIFICATIONS FOR A CATEGORY 1A, CONDITION II SURVEY.

STATE OF TEXAS
REGISTERED
LEONARD W. FRANK
1669
LAND SURVEYOR

SCALE: 1" = 200 FEET
100  0  100  200  300  400  500  600

**BOUNDARY SURVEY OF TWO TRACTS**
**OUT OF THE OLD TOWN OF SAN FELIPE**
**AUSTIN COUNTY, TEXAS**

2205 WALNUT STREET
COLUMBUS, TX 78934
979.733.5114

FRANK SURVEYING COMPANY

COPYRIGHT 2006
ALL RIGHTS RESERVED

| | |
|---|---|
| SCALE: 1" = 200' | DRAWN BY: MATT LOEKKEN | REV: |
| | PROJECT NO: 05-143A | SHEET 1 OF 1 |
| FIELD CREW: RWF/JWD | CHECKED BY: LWF | COMPUTATION: WGL |



Austin CAD Web Map

**Susan Rosinski**

| | |
|---|---|
| **From:** | Barbara Lunsford |
| **Sent:** | Wednesday, September 4, 2019 2:47 PM |
| **To:** | Susan Rosinski; Peggy Jurek |
| **Subject:** | FW: Kent McAllister accounts |
| **Attachments:** | W_VacatingStreetsFINAL.pdf |

From Kyle...

Barbie Lunsford, RPA
Administrative Assistant



**Austin County Appraisal District**
979-865-9124 ext. 19
906 E Amelia St
Bellville TX 77418

**From:** Kyle Dickson <kdickson@pbfcm.com>
**Sent:** Wednesday, September 4, 2019 2:42 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Subject:** RE: Kent McAllister accounts

Hi Barbie — I think this has some helpful info about requirements for eliminating plated but unconstructed streets.

**From:** Barbara Lunsford <blunsford@austincad.org>
**Sent:** Wednesday, September 4, 2019 1:57 PM
**To:** Kyle Dickson <kdickson@pbfcm.com>
**Subject:** RE: Kent McAllister accounts

Thank you.

Barbie Lunsford, RPA
Administrative Assistant



**Austin County Appraisal District**
979-865-9124 ext. 19
906 E Amelia St
Bellville TX 77418

*Attorney Email*

**From:** Kyle Dickson <kdickson@pbfcm.com>
**Sent:** Wednesday, September 4, 2019 1:53 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Cc:** Susan Rosinski <srosinski@austincad.org>
**Subject:** RE: Kent McAllister accounts

Hi Barbie – Here is the AG opinion I mentioned on the phone.

**From:** Barbara Lunsford <blunsford@austincad.org>
**Sent:** Wednesday, September 4, 2019 10:01 AM
**To:** Kyle Dickson <kdickson@pbfcm.com>
**Cc:** Susan Rosinski <srosinski@austincad.org>
**Subject:** FW: Kent McAllister accounts

Good morning, Kyle.

Have you had a chance to look at the attached? The ladies would like to meet with Mr. McAllister the week before his ARB hearing (September 24) to try to work this out.

Let me or Susan know if you need any clarification.

Thank you.

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 19
906 E Amelia St
Bellville TX 77418

**From:** Barbara Lunsford
**Sent:** Tuesday, August 13, 2019 3:24 PM
**To:** 'Kyle Dickson' <kdickson@pbfcm.com>
**Subject:** FW: Kent McAllister accounts

Kyle,

When you have time, would you take a look at the attached, please? Below are Susan's notes. Let me know if you need any other information or clarification.

Mr. McAllister's ARB hearing is September 24.

Thank you.

**ATTORNEY GENERAL OF TEXAS**

GREG ABBOTT

August 23, 2010

The Honorable Byron Cook
Chair, Committee on Environmental Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas  78768-2910

Opinion No.  GA-0790

Re: Combining real property and improvements
on one parcel identification number or taxpayer
account for appraisal district record purposes
(RQ-0827-GA)

Dear Representative Cook:

You ask who determines whether land and improvements are combined on one single parcel identification number or taxpayer account for appraisal district[1] record purposes when the land and improvements are under common ownership.[2]

While we find no state law that directly addresses who determines whether land and improvements are combined in a single taxpayer account or parcel, we conclude on the basis of express provisions of the Tax Code that it is an administrative determination made by the chief appraiser.[3] Section 25.02 of the Tax Code provides that "[t]he appraisal records shall be in the form prescribed by the comptroller" and must include, among other things, the appraised or market value of land and the appraised value of improvements to land. TEX. TAX CODE ANN. § 25.02(a)(5)–(6) (Vernon 2008).  Section 25.03 provides that "[p]roperty shall be described in the appraisal records with sufficient certainty to identify it."  *Id.* § 25.03.  The chief appraiser, who is the chief administrator of the appraisal office, is charged with preparing the appraisal records and must exercise his administrative discretion in carrying out these and other functions set out in the Tax Code. *See id.* §§ 6.05(c) (providing that the chief appraiser is the chief administrator of the appraisal

---

[1]The Tax Code establishes an appraisal district in each county and requires each district to appraise property for each taxing unit that imposes ad valorem taxes on property in the district.  TEX. TAX CODE ANN. § 6.01(a)–(b) (Vernon 2008).

[2]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[3]You note that subsection 25.08(a) provides that, with certain exceptions, "an improvement may be *listed* in the name of the owner of the land on which the improvement is located."  TEX. TAX CODE ANN. § 25.08(a) (Vernon 2008) (emphasis added); Request Letter at 2 (asking "'who' may add the improvements to the account of the real property" under section 25.08(a)).  Because we do not understand a reference to the *listing* of separate real property components to equate to a directive about how to organize the various components of real property into taxpayer accounts or parcels, we do not believe subsection 25.08(a) addresses your question.

The Honorable Byron Cook - Page 2      (GA-0790)

office), 25.01 ("the chief appraiser shall prepare appraisal records listing all property that is taxable in the district"); *see also id.* § 25.08 (requiring chief appraiser to examine information submitted and notify owners of property whether they qualify for separate taxation of land and improvements). Organizing land and improvements into taxpayer accounts or parcels is one mechanism the chief appraiser uses in carrying out these functions. *Cf.* 34 TEX. ADMIN. CODE § 9.3001(b)(2) (2010) (Tex. Comptroller of Pub. Accounts, Appraisal Cards) (requiring appraisal districts to prepare an appraisal card that includes for each parcel of residential or commercial real estate the account number of the property).

You suggest that a real property owner may, at his discretion, render the land and improvements separately such that they "would be classified [by the appraisal district] as separate parcels of property with separate account identification numbers for the appraisal district records." Request Letter at 2. You do not provide any legal analysis to support the proposition that the chief appraiser would be bound by a taxpayer's division of land and improvements as presented in a rendition or describe the authority under which a taxpayer would be authorized to make such a division.[4]

"'Rendition' is the reporting of taxable property by the owner to the appraiser." *SLW Aviation, Inc. v. Harris County Appraisal Dist.*, 105 S.W.3d 99, 101 n.1 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Hill v. Stone*, 421 U.S. 289, 292 n.1 (1975) ("To 'render' property for taxation means to list it with the tax assessor-collector of the taxing district in question."). The Tax Code provides that "[a] person may render for taxation any property that he owns" and prescribes the information that must be included in a rendition statement. TEX. TAX CODE ANN. § 22.01(a), (c) (Vernon Supp. 2009); *see also* 34 TEX. ADMIN. CODE § 9.3031(b), (d)(1) (2010) (Tex. Comptroller of Pub. Accounts, Rendition Forms) (providing that "[a] person rendering property shall use the model form adopted by the Comptroller of Public Accounts or a form containing information which is in substantial compliance with the model form" and adopting, among others, Form 50-141, entitled "General Real Estate Rendition of Taxable Property").

The Texas Supreme Court has broadly stated that "[o]rdinarily property should be appraised as rendered." *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 876 (Tex. 1990) (citing *Electra Indep. Sch. Dist. v. Waggoner Estate*, 168 S.W.2d 645, 650 (Tex. 1943)). However, you do not identify and we did not find any instance in which this rule has been applied to a taxpayer's rendering separately land, and improvements on that land, that are under common ownership.

---

[4]We find nothing in the Tax Code that provides that a rendition is binding on a chief appraiser. On the contrary, the Tax Code provides that a chief appraiser is not bound by the taxpayer's valuation of property in the rendition. *See* TEX. TAX CODE ANN. § 25.19(a)(2) (Vernon 2008) (providing that "the chief appraiser shall deliver a clear and understandable written notice to a property owner of the appraised value of the property owner's property *if . . . the appraised value of the property is greater than the value rendered by the property owner*") (emphasis added); *cf. also Harris County Appraisal Dist. v. Reynolds*, 884 S.W.2d 526, 529 (Tex. App.—El Paso 1994, no writ) ("[T]he statute now in force does not include any prohibition against correcting the appraisal rolls to include property omitted although previously rendered by the taxpayer.").

The Honorable Byron Cook  -  Page 3      (GA-0790)

Even if the general rule does apply to a taxpayer who renders land and improvements separately, the Texas Supreme Court has made it clear that the right to have property appraised as rendered is not an immutable right. *Cherokee Water Co.*, 801 S.W.2d at 876. We find several exceptions to the general rule. A taxpayer is, for example, estopped from complaining about parcels being valued as a single unit when he himself had rendered the parcels as one unit in past years. *See French Indep. Sch. Dist. v. Howth*, 134 S.W.2d 1036, 1037–38 (Tex. 1940). Similarly, a taxpayer who renders parcels as a single unit will not be heard to complain that parcels are valued separately when he fails to appeal the valuation of all the relevant parcels. *Cherokee Water Co.*, 801 S.W.2d at 876–77.

Additionally, a property will not be assessed and valued "in accordance with the description of the property owner's rendition [if] the property [is] being used in such a manner as to make it impossible to do so." *Id.* (citing *Electra Indep. Sch. Dist.*, 168 S.W.2d at 650). For instance, *Moody-Seagraves Co. v. City of Galveston* involved two contiguous tracts of land that contained a cotton mill building and various related improvements. *Moody-Seagraves Co. v. City of Galveston*, 43 S.W.2d 967, 969–70 (Tex. Civ. App.—Galveston 1931, writ ref'd). The improvements were valued as a whole. *Id.* at 969. The court explained that "[w]hile the general rule requiring the separate valuation and assessment of separate pieces of property is well settled, . . . it is equally well settled that where separate pieces of property are occupied and used by the owner for one and the same purpose, and their separate identities and values become merged and consolidated by such use, no separate valuation and assessment is required." *Id.* at 970. Likewise, in *City of Edinburg v. Magee* the court explained that "where two or more tracts or parcels are occupied and used together by the property owner for a single purpose, such as a homestead, their separate identities become merged into one by such use, and they may be valued and assessed in solido." *City of Edinburg v. Magee*, 97 S.W.2d 983, 984 (Tex. Civ. App.—San Antonio 1936, no writ).

A rendering taxpayer is not entitled, as a matter of law, to have property appraised in accordance with a rendition. We conclude that it is the chief appraiser who must, in the first instance, analyze the rendition in light of the facts and determine how to organize the property into taxpayer accounts or parcels.

The Honorable Byron Cook  -  Page 4      (GA-0790)

## S U M M A R Y

The chief appraiser of an appraisal district determines whether land and improvements are combined into a single taxpayer account or parcel.  A taxpayer's separate rendition of land and improvements does not change this conclusion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 19
906 E Amelia St
Bellville TX 77418

**From:** Susan Rosinski <srosinski@austincad.org>
**Sent:** Friday, August 9, 2019 4:19 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Subject:** Kent McAllister accounts

From Susan:

At one time we had Kent McAllister's accounts all combined into one account - this included the Town of San Felipe's streets.

Recently we split each of the blocks out as his deeds do not include streets nor do any prior deeds.

I have included ACF #61374 where McAllister purchased several lots and ACF #061447 where McAllister purchased numerous lots. You will find attached prior deeds too.

I also included two surveys of the parcels provided by McAllister.

Mr. McAllister has protested and his reasons include property descriptions and property boundaries incorrect. As far as the boundaries I believe he wants the roads taken back in and mapped as a whole.

I do know one account needs to be changed from 2.635 acres to 2.620 acres.

Carmen suggested we have Kyle take a look at what we have and give an opinion.



Austin CAD Web Map

Loan No: 6671518
Borrower: KENT MCALLISTER

061374

Data ID: 832

**WARRANTY DEED WITH VENDOR'S LIEN**

Date: March 9, 2006

Grantor: BRENNER FAMILY LIMITED PARTNERSHIP

Grantee: KENT MCALLISTER

Consideration:

TEN AND NO/100 DOLLARS ($10.00) and other valuable consideration and notes of even date executed by Grantee payable to the order of
LONG BEACH MORTGAGE COMPANY ("Lender"),
in the amount of  $ 80,000.00   and  $ 20,000.00
the notes being secured in whole or in part by vendor's lien and superior title retained in favor of Lender in this deed and also secured by a deed of trust of even date from Grantee to MICHAEL L. RIDDLE, Trustee.

$100,000

Property (including any improvements):

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

(Page 1 of 2 Pages)

2006-03-10

Appr Yr 2017

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns, at the case may be, forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, successors and assigns, at the case may be, to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute. The vendor's lien and superior title are transferred to Lender without recourse on Grantor.

When the context requires, singular nouns and pronouns include the plural.

BRENNER FAMILY LIMITED PARTNERSHIP
—Seller

By: _____

Its: _____

State of TEXAS
County of _____

This instrument was acknowledged before me on the 10th day of March, 20____ by _____, the General Partner of BRENNER FAMILY LIMITED PARTNERSHIP on _____.

_____
Notary Public

_____
(Printed Name)

My commission expires: _____

GRANTEE/RETURN ADDRESS:

*(Page 3 of 3 Pages)*

FRANK SURVEYING CO., INC.

STATE OF TEXAS

COUNTY OF AUSTIN



**EXHIBIT "A"**

Page 1 of 1

## RESTRICTIONS

No mobile home, manufactured home, and/or modular home may be located on the Property at any time.

This restriction shall be for a term of twenty-five (25) years immediately following the date of this deed and shall be enforced by Grantor, its successor and assigns. At the end of such term, this restriction shall be of no further force or effect.

EXHIBIT "B"

FILED

06 MAR 13 PM 1: 44

*Carrie Dreyer*

COUNTY CLERK
AUSTIN COUNTY, TEXAS

061374

STATE OF TEXAS                    COUNTY OF AUSTIN

I certify that this instrument was filed on the date and time stamped hereon by me and was duly RECORDED in the OFFICIAL PUBLIC records of AUSTIN COUNTY, TEXAS

*Carrie Dreyer*

CARRIE DREYER, COUNTY CLERK
AUSTIN COUNTY, TEXAS

4

Acct#: R000014042                    2006-03-10                    Appr Yr: 201

## DEED / PROBATE / MOBILE HOME
## TRANSFER FORM

**ORIGINAL INFORMATION**

Prop ID _R14045_ (_63867_)

Name _Brenan Family Limited_
_Partnership_
_7 Falling Leaf Lane_
_Houston, Tx 77036 - 4513_

Phone _____

Legal _San Felipe Blks Adds Sot 139_
_141, 184-186, 199-201, 203-206, 207-_
_269, 250-253, 268-270_

Acres _12.666_   Map ID _145_

Situs _Artesia Martinez Street_

Last Insp _02-24-2003_ Appraiser _MM_

**NEW ACCOUNT INFORMATION**

Prop ID _R14045_ (_63872_)

Name _McAllister, Kenton_
_5906 Pine Lakes Drive_
_Katy, Tx 77493-3543_

Phone _____

Legal _Son Felipe Blks Adds_
_Lot 139-141, 184-186, 199-201, 203-_
_206, 207-269, 250-253, 268-270_

Acres _12.666_   Map ID _145_

Situs _Artesia Martinez Street_

Last Insp _02-24-2003_ Appraiser _MM_

***

_AC_

Transfer Type _NW_   File # _061447_   Deed Date _03-15-2006_

Consideration _$10 & $60,000_   Sale Type _AL_   Sale Date _03-10-2006_

MH Title # _____   _OF - Owner financed_

***

EXEMPTIONS –   ( RESET / REMOVE / APPLY )   Year _2006_

| | |
|---|---|
| Homestead _____ | DV 1,2,3,4 _____ (_45333_) |
| Over-65 _____ | Agriculture ✓ |
| Disability _____ | Other _____ |

***

REMOVE / ADD IMPROVEMENTS _____

COMMENTS _____

Date Transferred _ENTERED APR 1 1 2006_ Transferred By _AW_   Mapping – Yes or ( No )

Date Mapped _____ Mapped By _____

061447

**WARRANTY DEED**

NOTICE OF CONFIDENTIALITY RIGHTS: If you are a natural person, you may remove or strike any or all of the following information from this instrument before it is filed for record in the public records: your social security number and your driver's license number.

STATE OF TEXAS

COUNTY OF AUSTIN                    KNOW ALL MEN BY THESE PRESENTS:

THAT BRENNER FAMILY LIMITED PARTNERSHIP, a Texas limited partnership ("Grantor"), acting by and through its General Partners who are Lawrence Brenner and Louise Brenner, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration to the undersigned paid by the Grantee herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by Grantee of his one certain promissory note of even date herewith, in the principal sum of Sixty Thousand and No/100 Dollars ($60,000.00), payable to the order of Grantor, as therein provided and bearing interest at the rates therein specified, containing the usual clauses providing for acceleration of maturity and for attorney's fees, the payment of which note is secured by a Vendor's Lien herein retained and is additionally secured by a Deed of Trust, of even date herewith, to Sidney Levine, Trustee, have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY, unto KENTON J. McALLISTER, a resident of Harris County, Texas ("Grantee"), whose mailing address is 5906 Pine Lakes Drive, Katy, Texas 77493-3543, all of the following described property in Austin County, Texas (the "Property"), to-wit:

9.209 acres of land (being 12.666 acres less 3.46 acres in road) out of the Old Town of San Felipe, Austin County, Texas, being more particularly described in EXHIBIT "A" attached hereto and made a part hereof for all intents and purposes.

This conveyance is made and accepted SUBJECT TO the following:

1.    Fourth Street, Third Street and Baron De Bastrop Street as shown on survey plat dated May 28, 2009, by Frank Surveying Co., Inc.

-1-

2. An undivided ½ royalty interest reserved in the Deed from Ida Louise Fort, et al, to Dewey W. Walden, dated April 5, 1957, recorded in Volume 231, Page 504, Deed Records of Austin County.

## RESTRICTION

No mobile home, manufactured home, and/or modular home may be located on the Property at any time.

This restriction shall be for a term of twenty-five (25) years immediately following the date of this deed and shall be enforced by Grantor, its successor and assigns. At the end of such term, this restriction shall be of no further force or effect.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Grantee, his heirs, executors, administrators, successors, or assigns forever; and Grantor hereby binds itself and its successors to WARRANT AND FOREVER DEFEND all and singular the said Property unto the said Grantee, his heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

But it is expressly agreed that the Vendor's Lien, as well as the Superior Title in and to the Property, is retained against the Property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

Ad valorem taxes on the Property for 2008 having been prorated, the payment thereof is assumed by Grantee.

EXECUTED this 10th day of March, 2008.

BRENNER FAMILY LIMITED PARTNERSHIP

BY: _____
LAWRENCE BRENNER, General Partner

BY: _____
LOUISE BRENNER, General Partner

-2-

STATE OF TEXAS

COUNTY OF AUSTIN

This instrument was acknowledged before me on the 18th day of March 2008, by LAWRENCE BRENNER, General Partner, on behalf of BRENNER FAMILY PARTNERSHIP, a Texas limited partnership.



BECKY BAGLEY
Notary Public, State of Texas
My Commission Expires
09-11-2008

Notary Public, State of Texas

STATE OF TEXAS

COUNTY OF AUSTIN

This instrument was acknowledged before me on the 18th day of March 2008, by LOUISE BRENNER, General Partner, on behalf of BRENNER FAMILY PARTNERSHIP, a Texas limited partnership.

BECKY BAGLEY
Notary Public, State of Texas
My Commission Expires
09-11-2008

Notary Public, State of Texas

-3-

3



FRANK SURVEYING CO., INC.

STATE OF TEXAS

COUNTY OF AUSTIN

EXHIBIT "A"

Page 1 of 1

# LAST PAGE
# OF
# DOCUMENT

(The bottom portion of this page
is for recording purposes only)

FILED
06 MAR 16  PM 3: 09

*Carrie Gregor*
COUNTY CLERK
AUSTIN COUNTY, TEXAS

061447

STATE OF TEXAS          COUNTY OF AUSTIN

I certify that this instrument was filed on the date and time stamped hereon by me and was duly RECORDED in the OFFICIAL PUBLIC RECORDS OF AUSTIN COUNTY TEXAS.

*Carrie Gregor*
Carrie Gregor, County Clerk
Austin County, Texas



504



| | | A.D. 1951 , at 3:00 o'clock P. M. |
| Duly Recorded this the 2nd day of | May, | A.D. 1951 , at 3:46 o'clock P. M. |

LAWRENCE DITTERT, County Clerk
Austin County, Texas
By_____Deputy

(File No. 728 - Deed - Ida Louise Fort, et al, to Dewey W.Walden)

THE STATE OF TEXAS|
COUNTY OF AUSTIN|   KNOW ALL MEN BY THESE PRESENTS:  That we, Ida

Louise Fort, a widow, being the surviving wife
of Clinton Fort, deceased, of Anderson County, Texas; Emily Ellen Selman,
joined herein by my husband, H. W. Selman, of ___Sabine___ Parish,
Louisiana; Helen Blanche Hilton, joined herein by my husband, G. H.
Hilton, of Anderson County, Texas; Roy Clinton Fort, joined herein by
my wife, Loye Belle Fort, of Anderson County, Texas; and Edward E. Fort,
joined herein by my wife, Dorothy Fort, of Lubbock County, Texas (the
said Ida Louise Fort, as above stated, being the surviving widow of
Clinton Fort, deceased, and the said Emily Ellen Selman, Helen Blanche
Hilton, Roy Clinton Fort and Edward E. Fort being the children of the
said Ida Louise Fort and Clinton Fort, deceased, and we, the said Ida
Louise Fort, Emily Ellen Selman, Helen Blanche Hilton, Roy Clinton Fort
and Edward E. Fort being the sole and surviving heirs of the said Clinton
Fort, deceased); for and in consideration of the sum of Four Thousand
Five Hundred and No/100 Dollars ($4,500.00) cash to us in hand paid by
Dewey W. Walden, the receipt of which is hereby acknowledged, subject
to the reservation hereinafter set forth, have GRANTED, SOLD AND CON-
VEYED, and by these presents do GRANT, SELL AND CONVEY, unto the said
Dewey W. Walden, a single man, of Austin County, Texas, all of the
following described lots or parcels of land situated in Austin County,
Texas, to-wit:

Being out of five leagues of land originally granted to the Cor-
poration of San Felipe de Austin, and being described as follows, to-
wit:

FIRST TRACT:  Lot No. 144 situated in the old town of San Felipe
as shown by plat or map of said town of San Felipe, Texas, of record
in the Deed Records of Austin County, Texas, and being the same land
described in the deed from F. B. Magruder to Clinton Fort, dated Septem-
ber 30, 1918, and recorded in Volume 54, on page 457, of the Deed Records
of Austin County, Texas, to which map and plat and the record thereof
and to which deed and the record thereof reference is here made for all
purposes.

SECOND TRACT:  Lots Nos. 142, 141, 181, 182, 183, 202, 203, 204,
247, 248, 249, 268, 269, 270, 139, 140, 142, 184, 185, 186, 199, 200,
201, 250, 251 and 252, situated in the old town of San Felipe, as shown
by plat of said town of San Felipe, Texas, of record in the Deed Records
of Austin County, Texas, and being the same lots or parcels of land

505

described in the deed from Mrs. Kathryne Robertson, et al, to Clinton
Fort (therein written Clinton Ford), dated August 26, 1916, and recorded
in Volume 54, on page 17, of the Deed Records of Austin County, Texas,
to which said map and the record thereof and to which said deed and the
record thereof reference is here made for all purposes.

Subject to the reservation hereinafter set forth, TO HAVE AND TO
HOLD the above described premises, together with all and singular the
rights and appurtenances thereto in anywise belonging, unto the said
Dewey W. Walden, his heirs and assigns, forever.  And we and each of us
do hereby bind ourselves, our heirs, executors and administrators, sub-
ject to the reservation hereinafter set forth, to WARRANT AND FOREVER
DEFEND all and singular the said premises unto the said Dewey W. Walden,
his heirs and assigns, against every person whomsoever lawfully claiming,
or to claim the same, or any part thereof.

## RESERVATION

The grantors herein, to-wit, Ida Louise Fort, Emily Ellen Selman,
Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort, collectively
reserve unto themselves, and to their heirs and assigns, for a period
of fifteen (15) years from date hereof and so long thereafter as oil,
gas or other minerals are produced from the land herein conveyed, or
land with which the same may be pooled, an undivided one-half (1/2)
interest in and to all of the royalties payable on oil, gas or other
minerals which may be produced, saved and sold from such land, or land
with which the same may be pooled, which may become due and payable
under any present lease covering said land, if any, or which may become
due and payable under any future lease covering said land during the
tenure of this reservation, but neither the grantors, nor their heirs,
successors and assigns, shall ever be required to join with the grantee,
his heirs, successors and assigns, in the execution of an oil, gas and
mineral lease covering said land, or any part thereof, nor shall the
grantors herein, their heirs, successors and assigns, ever be entitled
to receive any of the cash bonuses or other thing of value as considera-
tion for the giving of or execution of an oil, gas or other mineral lease
covering said land, nor shall the grantors herein, their heirs, successors
and assigns, ever be entitled to receive any of the rentals or renewals
or other thing of value paid to keep any oil, gas or other mineral lease
in force or effect, provided that the grantee herein, his heirs, successors
and assigns, shall never execute an oil, gas or other mineral lease
covering said land which does not provide for a royalty of at least one-
eighth (1/8th) on oil and gas, a royalty of at least one-tenth (1/10th)
on other minerals, and a royalty of at least One Dollar ($1.00) per long
ton on sulphur; and provided further that the grantee herein, his heirs,

506

successors and assigns, which have the right and authority to pool or
unitize such land with other land without the joinder of the grantors
herein, their heirs, successors and assigns, provided that in such event
and when such land shall be included with and developed as a part of a
unit the grantors herein, to-wit, Ida Louise Fort, Emily Ellen Selman,
Helen Blanche Hilton, Roy Clinton Fort and Edward E. Fort, their heirs,
successors and assigns, shall collectively receive one-half (1/2) of
the royalties payable on oil, gas or other minerals that may be allocated
to such land as a part of a unit, and in the event of such unitizing or
pooling of such land by the grantee herein, his heirs, successors and
assigns, the grantee herein, his heirs, successors and assigns, shall,
without the joinder of the grantors herein, their heirs, successors and
assigns, bind the royalty herein reserved without the necessity of the
grantors herein, their heirs, successors and assigns, joining in such
unitizing or pooling program; provided further, however, that if there
is no production from said land, or land with which the same may be
pooled or unitized, at the expiration of fifteen (15) years from date
hereof, then and in that event this reservation shall terminate and the
royalties herein reserved shall thereupon be and become the property of
the grantee herein, his heirs, successors and assigns.

WITNESS our hands this 6th day of April, A. D., 1957.

_Ida Louise Fort_                          _Emily Ellen Selman_
Ida Louise Fort                            Emily Ellen Selman

_Helen Blanche Hilton_                     _H. W. Selman_
Helen Blanche Hilton                       H. W. Selman

_C R Hilton_                               _Roy Clinton Fort_
C. R. Hilton                               Roy Clinton Fort

_Edward E. Fort_                           _Lora Belle Fort_
Edward E. Fort                             Lora Belle Fort

_Dorothy Fort_
Dorothy Fort

THE STATE OF TEXAS)
COUNTY OF AUSTIN)    Before me, the undersigned authority, on this day
personally appeared Ida Louise Fort, a feme sole,
scribed to the foregoing instrument, and acknowledged to me that she
executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this the 6th day of May,
A. D., 1957.

_Orhi Belle Meyer_
Notary Public, Austin County, Texas

THE STATE OF LOUISIANA)
PARISH OF _Caddo_)    Before me, the undersigned authority, on this
day personally appeared H. W. Selman and wife,
Emily Ellen Selman, both known to me to be the
persons whose names are subscribed to the foregoing instrument, and ack-
nowledged to me that they each executed the same for the purpose and
consideration therein expressed. And the said Emily Ellen Selman, wife
of the said H. W. Selman, having been examined by me privily and apart
from her said husband, and having the same fully explained to her, she,

507

the said Emily Ellen Salmon, acknowledged such instrument to be her act
and deed, and declared that she had willingly signed the same for the
purposes and consideration therein expressed, and that she did not wish
to retract it.

Given under my hand and seal of office, this the ____ day of April,
A. D., 1957.

_____
Notary Public, _____ Parish,
_____, Louisiana.

THE STATE OF TEXAS |
                   |
COUNTY OF ANDERSON |

Before me, the undersigned authority, on this day
personally appeared O. R. Wilton and wife, Blanch
Wilton, both known to me to be the persons
whose names are subscribed to the foregoing instrument, and acknowledged
to me that they each executed the same for the purposes and consideration
therein expressed. And the said Blanch Wilton, wife of the said
O. R. Wilton, having been examined by me privily and apart from her said
husband, and having the same fully explained to her, she, the said Blanch
Wilton, acknowledged such instrument to be her act and deed, and
declared that she had willingly signed the same for the purposes and con-
sideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the 24th day of April,
A. D., 1957.

_____
Notary Public, Anderson County, Texas.

THE STATE OF TEXAS |
                   |
COUNTY OF ANDERSON |

Before me, the undersigned authority, on this day
personally appeared Roy Clinton Fort and wife, Lora
Belle Fort, both known to me to be the persons whose
names are subscribed to the foregoing instrument, and acknowledged to me
that they each executed the same for the purposes and consideration therein
expressed. And the said Lora Belle Fort, wife of the said Roy Clinton Fort,
having been examined by me privily and apart from her said husband, and
having the same fully explained to her, she, the said Lora Belle Fort,
acknowledged such instrument to be her act and deed, and declared that
she had willingly signed the same for the purposes and consideration
therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the 24th day of April,
A. D., 1957.

_____
Notary Public, Anderson County, Texas.

THE STATE OF TEXAS |
                   |
COUNTY OF LUBBOCK  |

Before me, the undersigned authority, on this day
personally appeared Edward E. Fort and wife, Dorothy
Fort, both known to me to be the persons whose names
are subscribed to the foregoing instrument, and acknowledged to me that
they each executed the same for the purposes and consideration therein
expressed. And the said Dorothy Fort, wife of the said Edward E. Fort,
having been examined by me privily and apart from her said husband, and
having the same fully explained to her, she, the said Dorothy Fort, ack-
nowledged such instrument to be her act and deed, and declared that she
had willingly signed the same for the purposes and consideration therein
expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this the 16 day of April,
A. D., 1957.

_____
Notary Public, Lubbock County, Texas.

Filed for Record on the 21st day of ____ A. D. 19.57. at 3:50 o'clock P.M.

Duly Recorded the the 4th day of ____ A. D. 19.57. at 11:50 o'clock P.M.

LAWRENCE DITTERT, County Clerk
By _____ Austin County, Texas _____ Deputy

54/457



same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 23 day of Dec. A. D. 1918.

(seal)                          Jno. C. Katojka, Notary Public, Austin Co. Tex.

The State of Texas,}

County of Austin. }  Before me, Jno. C. Katojka a Notary Public in and for Austin County, Texas, on this day personally appeared Chas. Brannicky and Mary Brannicky his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed and the said Mary Brannicky wife of the said Chas. Brannicky having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Mary Brannicky acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this 23 day of Dec. A. D. 1918.

(seal)                          Jno. C. Katojka, Notary Public, Austin Co. Tex.

Filed for record this 27 day of Jan., A. D. 1919 at 1:00 o'clock P.M., and recorded at 2:15 o'clock P.M. June 28th, A. D. 1919, Kd. Kalla Clerk, C.C.A.C.T. By Emma C Colline Deputy.

(413. Deed. F. B. Magruder   to   Clinton Fort.)

The State of Texas,}

County of Tarrant. }  Know All Men by These Presents: That I, F. B. Magruder, a single man of the County of Tarrant State of Texas, in consideration of the sum of Twenty Dollars paid by Clinton Fort, of Austin County, Texas, the receipt of which is hereby fully acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Clinton Fort of the County of Austin and State of Texas all that certain lot, tract or parcel of land lying and being situated in the old town of San Felipe and being lot number 144 in block number___ as shown by plat of said town of San Felipe, Texas, of record in deed records of Austin County, Texas, to which reference is hereby made for all purposes. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Clinton Fort and his heirs and assigns forever. And I do hereby bind myself and heirs, executors and administrators, to warrant and forever defend all and singular, the said premises unto the said Clinton Fort and his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

Witness my hand at Fort Worth, Texas this 20th day of September A. D. 1918.

The State of Texas,}                     (signed) F. B. Magruder.

County of Tarrant. }  Before me, H. C. Gossett a Notary Public in and for Tarrant County, Texas, on this day personally appeared Dr. F. B. Magruder, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that He executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 20th day of September, A. D. 1918.

(seal)                          H. C. Gossett, A Notary Public in and for Tarrant County, Texas.

Filed for record the 28th  day of January, A. D. 1919 at 9:00 o'clock A.M., and recorded at 2:15 o'clock P.M. January 28th, A. D. 1919, Kd. Kalla Clerk, C. C. A. C. T. By Emma C Colline Deputy.



(15.)

for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 24 day of August, 1917.

(Seal)          Jas. G. Scott Notary Public, Hill Co., Texas.

Filed for record at 8:00 o'clock A.M., September 2nd., A.D., 1918, and recorded at 11:45 o'clock A.M., September 6th., A.D., 1918.  E. A. Battle Clerk Co.Court, Austin Co., Texas.

(16. Deed.  Kate Robertson, et al., to Clinton Ford.)
(\$1.50 Revenue stamps attached and cancelled.)

The State of Texas, )
County of Austin, )    Know all Men by these Presents: That we, Mrs. Katheryne Robertson a feme sole, and daughter, Miss Willie Fay Robertson, a feme sole, residents of the county of Austin State of Texas for and in consideration of the sum of One Thousand Two Hundred and no/100 Dollars, to us in hand paid by Clinton Ford as follows, to-wit:- The sum of One Thousand Two Hundred Dollars cash in hand paid, the receipt whereof is hereby fully acknowledged, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said Clinton Ford of the County of Austin State of Texas all that certain Lots or land as follows, to-wit: Lots Nos. 142, 143, 161, 162, 163, 202, 203, 204, 247, 248, 249, 250, 269, 270, 139, 140, 141,124, 185, 186, 199, 200, 201, 230, 231 and 232 of the San Felipe Town as shown upon the map of the plan of the said town, all in Austin County, Texas. Being the same property and premises set apart to said Mrs. Katheryne Robertson, and daughter, Willie Fay Robertson, by decree of the Austin County District Court, June 25th, A.D. 1901, and of record in Vol. L pages 54-55-56-57 and 58, in cause No. 3543 upon the docket of the said Court, to which reference is here made for further designation and description of said several lots. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Clinton Ford, his heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said Clinton Ford, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Witness our hands at Sealy, Texas this 26th day of August A.D. 1918.

Witnesses at Request of Grantor          (signed)  Katheryne Robertson

                                                  Willie Fay Robertson

The State of Texas, )
County of Austin   )   Before me, the undersigned authority, a Notary Public in and for Austin County, Texas, on this day personally appeared Mrs. Katheryne Robertson and Miss Willie Fay Robertson known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, this 26th day of August A.D. 1918.

(Seal) 1537          C. C. Glenn Notary Public, Austin County, Texas.

Filed for record at 8:00 o'clock A.M., September 2" A.D., 1918, and recorded at 2:00 o'clock P.M., September 16th., A.D., 1918.

                    E. A. Battle, Clerk Co.Court, Austin Co. Texas.

he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 26th day of May, A. D., 1964.

*Winona Heitmann*
Notary Public in and for Austin County, Texas

Filed for Record on the 26th day of ____ May, ____ A. D. 19.64 , at 1:40 o'clock P. M.

Duly Recorded this the 27th day of ____ May, ____ A. D. 19.64 , at 8:18 o'clock P. M.

LAWRENCE DITTERT, County Clerk
Austin County, Texas

By _____ Deputy

(File No. 221)

THE STATE OF TEXAS  )
                     )  KNOW ALL MEN BY THESE PRESENTS:
COUNTY  OF  AUSTIN   )

That I, DEWEY W. WALDEN, a single man, of the County of Austin, State of Texas, for and in consideration of the sum of Ten Dollars ($10.00) cash and other good and valuable consideration to me in hand paid by WILLIAM B. DAZEY and wife, DOLORES ANN DAZEY, the receipt of which I do hereby acknowledge and confess, and in further consideration of the execution by the said WILLIAM B. DAZEY and DOLORES ANN DAZEY of their one certain promissory note, of even date herewith, in the principal sum of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00), bearing interest from date at the rate of six per cent. (6%) per annum, payable to the order of DEWEY W. WALDEN at Citizens State Bank, Sealy, Texas in monthly installments of principal of not less than One Hundred Dollars ($100.00) monthly, accrued interest to be paid simultaneously with and in addition to the said installment payments of principal, the first of which installments to become due and payable on or before July 1, 1964, and a like installment to become due and payable on or before the first day of each and every succeeding calendar month thereafter until the full sum of principal and interest is paid, the said promissory note providing that all past installments of principal shall bear interest at the rate of ten per cent. (10%) per annum and all past due interest to bear interest at the maximum legal rate, and further granting and giving to the holder thereof, at holder's option, the right to accelerate the payment of all amounts of principal and accrued interest in the event of default and to declare the entire amount unpaid on said note immediately due and payable in event of such default, and the said note further providing that, in the event of default, if the note is placed in the hands of an attorney for collection, the makers are to pay a sum equal to ten per cent. (10%) of the amount of principal and interest then due as agreed and stipulated attorney's fees, the said

682



683

the same for the purposes and consideration ...... expressed.

GIVEN UNDER MY HAND AND SEAL ...... day of

May ...... 1964.

in and for
...... Texas

My commission expires June 1, 1965.

Filed for Record on the 27th day of ...... May ...... A.D. 1964, at 10:55 o'clock A.M.

Duly Recorded this the 27th day of ...... May ...... A.D. 1964, at 11:50 o'clock P.M.

LAURENCE DITTERT, County Clerk
Austin County, Texas

...... Deputy

(File No. A23 - Lease - John Stokes, et al, with Roy Meinecke)

THE STATE OF TEXAS )
COUNTY OF AUSTIN )

This contract made and entered into this day by and between

JOHN STOKES of Austin County, Texas, and LLOYD G. STOKES of Austin

County, Texas, parties of the first part, and ROY MEINECKE of Austin

County, Texas, party of the second part,

W I T N E S S E T H:

That the parties of the first part, for and in consideration

of the covenants and agreements hereinafter mentioned to be kept and

performed by the party of the second part, have DEMISED AND LEASED to

the party of the second part all those certain tracts or parcels of

land lying and being situated in Austin County, Texas, and described

as follows, to-wit:

All those certain tracts or parcels of land situated
in Austin County, Texas, on Buffalo Creek, and being part
of the J. Fitzgibbons League and part of the Rufus H.
Brewer's & Mary E. Brewer's estate as partitioned among
the heirs of Mary E. Brewer, deceased, as appears from
Book Q, on pages 348-9, of the Succession Records of
Austin County, Texas, and described as "FIRST TRACT"
containing 92-1/2 acres of land, "SECOND TRACT" con-
taining 12-1/2 acres of land, and "THIRD TRACT" con-
taining 32 acres of land, as described by metes and
bounds in a deed from John Stokes, et ux, to Lloyd G.
Stokes, et al, dated July 27, 1955, and recorded in
Vol. 221, on pages 146-50, of the Deed Records of Aus-
tin County, Texas, to which said deed and the record
thereof reference is here made for all intents, pur-
poses and descriptions.

TO HAVE AND TO HOLD the above described premises with all



BOUNDARY SURVEY OF TWO TRACTS
OUT OF THE OLD TOWN OF SAN FELIPE
AUSTIN COUNTY, TEXAS
FRANK SURVEYING COMPANY
SCALE: 1" = 200 FEET
SURVEY NOTES
SURVEY PLAT
GUADALUPE STREET
ANTONIO MARTINEZ
PARK ROAD NO. 38
P.O.B.
JANUARY 11, 2008

*Use this*

**SURVEY NOTES**
1. ALL BEARINGS ARE BASED ON THE LINE AS REFERENCED ON THIS PLAT AND DESCRIBED ON A SURVEY MADE BY D.R. MUZZY, DATED: MAY 2, 1985.
2. THIS PROPERTY IS SHOWN TO BE INSIDE (ZONE X) OF THE FLOOD HAZARD BOUNDARY AREA AS SHOWN ON FEMA FIRM MAP NO. 48019C0200 C, EFFECTIVE DATE OF JANUARY 17, 1990.
3. APPARENT VISIBLE EASEMENTS HAVE BEEN SHOWN.
4. FIELD NOTES TO ACCOMPANY THIS PLAT.

**SURVEY PLAT**
OF A SURVEY OF 2.620 TOTAL AND A 12.666 TOTAL ACRE TRACT, LESS 1.18 ACRES IN ROAD, LEAVING A NET ACREAGE OF 9.209 ACRES OUT OF THE OLD TOWN OF SAN FELIPE DE AUSTIN, AUSTIN COUNTY, TEXAS. SAID 2.620 ACRE TRACT BEING ALL OF LOTS 142-144, AND ALL OF LOTS 181-183, AS DESCRIBED IN A DEED DATED MAY 27, 1964, AND RECORDED IN VOLUME 274, PAGE 481, AUSTIN COUNTY DEED RECORDS. SAID 12.666 ACRE TRACT BEING ALL OF LOTS 139-141, ALL OF LOTS 184-186, AND ALL OF LOTS 199-204, ALL OF LOTS 247-252, AND ALL OF LOTS 266-270, AND ALSO A PART OF THIRD STREET, A PART OF BARON DE BASTROP STREET AND A PART OF FOURTH STREET AS DECRIBED IN THE ABOVE SAID DEED AND ALSO IN A DEED DATED APRIL 5, 1988 TO DEWEY W. WALDEN, RECORDED IN VOLUME 231, PAGE 504, OF THE DEED RECORDS OF AUSTIN COUNTY, TEXAS.

I, LEONARD W. FRANK, DO HEREBY CERTIFY THAT THIS SURVEY WAS THIS DAY MADE ON THE GROUND, UNDER MY SUPERVISION AND IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. THIS SURVEY SUBSTANTIALLY COMPLIES WITH THE CURRENT TEXAS SOCIETY OF PROFESSIONAL SURVEYORS STANDARDS AND SPECIFICATIONS FOR A CATEGORY 1A, CONDITION IV SURVEY.

LEONARD W. FRANK
No. 1669

SCALE: 1" = 200 FEET

...RY SURVEY OF TWO TRACTS
...E OLD TOWN OF SAN FELIPE
...USTIN COUNTY, TEXAS

FRANK SURVEYING COMPANY

DRAWN BY: MATT LOESSIN

# VACATING STREETS AND PUBLIC ACCESS EASEMENTS

**REID C. WILSON**

Wilson, Cribbs & Goren, P.C.

2500 Fannin

Houston, Texas 77002

Telephone: (713) 222-9000

Telecopier: (713) 229-8824

Email: rwilson@wcglaw.net

All rights reserved Reid C. Wilson

Texas Land Title Association

December 8-9, 2016

San Antonio, TX

W_VacatingStreetFINAL

Attorney's Attachment

Kent McAllister
223 Park Road 38
Sealy, Texas 77474



December 2, 2021

Mr. Greg Cook
Austin County Appraisal District
906 E Amelia Street
Bellville, Texas 77418

Mr. Greg Cook,

I was notified in or around 2017 that my property account had been divided into 5 accounts due
to a "discovery" made by appraisal district staff during a "review" of my property.

I have made several attempts to correct the record over the last few years, but have been unable
to resolve the false assertion by the appraisal district that I do not own portions of my property. I
was forced to stop the construction of my barn, which is located in the middle of a paper street
due to the claim of non-ownership. I was also forced to hire a researcher to defend the
unwarranted accusations used by the appraisal district to make their determinations. The
researcher discovered the quitclaim deed for all of the lots and easements provided by the Town
of San Felipe to the property owner during a previous transfer of property ownership. This
information was found with the same documents referenced in the property survey discussed
during the appraisal districts insistence of non-ownership.

The recorded survey states, A survey of 2.620 Total AND a 12.666 Total Acre tract, less 3.46
acres in road, leaving a net acreage of 9.209 acres. The survey represents two different property
descriptions. One is 2.620 acres and the other is 12.666 acres for a total of 15.286 acres. The
12.666 acre property includes 3.46 acres in roads. Leaving a net acreage of 9.209.

The survey plat notes for the 12.666 acre tract state, Said 12.666 acre tract being all of lots 139-
141, all of lots 184-186, and all of lots 199-204, all of lots 247-252, and all of lots 268-270, AND
ALSO a part of third street, a part of Baron de Bastrop Street and a part of fourth street as
described in the above said deed and also in a deed dated April 5, 1958 to Dewey W Walden,
recorded in volume 231, page 504, of the deed records of Austin County, Texas.

Although the survey, plat notes and deed records show ownership of all of the property
described, the appraisal district made the unilateral decision that the streets are not included in
the ownership of the described property.

Through a PIA request, email communications and other information was obtained for review of
my file. In the documentation, appraisal district staff stated that they had confirmed the streets

were not included in the deeded property by contacting the Town of San Felipe city secretary. There was no documentation included from the Town of San Felipe. It seems unusual that the appraisal district would contact the towns city secretary for property deed verification when deed records are maintained by the county.

Had the appraisal district checked the Austin County deed records described on the survey, they would have discovered the quitclaim resolution document from the Town of San Felipe to the property owner prior to the Deed record dated April 5, 1958 to Dewey W. Walden, recorded in volume 231, pages 501-504, of the deed records of Austin County, Texas.

I have been unable to obtain copies of the evidence of non-ownership provided to the appraisal district by the town secretary. I am also unable to find any evidence that the adjoining properties with paper streets were "reviewed" as well. It appears it was just mine. I would like to believe that appraisal district staff were not involved in targeted harassment, but I am having doubts.

I have consulted with an attorney on the matter and they have recommended that I notify you of the issue and ask for your help to correct my account before pursuing legal action. If I am unable to get resolution to this matter by December 17, 2021, I plan to pursue legal action against all parties involved.

If you have questions or require additional information, please contact me.

Thank you,

Kent McAllister
Meridian Contracting Specialists, Inc.
O-832-920-3304
C-281-961-0334
P.O. Box 418
San Felipe, TX 77473
mcallister@mcsitexas.com
meridiancontractinginc.com

From:  Meridian Contracting mcallister@mcsitexas.com
   To:  Barbara Lunsford blunsford@austincad.org
   Cc:  Greg Cook gcook@austincad.org, Michelle Mitchell mmitchell@austincad.org, Dee Lerma
         dee@abelrealty.net
  Bcc:  Cynthia Kelly cynthia.kelly@mcsitexas.com
 Date:  Mon, Jan 10, 2022, 3:31 PM

Ms. Lunsford,

Please let the attorney know that they were provided all the deed information except for the relevant
document which was excluded by appraisal staff when transmitting the documents to them. See PIA
request dated December 8, 2021, Item 6, Attorneys email. You will find the Quitclaim Resolution Deed
document excluded from the deed records.

If you check the PIA request response dated December 8, 2021, Item 3. d and e, Documents used to
determine ownership, you will find the Quitclaim Resolution Deed from the town of San Felipe to Ida
Luis Fort, Volume 231 Pages 500- 504. The one they are missing.

The Quitclaim Resolution Deed document states in part the following:
In regular meeting assembled on the 13th day of April A.D. 1957, a quorum being present, that the
Mayor of the Corporation of San Felipe de Austin, and in consideration of the premises, execute a
quitclaim deed to the above described in-lots, and that the said quitclaim deed when executed by
the Mayor shall be attested by the secretary of the Corporation of San Felipe de Austin and it's
official seal impressed there on, thereby divesting all right, title and interest that it may have in said
in-lots out of the Corporation of San Felipe de Austin...

It continues... To have and to hold, the said premises together with all the singular rights, privileges
and appurtenances thereto in any manner belonging, onto the said Ida Luis Fort, Emily Allen Selman,
Helen Blanche Hilton, Roy Clinton Fort, and Edward E Fort, there heirs and assigns, forever, and that
the Corporation of San Felipe de Austin, nor any person claiming under it, shall, at any time hereafter,
have, claim or demand any right or title to the aforesaid premises and appurtenances, or any part
thereof.

If you check PIA request dated December 8, 2021, Item 3, Please provide documents verifying
taxpayer does not own the streets provided by the Town of San Felipe.
Response- No such document exists.

If you obtain and review the PIA request submitted to the Town of San Felipe on December 13, 2021, evidence provided to Austin County appraisal District verifying the taxpayer does not own the streets, you will find the response is a copy of my property survey and no communications record. There is a clear conflict in the response as both parties have a different story. How did Ms. Foley obtain my survey anyway?

Let the attorney know that someone should take the time read the documents referenced and quit assuming they have a complete grasp of the situation.

Thank you,

Kent McAllister
281-961-0334

**From:** Barbara Lunsford <blunsford@austincad.org>
**Sent:** Monday, January 10, 2022 2:58 PM
**To:** Meridian Contracting
**Cc:** Greg Cook; Michelle Mitchell
**Subject:** RE: Response to letter dated 12-2-2021

Good afternoon, Mr. McAllister.

This is the response from our attorney: "We have reviewed the deeds that were provided and cannot conclude that the streets were included in any conveyance. In fact, it seems they were specifically excluded from them. If Mr. McAllister can show in the chain of title where the streets were conveyed that would require further review, but at this point, I cannot conclude that he is the record owner."

We are working on your recent open records requests and will contact you with cost information as each request is completed.

Thank you.

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District

979-865-9124 ext. 119

906 E Amelia St

Bellville TX 77418

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Monday, January 10, 2022 12:08 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Cc:** Greg Cook <gcook@austincad.org>; Michelle Mitchell <mmitchell@austincad.org>
**Subject:** Response to letter dated 12-2-2021

Ms. Lunsford,

I haven't received the response from the Appraisal District office as stated in your previous email. I am continuing to be harmed by the lack of corrective action by the Appraisal District and Chief Appraiser. The claim that I don't own portions of my property is baseless and the Appraisal District staff are in possession of the Quitclaim Resolution Deed document proving ownership. The document is also filed with the Austin County Clerk of Records.

Information gathered in a Public Information Request (PIA) reflects unlawful and unethical behavior by Appraisal District staff and the Town of San Felipe. I have provided the evidence that my property has received unfair treatment and continues to be disenfranchised as a result of the Appraisal Districts inaction.

I have filed a complaint with the Texas Department of Licensing and Regulation and asked that they investigate the Austin County Appraisal District and it's staff. In addition, I have been left with no choice but to pursue legal action against all parties involved to stop the harassment and unlawful actions perpetrated by the Appraisal District and Town of San Felipe.

Thank you,

Kent McAllister

281-961-0334

Exhibit 2, pg. 73 of 159

**From:** Barbara Lunsford <blunsford@austincad.org>

**Sent:** Friday, December 17, 2021 11:56 AM

**To:** Meridian Contracting

**Cc:** Greg Cook; Michelle Mitchell

**Subject:** response to letter dated 12-2-2021

Good morning, Mr. McAllister.

Mr. Cook asked me to reach out to you today regarding your letter dated December 2, 2021.  We feel many of your questions have been addressed through your open records request.  If you see we are missing something, please let us know.  We have reached out to our attorneys, who are reviewing your information.  Once a response is received from the attorneys on their findings, we will be in touch.

Please let me know if you have any questions.

Respectfully,

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 119
906 E Amelia St
Bellville TX 77418

# Town Council Meeting Comments January 11, 2022

**From:** Kent McAllister kent.mcallister@sanfelipetexas.com

**To:** Sue Foley suefoley@townofsanfelipe.net

**Cc:** BLF Info info@texasmunicipallawyers.com, **Cristian Rosas-Grillet**
Cristian@texasmunicipallawyers.com

**Bcc:** Cynthia Kelly cynthia.kelly@mcsitexas.com

**Date:** Tue, Jan 11, 2022, 4:15 PM

Ms. Foley,

Per your instructions: Anyone wanting to address the Town Council must submit their written comments by emailing the comments to: suefoley@townofsanfelipe.net

The comments must be received before 5 PM on January 11, 2022. Submitted comments will be read aloud at the meeting.

Comments:

Thank you for the opportunity to address the town council. My name is Kent McAllister and I own property on Park Road 38 in the Town of San Felipe.

A false statement was provided by the Town of San Felipe to the Austin County Appraisal district according to appraisal staff. A claim has been made by the Appraisal District that I don't own the roads within my property boundaries and that they belong to the Town of San Felipe. This false statement of fact was used as evidence against me in an Appraisal Review Board (ARB) hearing.

I am notifying you tonight that in a regular San Felipe town council meeting assembled on the 13th day of April A.D. 1957, a quorum being present, the mayor of the corporation of San Felipe de Austin, in consideration of the described premises, executed a quitclaim deed to my property.

The Corporation of San Felipe de Austin, divested all right, title and interest that it had in my property to have and to hold, the said premises together with all the singular rights, privileges and appurtenances thereto in any manner belonging, unto the said property and that the town nor any person claiming under it, shall, at anytime hereafter, have, claim or demand any right or title to the aforesaid premises and appurtenances, or any part thereof.

1 / 2

The false claim of town ownership bypasses due process and is in violation of the legal standards required by law. The town is violating it's legal obligation to defend the Quitclaim Resolution Deed and is forcing me to defend the false assertion that I don't own the roads within my property boundaries. Each of you are hereby notified of my demand that the Town of San Felipe immediately cease and desist any claim or assertion that the town owns any part of my property. I am requesting that a written confirmation of this fact is provided to the Austin County Appraisal District and myself.

If the Town of San Felipe fails to defend my rightful ownership I will take legal action against all parties involved and seek to recover damages.

Should any of you have questions or require additional information, please don't hesitate to contact me.

Thank you,

Kent McAllister

## ACAD Account 14042

**From:** **Meridian Contracting** mcallister@mcsitexas.com
**To:** **Sue Foley** suefoley@townofsanfelipe.net
**Cc:** **Rezzin Pullum** rezzin@texasmunicipallawyers.com, **Cristian Rosas-Grillet**
Cristian@texasmunicipallawyers.com
**Bcc:** **Cynthia Kelly** cynthia.kelly@mcsitexas.com
**Date:** Wed, Jan 12, 2022, 7:10 AM

Ms. Foley,

The Austin County Appraisal District has falsely claimed that I don't own portions of my property (roads) resulting in financial hardship and duress.

The Appraisal District presented contrived information as fact and omitted relevant information in an Appraisal Review Board (ARB) hearing to justify their false claim against me. The Appraisal District has been unable to produce any evidence that the Town of San Felipe confirmed that I don't own portions of my property. They also omitted the quitclaim resolution document for the property which they have in their possession.

I have provided the town with the quitclaim resolution information it needs to confirm that it does not own portions of my property. I am requesting that the Town of San Felipe promptly confirm in writing that it does not own or have a claim to any roads within my property boundaries as asserted by the Austin County Appraisal District.

Please don't hesitate to contact me if you require additional information.

Thank you,

Kent McAllister
281-961-0334

From: Meridian Contracting mcallister@mcsitexas.com

To: Barbara Lunsford blunsford@austincad.org

Cc: Greg Cook gcook@austincad.org, Michelle Mitchell mmitchell@austincad.org, Dee Lerma dee@abelrealty.net

Bcc: Cynthia Kelly cynthia.kelly@mcsitexas.com

Date: Thu, Jan 13, 2022, 10:20 AM

Ms. Lunsford,

I have read the comments you provided from the Appraisal Districts attorney and offer this response to him.

It is impossible to resolve conflicts with those who benefit from them and my response to your comments is to simply document for the court my efforts to resolve the issues before filing a lawsuit which I an now forced to do.

1. "I was provided the deeds from the City of San Felipe regarding the lots that Mr. McAllister claims are material to his assertion that he owns the acreage related to the streets surrounding his deeded lots."

The Town of San Felipe is not in possession of my deed records since deed records are maintained at the county courthouse and not the town hall. The information you have was provided by appraisal district staff which has already been established in a PIA request to the Appraisal District. The Town of San Felipe has also responded to a PIA request that shows your statement to be inaccurate.

2. "The deeds that I have read (v.231 p.500 and v.231 p502) clearly disclaim any interest in the lots, but no reference is made to the streets."

If you read Vol. 231 page 500 which is 4 pages long then you are aware that it represents two separate quitclaim resolution actions. The first one records the town councils opinion that the referenced lot's had been sold to Robertson who then conveyed to Clinton Fort after 50 years of ownership. It is dated April 13, 1957 and was filed on April 30, 1957.

The second quitclaim resolution document conveys the said premises (lots) together with and singular the rights, privileges and appurtenances thereto in any manner belonging, unto the said Ida Louise Fort and others, their heirs and assigns, forever, and that the Corporation of San Felipe de Austin, nor any person claiming under it, shall at any time hereafter, have, claim or demand any right or title to the aforesaid premises and appurtenances, or any part thereof. It is dated April 30, 1957 and was filed the same day. **The Town of San Felipe has no lawful claim to the platted streets from this day forward.**

The third quitclaim resolution document (Vol. 231, page 504, 4 pages) conveys the said premises to Dewey W. Walden from Ida Louise Fort together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Dewey W Walden, his heirs and assigns, forever. And hereby bind ourselves, our heirs, executors and administrators, subject to the reservation here and after set forth, to warrant and forever defend all and singular the said premises onto the said Dewey W Walden, his heirs and assigns, against every person whosoever lawfully claiming, or to claim the same, or any part thereof. It is dated May 2nd 1957 and was filed on the same day.

A fourth document conveys the said premises to William and Dolores Dazey from Dewey W. Walden, (Vol 274 page 681, 3 pages) on May 27, 1964. The conveyance once again states the above described premises, together with all and singular the rights, tenements, hereditaments and appurtenances thereto in anywise belonging or appertaining, unto the said William and Dolores Daisy, their heirs and the signs, forever.

The definition of appurtenances has been settled by the courts that include supreme court decisions and is not up for debate. "Appurtenances means all rights, titles, and interests of seller appurtenant to the land and improvements, including, but not limited to, all easements, rights of way, rights of ingress and egress, tenements, hereditaments, privileges, and appurtenances in any way belonging to the land or improvements, any land lying in the bed of any
alley, highway, street, road or avenue, open or proposed, in front of or abutting or adjoining the land, any strips or gores of real estate adjacent to the land, and the use of all alleys, easements and rights-of-way, if any, abutting, adjacent, contiguous to or adjoining the land."

I can produce affidavits for the court by individuals who will testify that the entire property was fully enclosed in fencing prior to 1957 as reflected in the survey and that this fact has never changed.

3. "There are no metes and bounds descriptions in either deed that would indicate the city was disclaiming any interest in the platted streets and/or that the conveyance was for anything besides the platted lots."

If you follow the survey of the metes and bounds you will find that it describes the survey line **crossing the streets** as platted. From the starting point following the survey line and tracing the perimeter boundary of the described property, the platted streets are clearly included in the property survey boundary.

The survey notes state a survey of 2.620 **Total** and a 12.666 **Total** acre tract less 3.49 acres in streets. The survey notes list each lot and then states, **And Also a part of Third street, a part of Baron de Bastrop street and a part of Fourth street.**

4. "I am not aware that the City of San Felipe has ever abandoned platted streets."

To say you are not aware of the Town of San Felipe abandoning platted streets is a play on words. I am not claiming that the town abandoned the streets since I have already established the towns recorded conveyance of the streets to the property owner in 1957 through a quitclaim resolution

document.

There are plenty of records of the town selling or otherwise conveying platted streets. The exception would be an Austin County Appraisal Review Board member, David Franklin. The streets within his property boundary and many others are not shown by the Appraisal District even though no title has been conveyed for the streets by the town. Why has his property and the many others in close proximity to mine not received the same disruptive scrutiny from you and the Appraisal District? It must be nice to enjoy the benefits of the good ol' boys club!

The historic Hill home sits in the middle of Baron de Bastrop Street directly across the street from my partially constructed barn located on the same platted street. Construction was stopped due to the false claims asserted by the Appraisal District. A structure already existed in this location when I purchased the property from Brenner which is shown on the survey. The current mayor conveyed parts of 5th Street at FM 1458 to his privately held church to build their new location, which was voted on by his first cousin who is on town council. The same council member also received a donated street for his church. Apparently you are unaware that I served on the town council and can produce dozens of legally conveyed platted streets along with several illegally obtained streets.

5. The deed from the Brenner Family LTD to Mr. McAllister appears to exclude the streets specifically since the property is described as "9.209 acres of land (being 12.666 acres less 3.46 acres in road)." The deed also makes the conveyance "SUBJECT TO" a survey plat of May 26, 2005 that references street names. Ordinarily, conveyances that are "subject to" something denotes a restriction in the conveyance, not an additional grant. In addition, the field notes of the survey claim that portions of the streets are included and give two deed references (v274, p681 and v231, p504), but those deeds only include references to platted lots and do not describe the streets.

It is irrelevant what the Brenner deed states since I have already proven that the Town of San Felipe relinquished any right or title it had to the streets within my property boundaries over 65 years ago.

The Appraisal Districts behavior has been unlawful from the beginning and it is clear I will only find relief from the harassment and financial damage by filing a lawsuit to defend my rights. As the Appraisal Districts attorney I can see how you will benefit from perpetuating the ludicrous behavior on display. Too bad the taxpayers will ultimately pay the price for the Appraisal Districts abusive and overreaching actions. I will be pursuing recovery of the economic and exemplary damages available to me under the law. I have filed a complaint with the TDLR and will ask them to review the facts of my complaint and act accordingly. I have met with and notified the Chief Appraiser of the discriminatory and unlawful behavior by Appraisal staff and he has clearly chosen not to investigate the matter thoroughly or to resolve the conflict.

If the Appraisal District would like to enter into a settlement agreement to avoid unnecessary legal fees and the additional risk to them resulting from the exemplary damages I will be entitled to, please let me know soon.

Thank you and have a great day!

Kent McAllister

**From:** Barbara Lunsford <blunsford@austincad.org>
**Sent:** Wednesday, January 12, 2022 11:45 AM
**To:** Meridian Contracting
**Subject:** RE: Open records requests dated January 4, 5, and 6, 2022

Good morning, Mr. McAllister.

Your open records requests from January 4, 5 and 6 are complete.  The total cost is $45.  The ladies up front can take your payment and will give you the thumb drive.

Our attorney sent an additional response to you letter dated December 2, 2021.  Please see below.

"I was provided the deeds from the City of San Felipe regarding the lots that Mr. McAllister claims are material to his assertion that he owns the acreage related to the streets surrounding his deeded lots. The deeds that I have read (v.231 p.500 and v.231 p502) clearly disclaim any interest in the lots but no reference is made to the streets. There are no metes and bounds descriptions in either deed that would indicate the city was disclaiming any interest in the platted streets and/or that the conveyance was for anything besides the platted lots.

I am not aware that the City of San Felipe has ever abandoned platted streets. The deed from the Brenner Family LTD to Mr. McAllister appears to exclude the streets specifically since the property is described as "9.209 acres of land (being 12.666 acres less 3.46 acres in road)." The deed also makes the conveyance "SUBJECT TO" a survey plat of May 26, 2005 that references street names. Ordinarily, conveyances that are "subject to" something denotes a restriction in the conveyance, not an additional grant. In addition, the field notes of the survey claim that portions of the streets are included and give two deed references (v274, p681 and v231, p504), but those deeds only include references to platted lots and do not describe the streets.

From the information I have been provided and have reviewed to date, I cannot conclude that Mr. McAllister owns the streets surrounding his platted lots."

Respectfully,

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 119
906 E Amelia St
Bellville TX 77418


**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, January 11, 2022 3:59 PM
**To:** Barbara Lunsford <blunsford@austincad.org>
**Subject:** Re: Open records request dated January 4, 2022

Good afternoon Ms. Lunsford,

It can all be put on a thumb drive to make it easier for everyone. Thanks for your help.

Kent McAllister


**From:** Barbara Lunsford <blunsford@austincad.org>
**Sent:** Tuesday, January 11, 2022 3:34 PM
**To:** Meridian Contracting
**Subject:** Open records request dated January 4, 2022

Good afternoon, Mr. McAllister.

The information you requested in your January 4 open records request has been compiled.  The ARB
hearing audio files are too big to email.  Would you prefer them on a thumb drive or cd?  The charge for
a cd is $1.00.  I am not sure of the current availability or price of a thumb drive.  I hope to have that

information tomorrow.

Also, would you prefer a print out of the appraisal district's ARB evidence, or should I put it on the thumb drive / cd?

Thank you.

Barbie Lunsford, RPA
Administrative Assistant



Austin County Appraisal District
979-865-9124 ext. 119
906 E Amelia St
Bellville TX 77418

street owners. (No such document exists)

4. San Felipe PIA dated December 13, 2021

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 8, 2022 6:54 AM
**To:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Subject:** Re: Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Jessica,

Thanks for the response. I will put together the information you requested and send it to you once I have it all together. Let me know if you need anything else.

Thank you,

Kent McAllister
281-961-0334

**From:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Sent:** Friday, March 4, 2022 2:52 PM
**To:** Meridian Contracting
**Subject:** Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest

4 / 5

hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

**Jessica Sanchez**

*Senior Legal Assistant*

*Enforcement Division- Intake*

*Texas Department of Licensing & Regulation*

*512-539-5625*

Jessica.Sanchez@tdlr.texas.gov

# Complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386/ Tracking #126915

**From:** Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

**To:** Meridian Contracting mcallister@mcsitexas.com

**Date:** Fri, Mar 18, 2022, 3:08 PM

Complainant Opening Letter.pdf 289 KB

Dear Kent McAllister,

Please see the attached Complainant Opening Letter regarding the complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386.

Sincerely,

**Jessica Sanchez**

*Senior Legal Assistant*

*Enforcement Division- Intake*

*Texas Department of Licensing & Regulation*

*512-539-5625*

Jessica.Sanchez@tdlr.texas.gov

Austin County Appraisal District
Appraisal Review Board
906 E. Amelia St.
Bellville, TX 77418



Telephone: 979-865-9124
Fax: 979-865-3296
e-mail: austincad@gmail.com

September 7, 2022

Kenton J McAllister
223 Park Rd 38
Sealy TX 77474

Re: Notice of Issuance of Order

Dear Property Owner / Agent,

The Austin County Appraisal District Appraisal Review Board has issued an order in your protest on the properties referenced in the enclosed documents.

A copy of this order is enclosed for your inspection.

Respectfully,

David Franklin, ARB Secretary
Austin County Appraisal Review Board

# Order Determining Protest or Notice of Dismissal

Exhibit 2, pg. 87 Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200066**
**Owner's Name: MCALLISTER KENTON J**

Property Legal Description:

Parcel/Seq: 14796/1
Account Number: R000014796

Legals: SAN FELIPE NEW ADDN BLOCK 24 LOT 6 - 8, 10 - 19

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR90724371 - MCALLISTER KENTON J concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

- **X**   incorrect appraised or market value
- **X**   unequal appraisal
- \_\_\_\_ inclusion of the property on the appraisal records
- **X**   denial in whole or in part of a partial exemption
- \_\_\_\_ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
- \_\_\_\_ determination of the appropriate damage assessment rating under Tax Code Section 11.35
- **X**   any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

- ☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

- ☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of \$_____ from the CAD land value of \$_____; and an improvement value of \$_____ from the CAD improvement value of \$_____.

- ☐ The property's market value is excessive, and the appraisal records should be changed to \$ _____ from the CAD value* of \$ _____.*

- ☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is \$20,838 ; the appraised value of the improvement is \$0; and the property's market value is \$20,838.

- ☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of \$_____ and an improvement value of \$_____.

- ☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of \$20,838 and an improvement value of \$0 .

- ☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

- ☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

- ☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of  \$ _____.

- ☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

- ☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ▶ _____     September 7, 2022

Chair, Appraisal Review Board          Date

_____

*\* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.*

on developed by: Texas Comptroller of Public Accounts, Property Tax Assistance Division

For additional copies, visit: **comptroller.texas.gov/taxes/property-tax**
50-221 • 11-21/16

Certified Mail #  9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Form 50-222

9/9/2022

| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
|---|---|---|
| County of Appraisal Review Board | Address | City, State, ZIP Code |

| MCALLISTER KENTON J | 223 PARK RD 38 | SEALY, TX 77474- |
|---|---|---|
| Name of Property Owner | Address | City, State, ZIP Code |

| 202200066 | Parcel ID: 14796 | Acct #: R000014796 |
|---|---|---|
| Case Number | Property Account Number | |

SAN FELIPE NEW ADDN BLOCK 24 LOT 6 - 8, 10 - 19

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE, OR IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

# Order Determining Protest or Notice of Dismissal

Exhibit 2, pg. 89 Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200081**
**Owner's Name: MCALLISTER KENT**

Property Legal Description:

Parcel/Seq: 14042/1
Account Number: R000014042

Legals: SAN FELIPE BLDG ADDN LOT 139-141, 184-186

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR63680 - MCALLISTER KENT concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

  **X**   incorrect appraised or market value
  **X**   unequal appraisal
  _____ inclusion of the property on the appraisal records
  **X**   denial in whole or in part of a partial exemption
  _____ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
  _____ determination of the appropriate damage assessment rating under Tax Code Section 11.35
  **X**   any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

☐ The property's market value is excessive, and the appraisal records should be changed to $_____ from the CAD value* of $_____.*

☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $5,805 ; the appraised value of the improvement is $211,690; and the property's market value is $241,000.

☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $5,805 and an improvement value of $211,690 .

☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $_____.

☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here ▶** _____     September 7, 2022

Chair, Appraisal Review Board                Date

* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.

For additional copies, visit: **comptroller.texas.gov/taxes/property-tax**
50-221 • 11-21/16

Certified Mail # 9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Exhibit 2, pg. 90 of 159

**Form 50-222**

9/9/2022

| | | |
|---|---|---|
| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
| County of Appraisal Review Board | Address | City, State, ZIP Code |
| MCALLISTER KENT | 223 PARK ROAD 38 | SEALY, TX 77474- |
| Name of Property Owner | Address | City, State, ZIP Code |
| 202200081 | Parcel ID: 14042 | Acct #: R000014042 |
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 139-141, 184-186

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

rm developed by: Texas Comptroller of Public Accounts, Property Tax Assistance Division    For additional copies, visit: **comptroller.texas.gov/taxes/property-tax**

50-222 • 06-19/16

# Order Determining Protest or Notice of Dismissal

Exhibit 2, p

Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200080**
**Owner's Name: MCALLISTER KENT**

Property Legal Description:

Parcel/Seq: 71829/1
Account Number: R000071829

Legals: SAN FELIPE BLDG ADDN LOT 199-201, 250-252

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR63680 - MCALLISTER KENT concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

- **X** incorrect appraised or market value
- **X** unequal appraisal
- \_\_\_\_ inclusion of the property on the appraisal records
- **X** denial in whole or in part of a partial exemption
- \_\_\_\_ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
- \_\_\_\_ determination of the appropriate damage assessment rating under Tax Code Section 11.35
- **X** any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

- ☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

- ☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

- ☐ The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

- ☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $303 ; the appraised value of the improvement is $0; and the property's market value is $29,566.

- ☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

- ☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $303 and an improvement value of $0 .

- ☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

- ☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

- ☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

- ☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

- ☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here ▶** _____
Chair, Appraisal Review Board

September 7, 2022
_____
Date

\* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.

Certified Mail #  9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Exhibit 2, pg. 92 of 159

**Form 50-222**

9/9/2022

| | | |
|---|---|---|
| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
| County of Appraisal Review Board | Address | City, State, ZIP Code |
| MCALLISTER KENT | 223 PARK ROAD 38 | SEALY, TX 77474- |
| Name of Property Owner | Address | City, State, ZIP Code |
| **202200080** | Parcel ID: 71829 | Acct #: R000071829 |
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 199-201, 250-252

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

Form developed by: Texas Comptroller of Public Accounts, Property Tax Assistance Division

For additional copies, visit: **comptroller.texas.gov/taxes/property-tax**
50-222 • 06-19/16

# Order Determining Protest or Notice of Dismissal

Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

Property Legal Description:

Parcel/Seq: 71830/1
Account Number: R000071830

**Case Number: 202200079**
**Owner's Name: MCALLISTER KENT**

Legals: SAN FELIPE BLDG ADDN LOT 202-204, 247-249

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR63680 - MCALLISTER KENT concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

   __X__ incorrect appraised or market value
   __X__ unequal appraisal
   _____ inclusion of the property on the appraisal records
   __X__ denial in whole or in part of a partial exemption
   _____ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
   _____ determination of the appropriate damage assessment rating under Tax Code Section 11.35
   __X__ any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

☐ The property's market value is excessive, and the appraisal records should be changed to $_____ from the CAD value* of $_____.*

☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $300 ; the appraised value of the improvement is $0; and the property's market value is $29,310.

☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $300 and an improvement value of $0 .

☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of  $_____.

☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ➤ _____   September 7, 2022

    Chair, Appraisal Review Board                                        Date

* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.

Certified Mail # 9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Exhibit 2, pg. 94 of 159

Form 50-222

9/9/2022

| | | |
|---|---|---|
| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
| County of Appraisal Review Board | Address | City, State, ZIP Code |
| MCALLISTER KENT | 223 PARK ROAD 38 | SEALY, TX 77474- |
| Name of Property Owner | Address | City, State, ZIP Code |
| 202200079 | Parcel ID: 71830 | Acct #: R000071830 |
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 202-204, 247-249

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE, OR IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

For additional copies, visit: **comptroller.texas.gov/taxes/property-tax**

50-222 • 06-19/16

# Order Determining Protest or Notice of Dismissal

Exhibit 2, pg. 95 of 172

Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200077**
**Owner's Name: MCALLISTER KENTON JOHN**

Property Legal Description:

Parcel/Seq: 17855/1
Account Number: R000017855

Legals: SAN FELIPE BLDG ADDN LOT 205, 206, 207, 244, 245, 246

### ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR90717031 - MCALLISTER KENTON JOHN concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

- X  incorrect appraised or market value
- X  unequal appraisal
- ___ inclusion of the property on the appraisal records
- X  denial in whole or in part of a partial exemption
- ___ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
- ___ determination of the appropriate damage assessment rating under Tax Code Section 11.35
- X  any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

☐ The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $290 ; the appraised value of the improvement is $0; and the property's market value is $28,331.

☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $290 and an improvement value of $0 .

☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of  $ _____.

☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ▶ _____     September 7, 2022
Chair, Appraisal Review Board                                    Date

*\* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.*

Certified Mail #   9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Form 50-222

9/9/2022

| | | |
|---|---|---|
| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
| County of Appraisal Review Board | Address | City, State, ZIP Code |
| MCALLISTER KENTON JOHN | 223 PARK RD | SEALY, TX 77474- |
| Name of Property Owner | Address | City, State, ZIP Code |
| 202200077 | Parcel ID: 17855 | Acct #: R000017855 |
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 205, 206, 207, 244, 245, 246

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

# Order Determining Protest or Notice of Dismissal

Exhibit 2, pg. 97 Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200078**
**Owner's Name: MCALLISTER KENT**

Property Legal Description:

Parcel/Seq: 71828/1
Account Number: R000071828

Legals: SAN FELIPE BLDG ADDN LOT 268-270

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR63680 - MCALLISTER KENT concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

  X   incorrect appraised or market value
  X   unequal appraisal
       inclusion of the property on the appraisal records
  X   denial in whole or in part of a partial exemption
       determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
       determination of the appropriate damage assessment rating under Tax Code Section 11.35
  X   any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

☐ The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $145 ; the appraised value of the improvement is $0; and the property's market value is $14,160.

☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $145 and an improvement value of $0 .

☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of  $ _____.

☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ➤ _____       September 7, 2022

         Chair, Appraisal Review Board                                   Date

* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.

Certified Mail #  9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Form 50-222

9/9/2022

| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
|---|---|---|
| County of Appraisal Review Board | Address | City, State, ZIP Code |

| MCALLISTER KENT | 223 PARK ROAD 38 | SEALY, TX 77474- |
|---|---|---|
| Name of Property Owner | Address | City, State, ZIP Code |

| 202200078 | Parcel ID: 71828 | Acct #: R000071828 |
|---|---|---|
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 268-270

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

# Order Determining Protest or Notice of Dismissal

Exhibit 2, pg. 99   Form 50-221

**Appraisal Review Board**

**Austin County, Texas**

**Case Number: 202200076**
**Owner's Name: MCALLISTER KENT**

Property Legal Description:

Parcel/Seq: 71831/1
Account Number: R000071831

Legals: SAN FELIPE BLDG ADDN LOT 142-144, 181-183

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On 09/07/2022, the Appraisal Review Board of Austin County, Texas, heard the protest of RR63680 - MCALLISTER KENT concerning the appraisal records for tax year 2022.

The appraisal review board (ARB) delivered proper notice of the date, time, place and subject of the hearing. The property owner or agent and the chief appraiser of the appraisal district (CAD) were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the ARB has determined that the protest concerned the following action(s) permitted by Tax Code Section 41.41(a):

- X incorrect appraised or market value
- X unequal appraisal
- ____ inclusion of the property on the appraisal records
- X denial in whole or in part of a partial exemption
- ____ determination that land does not qualify for appraisal according to Subchapters C, D, E, or H
- ____ determination of the appropriate damage assessment rating under Tax Code Section 11.35
- X any other matter permitted by Section 41.41(a)

Based on the evidence, the ARB makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

- ☐ The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest.

- ☐ The property's appraised value is excessive, and the appraisal records should be changed to: a land value of $_____ from the CAD land value of $_____; and an improvement value of $_____ from the CAD improvement value of $_____.

- ☐ The property's market value is excessive, and the appraisal records should be changed to $_____ from the CAD value* of $_____.*

- ☑ The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value of the land is $5,805 ; the appraised value of the improvement is $9,673; and the property's market value is $38,983.

- ☐ The subject property was unequally appraised and the appraisal records should be adjusted to reflect a land value of $_____ and an improvement value of $_____.

- ☑ The subject property was not unequally appraised and the appraisal records should reflect the appraised land value of $5,805 and an improvement value of $9,673 .

- ☐ The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

- ☐ The subject property qualified for a temporary exemption under Tax Code Section 11.35 and should be assigned a damage assessment rating of Level .

- ☐ The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of  $_____.

- ☐ The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s):

- ☑ The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed:

If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ▶ _____    September 7, 2022

Chair, Appraisal Review Board                                    Date

* as shown in the appraisal records submitted to the ARB by the chief appraiser under Tax Code Section 25.22 or 25.23.

Certified Mail #   9171 9690 0935 0278 1700 06

# Notice of Final Order of Appraisal Review Board

Exhibit 2, pg. 100 of 159

Form 50-222

9/9/2022

| Austin | 906 E. AMELIA ST. | BELLVILLE, TX 77418 |
|---|---|---|
| County of Appraisal Review Board | Address | City, State, ZIP Code |
| MCALLISTER KENT | 223 PARK ROAD 38 | SEALY, TX 77474- |
| Name of Property Owner | Address | City, State, ZIP Code |
| 202200076 | Parcel ID: 71831 | Acct #: R000071831 |
| Case Number | Property Account Number | |

SAN FELIPE BLDG ADDN LOT 142-144, 181-183

Property Legal Description

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER TAX CODE SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER TAX CODE SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE, OR IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Tax Code Section 41.41(a)(1) or (2) concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $5 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 60th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an applicable arbitration deposit made payable to the Comptroller in the amount provided under Tax Code Chapter 41A.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and Comptroller Rules 9.4251-9.4266. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Tax Code Section 41.41(a)(1) or (2) if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

# Texas Comptroller of Public Accounts
# Appraisal Review Board Survey

<div style="float:right">Form 50-823</div>

**GENERAL INSTRUCTIONS:** This survey is used to gather public comments and suggestions concerning appraisal review boards (ARBs) in compliance with Tax Code Section 5.104. It is intended to capture information concerning the performance of ARB panels and full ARBs, but not the results of protest hearings.

**NOTE:** The Comptroller's office **does not have** authority to intervene in local tax matters or take direct action on any comment or suggestion submitted.

**FILING INSTRUCTIONS:** Submit survey response to the Comptroller's Property Tax Assistance Division (PTAD) in one of these ways:

- **Electronic:** Use the designated computer at the appraisal district office (as those responses are collected directly by PTAD) or through surveymonkey.com/r/surveyarb and in Spanish at surveymonkey.com/r/Spanishsurveyarb.
- **Paper:** Deliver to PTAD in person or by mail at 1711 San Jacinto, 3rd Floor, Austin, Texas 78701.
- **Email:** Scan and email to PTAD at ptad.communications@cpa.texas.gov.

One survey should be completed per hearing conducted by a single ARB panel or the full ARB in a single day, whether concerning one account or several accounts and whether the accounts are related to the same property or not. Persons participating in protest hearings before the same ARB panel or full ARB on several days may complete one survey on each day. Persons participating in multiple protest hearings before different ARB panels are allowed to complete one survey for each panel in a single day.

## SECTION 1: Respondent Information

Austin
_____
County that the ARB serves

Date of your ARB hearing: _____
(mm/dd/yyyy)

Indicate the type of hearing:

☐ Live (in person)

☐ Telephone conference call

☐ Written affidavit (not part of telephone conference call hearing)

I am a (check one):

☐ Property owner who attended an ARB hearing personally

☐ Property owner's designated agent or representative who attended an ARB hearing

☐ Chief appraiser or appraisal district representative

## SECTION 2: Indicate Your Comments About the Conduct of the ARB Members at the Hearing

| | Strongly Agree | Agree | No Opinion | Disagree | Strongly Disagree |
|---|---|---|---|---|---|
| Courteous | ☐ | ☐ | ☐ | ☐ | ☐ |
| Attentive | ☐ | ☐ | ☐ | ☐ | ☐ |
| Knowledgeable | ☐ | ☐ | ☐ | ☐ | ☐ |
| Organized | ☐ | ☐ | ☐ | ☐ | ☐ |
| Fair | ☐ | ☐ | ☐ | ☐ | ☐ |

**Your comments reflect the conduct of (select one)** ☐ The ARB as a whole   ☐ An individual ARB member

Texas Comptroller of Public Accounts Appraisal Review Board Survey

Form 50-823

## SECTION 3: Indicate Your Comments About the ARB Hearing Process

| | Strongly Agree | Agree | No Opinion | Disagree | Strongly Disagree |
|---|---|---|---|---|---|
| Hearing procedures were instructive | ☐ | ☐ | ☐ | ☐ | ☐ |
| Hearing procedures were followed | ☐ | ☐ | ☐ | ☐ | ☐ |
| Service was prompt | ☐ | ☐ | ☐ | ☐ | ☐ |
| ARB Survey was mentioned (at or before the hearing) | ☐ | ☐ | ☐ | ☐ | ☐ |
| Time to present evidence was reasonable | ☐ | ☐ | ☐ | ☐ | ☐ |
| Evidence was considered thoughtfully | ☐ | ☐ | ☐ | ☐ | ☐ |
| Protest determination was stated clearly | ☐ | ☐ | ☐ | ☐ | ☐ |

## SECTION 4: Indicate Your Comments About the ARB Hearing

| | Excellent | Good | Fair | Poor |
|---|---|---|---|---|
| Overall impression of the ARB | ☐ | ☐ | ☐ | ☐ |

## SECTION 5: Indicate Your Comments About the Protest of the Property Considered in a Hearing

How often do you protest? ☐ First time ☐ Every year ☐ Once every two to five years

If a protest was determined by the ARB, was the value of the property lowered? ☐ Yes ☐ No ☐ Not a value issue

Did you meet with appraisal district staff in an attempt to agree to an appraised value of your property prior to proceeding to an ARB hearing? ☐ Yes ☐ No ☐ Not a value issue

If you used the appraisal district website to prepare for your hearing, was the information on the website helpful? ☐ Yes ☐ No ☐ Not applicable

Did you present documentation to the ARB at your hearing? ☐ Yes ☐ No

## SECTION 6: Indicate Your Suggestions to Improve the ARB Process

Should property owners communicate or meet with appraisal district staff before ARB hearings? ☐ Yes ☐ No

Should property owners be given the option of how to receive evidence that appraisal districts will use at ARB hearings (e.g., paper, electronically or through a website posting)? ☐ Yes ☐ No

Should all property owners (in addition to residence homeowners) be allowed to file a protest electronically? ☐ Yes ☐ No

Which is more important (select one)? ☐ Having a hearing start on time ☐ Having ample time to present your case at a hearing

What information would have been useful to you in deciding whether to protest? ☐ Sales data ☐ Comparable property information ☐ Not applicable

To give individual homeowners an opportunity to present their cases, what is a reasonable amount of time for each party (property owner and appraisal district) to present evidence (select one)? ☐ Less than 10 minutes ☐ 10-15 minutes ☐ More than 15 minutes

## SECTION 7: Additional Comments *(250 character limit)*

# Request for Binding Arbitration

| **GLENN HEGAR** | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS |
|---|---|

*Do not complete and send this form without first carefully reading these instructions, Tax Code Chapter 41A and Comptroller Rules 9.4251 through 9.4266.*

**Purpose of form:** This form may be used to file a request for binding arbitration with an appraisal district concerning a dispute of an appraisal review board (ARB) order of determination. As an alternative to filing an appeal to district court, a property owner is entitled to appeal through binding arbitration an ARB order that only determines a protest concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Tax Code Section 11.13, or the appraised or market value of the property as determined by the appraisal review board order of determination is $5 million or less; and

(2) the protest was filed under Tax Code Section 41.41(a)(1) (appraised or market value) or Tax Code Section 41.41(a)(2) (unequal appraisal).

**When and what to file:** A property owner or agent must file the following with the appraisal district not later than the 60th day after the date the property owner receives notice of the final ARB order.

(1) a completed request for binding arbitration using this form;

(2) a deposit in the required amount (Chart I) by **cashier's check or money order** payable to the Texas Comptroller of Public Accounts (a deposit is required for each request for arbitration);

(3) a copy of the ARB order determining protest for the property for which binding arbitration is requested;

(4) Form 50-791 if an agent is filing on behalf of a property owner.

| | Residence Homestead | Appraised/Market Value per ARB Order | Deposit Amount |
|---|---|---|---|
| **Chart 1** **Required Deposit** | Residence Homestead | $500,000 or less | $450 |
| | Residence Homestead | More than $500,000 | $500 |
| | Not Residence Homestead | $1 million or less | $500 |
| | Not Residence Homestead | More than $1 million but not more than $2 million | $800 |
| | Not Residence Homestead | More than $2 million but not more than $3 million | $1,050 |
| | Not Residence Homestead | More than $3 million but not more than $5 million | $1,550 |

**Where to file:** This form and the required deposit must be filed with the county appraisal district that appraised the property for which arbitration is requested. **Do not file the request with the Comptroller of Public Accounts.**

**For assistance:** Contact the Texas Comptroller's office at 800-252-9121 (press 2), 512-305-9999 or ptad.cpa@cpa.texas.gov. Additional information can be found at comptroller.texas.gov/taxes/property-tax/arbitration/index.php.

**Other important information:** Expenses incurred by the property owner in preparing for and attending the arbitration are the owner's responsibility. The arbitration deposit may only be used to pay for the cost of the arbitrator and the Comptroller's $50 administrative fee. The deposit minus the Comptroller's fee will be refunded to the property owner if the arbitrator determines that the value is nearer to the property owner's opinion of value stated in the request for binding arbitration than the value as determined by the ARB.

**A property owner who fails to strictly comply with legal requirements waives the property owner's right to request binding arbitration.** A property owner who appeals to district court an ARB order determining a protest concerning appraised or market value waives the owner's right to request binding arbitration. An arbitrator shall dismiss any pending arbitration proceeding if the property owner's rights are waived. The deposit may not be refunded if the arbitration is dismissed under this circumstance.

The taxes on the property that are the subject of the arbitration must not be delinquent. Taxes are not delinquent if all amounts due for prior years have been paid and the undisputed tax amount for the year at issue was paid before the statutory delinquency date. If taxes are delinquent, the arbitration will be dismissed with prejudice. A property owner, however, will receive a refund of all but the administrative costs, if the arbitration is dismissed under this circumstance.

**Laws:** The request for binding arbitration process is established by Tax Code Chapter 41A. Requests for arbitration to appeal ARB orders are governed by Comptroller Rules 9.4251 through 9.4266 [34 Texas Administrative Code Sections 9.4251-9.4266].

*You have certain rights under Government Code Chapters 552 and 559 to review, request and correct information we have on file about you. Contact us at the phone number listed on this form.*

AP-219-1 (Rev.5-19/18)



AP-219-2
(Rev.5-19/18)

## Specific Instructions

This form is designed for use by property owners or agents, appraisal districts and the Comptroller's office. Only complete the part of the form that applies to you.

**Arbitrating Contiguous Tracts of Land:** You may arbitrate more than one tract of land for a single deposit, provided they are contiguous to one another. Please indicate if you choose to arbitrate contiguous tracts of land in box 16a and follow the directions before filling out the rest of the form. The deposit for arbitration of contiguous tracts of land is based on the value for the single highest valued tract of land.

**Properties Valued at More Than $5 Million:** To arbitrate a property valued at more than $5 million by the ARB, the property must qualify as the property owner's residence homestead under Tax Code Section 11.13.

### For Property Owners or Agents

Complete the items 1 through 25 as applicable, and sign it. You must type or print in black ink so that the information can be scanned. Information for each applicable item must be provided so that your request can be processed in a timely fashion. A copy of the ARB order determining protest for the property for which binding arbitration is requested must be attached. Agents must submit a written authorization signed by the property owner on Comptroller Form 50-791. An agent's fiduciary form used for representation at the appraisal district or ARB **will not be accepted.**

Any refund to an owner or agent is subject to the provisions of Government Code Section 403.055 and related statutory provisions and rules. The federal Social Security Number, Comptroller-issued Texas Identification Number (TIN) or federal Individual Taxpayer Identification Number (ITIN) for an individual payee and either a Federal Employer Identification Number (FEIN) or TIN for a business payee authorized to receive deposit refunds is required in the Request for Binding Arbitration.

**For Contiguous Arbitration:** You must fill out a separate copy of page 2 on each contiguous tract of land to be arbitrated. A copy of the ARB order determining protest for each tract of land for which binding arbitration is requested must be attached. Enter an individual value you believe is correct for each contiguous tract of land to be arbitrated. The Comptroller's office will calculate the total value of all the tracts that will be used to determine who pays the arbitrator's fee.

### For Appraisal Districts

**Appraisal districts complete the first line marked CAD on page 1 of the form by providing the deposit amount, appraisal district number, last two digits of the tax year and the appraisal district number assigned to this arbitration request.**

Appraisal districts complete the bottom portion of the form beginning with line 26 on page 2. You must provide the value determined by the ARB for the subject property, the geographic identification number (GEO#) and record identification number (R#). It is important that the order indicates the ARB certified appraised or market value of the subject property pursuant to Tax Code Section 41.41(a)(1) or (2). Any other determination cannot be the subject of an arbitration proceeding.

Check the applicable boxes concerning the request for binding arbitration. The chief appraiser or designated appraisal district employee must sign the form. Any items not checked must be accompanied by supporting documentation, if applicable.

**For Contiguous Arbitration:** You must fill out a separate copy of page 2 on each tract of land to be arbitrated. Enter in the individual ARB value for each tract of land to be arbitrated. The Comptroller's office will calculate the total value of all the tracts that will be used to determine who pays the arbitrator's fee.

## Property Owner or Agent Checklist

- [ ] The property owner or the property owner's agent has signed the request for arbitration.
- [ ] The request was filed with the appraisal district not later than the the 60th day after the date the property owner receives notice of the final ARB order.
- [ ] A deposit in the form of a check issued in the sufficient amount and guaranteed by a banking institution (such as a cashier's or teller's check) or by a money order is attached.
- [ ] If an agent is submitting the request, a written authorization (Form 50-791) signed by the property owner is attached, expressly authorizing the agent to sign and file the request.
- [ ] The request for arbitration concerns the appraised or market value of $5 million or less for the property for which an ARB order was issued or which qualifies as the owner's residence homestead under Tax Code Section 11.13.
- [ ] The appeal does not involve any matter in dispute other than the determination of the appraised or market value of the property pursuant to Tax Code Section 41.41(a)(1) or (2).
- [ ] All parts of the request for arbitration have been completed.
- [ ] Taxes are not delinquent on the subject property because all amounts due for prior years have been paid and the undisputed tax amount for the year at issue was paid before the statutory delinquency date.
- [ ] The property that is the subject of this request for arbitration is not the subject of litigation for the tax year in question.
- [ ] A copy of the ARB order determining protest for the property for which binding arbitration is requested is attached.
- [ ] **Retain a copy of this form and the deposit for your records.**

AP-219-3 (Rev.5-19/18)

# Request for Binding Arbitration

Exhibit 2, pg. 105 of 159

• Type or print in black ink.   • Do not write in shaded areas.

Page 1

| T-CODE | | DEPOSIT CODE | POSTMARK DATE | CAD | PAYMENT AMOUNT | ARBITRATION NUMBER (Appraisal District Only) |
|---|---|---|---|---|---|---|
| 9,9,1,0,0 ■ TP | ■ | 0,6,8 | | | ■ .0,0 ■ | CAD No.     Year     CAD Assigned No. |

**A copy of the ARB order determining protest for the property for which binding arbitration is requested must be attached.**

## PROPERTY OWNER INFORMATION - INDIVIDUAL

1. Owner's name (Last name, first name, middle initial, suffix (i.e, Jr., III, etc.))
   - Last name     First name     M.I.     Suffix

2. Owner's Comptroller-issued Texas Identification Number   OR   Owner's Social Security Number* (or Individual Taxpayer Identification Number (ITIN))
   *(if you now have or ever had one)*     * Your Social Security Number is not subject to public disclosure according to Government Code Section.

## PROPERTY OWNER INFORMATION - COMPANY   -- Non company owners skip to line 5 --

3. Corporation or partnership or estate name

4. Comptroller-issued Texas Identification Number   OR   Federal Employer Identification Number (FEIN)
   *(if you now have or ever had one)*     assigned by the Internal Revenue Service

## CONTACT INFORMATION

5. Individual's name who is the contact for the property owner (and not an agent)
   - Last name     First name     M.I.     Suffix

6. Mailing address, city, state, ZIP code with extension
   - Street number, P.O. Box, or rural route and box number
   - City     State/province     ZIP code     County (or country, if outside the U.S.)

7. Daytime phone (mandatory) ................     Phone number (Mandatory)

8. Email address* ........................
   *Your email address is confidential according to Government Code Section 552.137; however, by including the email address on this form, you are affirmatively consenting to its release under the Public Information Act.

## PROPERTY AGENT INFORMATION   -- If you are not using an agent, skip to line 16a --

(TO BE COMPLETED BY PROPERTY AGENT)

9. Individual's name (Last name, first name, middle initial, suffix (i.e, Jr., III, etc.)) [Agent must be an individual.]
   - Last name     First name     M.I.     Suffix

10. Agent's Comptroller-issued Texas Identification Number   OR   Agent's Social Security Number* (or Individual Taxpayer Identification Number (ITIN))
    *(if you now have or ever had one)*     * Your Social Security Number is not subject to public disclosure according to Government Code Section.

11. Agent's mailing address, city, state, ZIP code with extension
    - Street number or rural route and box number
    - City     State/province     ZIP code     County (or country, if outside the U.S.)

12. Daytime phone (mandatory) and FAX number (optional)...............     Phone number (Mandatory)     FAX number (Optional)

13. Email address* ........................
    *Your email address is confidential according to Government Code Section 552.137; however, by including the email address on this form, you are affirmatively consenting to its release under the Public Information Act.

14. If the owner will be represented by an agent, please indicate the applicable agent's designation required to represent an owner in binding arbitration:
    - ☐ An attorney licensed by the state of Texas ...........................................................State Bar No.
    - ☐ A real estate broker or salesperson licensed under Occupations Code Chapter 1101 ...........................License No.
    - ☐ A real estate appraiser licensed or certified under Occupations Code Chapter 1103 ................... License No. T X - ___ - ___
    - ☐ A property tax consultant registered under Occupations Code Chapter 1152.............. Registration No. P,R,O,P,T,C
    - ☐ A certified public accountant licensed or certified under Occupations Code Chapter 901 ...................................License No.

15. If the owner has designated an agent, attach the written authorization to this form.
    Indicate if agent is given authority to receive a refund: ☐ Yes ☐ No   Indicate if agent is the primary contact for the arbitration: ☐ Yes ☐ No

## PROPERTY INFORMATION

16. I request that the Comptroller's office initially appoint an arbitrator who(check only one box)
    - ☐ Resides in the county in which the property is located ☐ Resides outside the county in which the property is located.

17. Are you requesting arbitration for contiguous tracts of land? ☐ Yes ☐ No   If no, skip to line 18.

AP-219-4
(Rev.5-19/18)

# Request for Binding Arbitration

• Type or print in black ink.    • Do not write in shaded areas.

## PROPERTY INFORMATION

**OWNER OR AGENT (CONT.)**

18. Address or location of the property requested for arbitration as shown on order of determination and account number:

19. Please indicate the tax year as shown on the ARB order. ☐☐☐☐

20. Type of property being appealed: ☐ Homestead ☐ Residential ☐ Land ☐ Commercial ☐ Minerals ☐ Agricultural ☐ Business personal property

21. Primary county in which the property is located .........................................

22. Value that owner believes is accurate market or appraised value (*WHOLE DOLLARS ONLY*):
    (*For contiguous properties, enter value for the individual property on line 16b. Do NOT enter per acre value.*) .................. $ ☐☐☐☐☐☐☐☐☐

23. Please select the type of arbitration hearing you want: (Check only one box.)
    A ☐ In person only    B ☐ By teleconference only    C ☐ Either in person or by teleconference and the arbitrator may decide
    D ☐ On written documents only, submitted by the property owner and the appraisal district (without a meeting) if the appraisal district agrees; otherwise, a teleconference

24. I am appealing the market or appraised value of my property for the following reasons (Check all that apply):
    A ☐ The property could not sell for the amount of value shown on the appraisal roll.
    B ☐ The property is unequally appraised.
    C ☐ The property has hidden damages or flaws that were not considered in the appraised value.
    D ☐ The methodology used by the appraisal district was inappropriate.
    E ☐ Evidence presented to the ARB was not fully considered.
    F ☐ The appraisal district did not correctly calculate the value limitation for residence homesteads.
    G ☐ The productivity value of the land or the special appraisal of the property allowed by law was not calculated correctly.

25. ☐ I hereby request arbitration. I have attached one MONEY ORDER or CASHIER'S CHECK per arbitration request payable to the Texas Comptroller of Public Accounts for the appropriate fee outlined in Chart 1 and a copy of the ARB order I am appealing.

This form, the ARB order and the required deposit must be filed with the appraisal district for which the ARB order was issued. I understand that sending these items directly to the Comptroller will jeopardize my right to arbitrate. By signing this form, I certify that I am the property owner or individual authorized to file this request for binding arbitration.

**sign here ▶** | Owner or agent signature | Type or print owner or agent name | Date Month Day Year

---

**TO BE COMPLETED BY APPRAISAL DISTRICT**

***FOR APPRAISAL DISTRICT USE ONLY* -- For contiguous properties, fill out each page for every contiguous property being appealed.**

26. Date of postmark or hand/courier/electronic delivery of request to appraisal district       Month Day Year    27. Date ARB order received by owner .........   Month Day Year

28. Certified tracking number for ARB order or electronic tracking .....................................

29. Appraisal District Property Identification Number
    GEOGRAPHIC IDENTIFICATION NUMBER (GEO#) *IF APPLICABLE*   **AND**   RECORD IDENTIFICATION NUMBER (R#) *IF APPLICABLE*

30. Value determined by the ARB order (*WHOLE DOLLARS ONLY*):
    (*For contiguous properties, enter value for the individual property.*) ......................................... $ 

31. Cashier's check or money order number of attached deposit.................................

32. ☐ If an agent is submitting the request, a written authorization signed by the property owner is attached that expressly authorizes the agent to sign and file the request.

33. The appraisal district must check the applicable boxes below. Any items not checked must be accompanied by supporting documentation, if applicable.

    **ARBITRATION NUMBER**
    CAD No. | Year | CAD Assigned No.

    ☐ The property owner or agent has signed the request for arbitration.
    ☐ The request was filed with the appraisal district not later than the deadline established in Tax Code Section 41A.03.
    ☐ The property owner or agent attached a copy(ies) of the correct ARB order of determination for the property(ies) for which binding arbitration is requested.
    ☐ A deposit in the form of a check issued and guaranteed by a banking institution (such as a cashier's or teller's check) or by a money order is attached.
    ☐ The property qualifies as the owner's residence homestead according to Tax Code Section 11.13.
    ☐ The appraised or market value of the property as determined by the ARB order of determination is $5 million or less, or qualifies as the property owner's residence homestead.
    ☐ The appeal does not involve any matter in dispute other than the determination of the appraised or market value of the property pursuant to Tax Code Section 41.41(a)(1) or (2).
    ☐ Taxes are not delinquent on the subject property because all amounts due for prior years have been paid and the undisputed tax amount for the year at issue was paid before the statutory delinquency date.
    ☐ The property that is the subject of this request for arbitration is not the subject of litigation for the tax year in question.
    ☐ The properties that are subject to this request qualify for contiguous arbitration.

34. Fill out **ARBITRATION NUMBER** at the top of page 1.

35. The appraisal district ☐ DOES or ☐ DOES NOT consent to arbitrate by submission of written documents.

I certify that the request for binding arbitration and deposit, along with a copy of the order determining protest if provided, have been submitted to the Comptroller of Public Accounts on the date indicated below:

**sign here ▶** | Chief appraiser or CAD employee signature | Type or print chief appraiser or CAD employee name | Date Month Day Year

---

For assistance, contact the Texas Comptroller's office at 800-252-9121 or 512-305-9999 or by email at ptad.cpa@cpa.texas.gov.

City/State/Zip: San Felipe, TX 77473

Work Phone:   Home Phone:   Mobile Phone: 281-961-0334

Fax:   E-mail: mcallister@mcsitexas.com

**C.**   The person or firm you are complaining about:

Name: Greg Cook, RPA

Company Name: Austin County Appraisal District

Physical Address: 906 E. Amelia St.

City/State/Zip: Bellville, TX 77418

Mailing Address 906 E. Amelia St.

City/State/Zip: Bellville, TX 77418

Office Phone: 979-865-9124   Fax: 979-865-3296   Mobile Phone:

E-mail: austincad@gmail.com   License or Registration #:

**D.**   EXPLANATION: Describe your complaint in detail.

The Appraisal District acted outside of it's authority by falsely claiming that I don't own portions of my property (vacated roads) included in my deed without any due process or notice. The appraisal district staff made false statements of fact and omitted relevant information in order support their claim of non-ownership in an ARB hearing. A public information request (PIA) confirms that the Appraisal District is in possession of the Quitclaim Resolution Deed issued by the municipality proving ownership of the vacated roads. The Appraisal District has ignored multiple attempts to correct the illegal actions of the Appraisal District and it's staff. The Appraisal District is essentially "taking land" in violation of constitutional law and acting outside their authority. They have and continue to assert the false claim in spite of the evidence inflicting damage to me the property owner. I am asking for the matter to be investigated and those responsible to be held accountable.

( Enter Another Complaint )   ( Print )   ( Exit )

Exhibit 2, pg. 108 of 159

# TEXAS DEPARTMENT OF LICENSING & REGULATION

Enforcement Division • PO Box 12157 • Austin, Texas 78711 • (512) 539-5600 • Fax (512) 539-5698
*www.tdlr.texas.gov*

March 4, 2022

KENT MCALLISTER
PO BOX 418
SAN FELIPE TX 77473 0418

RE: Complaint filed against Greg Cook with Austin CAD, **Complaint # PTP20220006386/
Tracking #126915**

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information via regular mail or my e-mail listed below no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

*Jessica Sanchez*

Jessica Sanchez
Legal Assistant
Texas Department of Licensing and Regulation
(512) 539-5625
Jessica.Sanchez@tdlr.texas.gov

# Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

Meridian Contracting mcallister@mcsitexas.com

Fri, Mar 4, 2022, 2:52 PM

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information.  Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted.  If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

Jessica Sanchez
Senior Legal Assistant
Enforcement Division- Intake
Texas Department of Licensing & Regulation
512-339-5625
Jessica.Sanchez@tdlr.texas.gov

# Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

**From:** Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

**To:** Meridian Contracting mcallister@mcsitexas.com

**Date:** Fri, Mar 4, 2022, 2:52 PM

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

**Jessica Sanchez**
*Senior Legal Assistant*
*Enforcement Division- Intake*
*Texas Department of Licensing & Regulation*
*512-539-5625*
Jessica.Sanchez@tdlr.texas.gov

1 / 1

# Re: Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

From: Meridian Contracting mcallister@mcsitexas.com

To: Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

cc: Cynthia Kelly cynthia.kelly@mcsitexas.com

Date: Thu, Mar 17, 2022, 12:06 PM

      1.Property Tax Account Information.pdf 2.1 MB

      2. Property Photo, Survey, and Deed information.pdf 946 KB

      3.Austin County Appraisal District PIA Request.pdf 8 MB

      4. San Felipe PIA dated December 13, 2021.pdf 245 KB

Ms. Sanchez,

According to their website, the mission of the Austin County Appraisal District is to discover, list, and appraise all property within the boundaries of the district to estimate a fair and equitable market value for property taxation purposes.

Although my property has always been taxed as a single farm property, the Appraisal District suddenly decided to change the boundary description of my property several years ago without any notice. The Appraisal District separated my property into 6 different tax accounts after deciding that I didn't own old platted colonial street easements within my property. No other nearby properties were subjected to the same action and the changes resulted in less tax dollars to the tax district while encumbering my property unnecessarily. Why would the Appraisal District insist on doing this when it resulted in less tax revenue I wondered. Nothing required the Appraisal District to take this action. The Tax Code requires fair and equitable treatment, but one look at the Appraisal District map shows the obvious targeting of my property. I was very confused by the motives of the Appraisal District and wasn't sure how to correct the issue since the previous Chief Appraiser was insistent that the Town of San Felipe owned the platted streets. The Chief Appraiser position changed during this time, and I eventually met with the new Chief Appraiser Gregg Cook and explained the issue. I told him about researching the deed records and finding the additional quitclaim deed information. I asked for his help which he seemed happy to provide. The pandemic began after our meeting and the issue was shelved until we met again in 2021. I provided him the quitclaim deed information and thought the matter was settled. I was then notified that the Appraisal District wouldn't be changing its position on the issue after discussing it with their attorney.

In response, I requested information from the Appraisal District through the Public Information Act (PIA). The documents collected proved to me that the information used to support the Appraisal Districts sudden assertions appeared contrived. Appraisal District staff claimed the towns City Secretary had confirmed non-ownership of the platted colonial streets in my property survey, but they were unable to produce any evidence upon request. A PIA request was also provided to the City Secretary to confirm the districts claim. The City Secretary responded by providing a copy of my property survey without any statement or explanation. I haven't provided the town a copy of my

survey and the town doesn't maintain individual property records, so it seems odd that the Town ended up with a copy of my survey.

Documentation obtained through PIA requests showed that Appraisal District staff ignored the relevant quitclaim deed records when discussing the matter with BIS Consultants and the Appraisal Districts attorney. The attorney initially stated that the property metes and bounds along with the survey notes seemed to include the conveyed colonial streets, but felt my deed wasn't clear and so he agreed with the district staff that the colonial streets didn't belong to me. I informed the attorney through the Appraisal District that the 1957 quitclaim resolution document from the Town Council to a previous property owner was being ignored. The attorney seemed to be unaware of the quitclaim deed, so I sent a copy of it. The Chief Appraiser was copied on all email communications. The attorney then said the quitclaim resolution conveyance language didn't clearly "include" the colonial streets. Texas law says the exact opposite. The Texas Supreme Court has ruled that when property is conveyed from a grantor to a grantee, anything not expressly "excluded" by clear language from the conveyed property is included. A municipality conveying its own property is held to the same standard as anyone else. The attorney would know this. The property was under agricultural production and had been fenced as a single combined property prior to and at the time of the quitclaim resolution conveyance by the Town of San Felipe City Council in 1957. There would have been no need to maintain old platted and abandoned streets.

Additionally, historical records clearly demonstrate that the original pre-Republic colonial plat of the area had been abandoned when the town was burned to the ground in 1836. There were subsequent abandonments of newer town areas documented in cited research papers and other documents. As an example, the town donated 100 acres of land to the Texas Western Railroad for a depot with surrounding town area to encourage development. The railroad went bankrupt and the new town area with platted streets under private ownership was abandoned yet again.

While researching to defend against the persistent overreach by the Appraisal District, I discovered additional documents that show the Town had already "divested" itself of the roads in the town. This was additional evidence provided to the Chief Appraiser that the Appraisal Districts argument is without merit. Apparently, the Appraisal District made these decisions without researching the deed records. The Town Council divested its interest in all roads, streets, alleys, and bridges for the sum of $1.00 to Austin County in 1940. This happened 17 years before the Town Council had provided a quitclaim deed to settle any dispute of ownership related to my property. Other related documents prove that the County took possession and responsibility for all roads, streets, alleys, and bridges within the Town of San Felipe city limits at that time. The documents state that only existing roads were maintained from that time moving forward due to the cost of maintenance which the town couldn't afford. Additionally, Section 251.057 of the Texas Transportation Code states: a county road is abandoned when it's use has become so infrequent that one or more adjoining property owners have enclosed the road with a fence continuously for at least 20 years. My property has been enclosed for more than 80 years. Furthermore, there are no Town or County maps after 1836 that show the old, abandoned streets within my property. The Chief Appraiser acknowledged that the documents provided to him prove that it is not possible for the Town or the County to own the old plated streets. He has still chosen not to correct the record. Why?

I believe certain Appraisal District staff targeted my property while ignoring my surrounding neighbors including an Appraisal Review Board (ARB) member with the same abandoned platted streets. I have served on the town City Council and the City Secretary has openly campaigned against me. It is no secret that the City Secretary uses her position to create issues for those she doesn't like. I find it disturbing that the Chief Appraiser would continue to ignore the facts and not correct the record. This is completely out of line with the purpose of the appraisal system and its intent. I filed a complaint with the Texas Department of licensing and regulation (TDLR) due to the Chief Appraiser not correcting the issue when provided the supporting information. I would point out the current Chief Appraiser Mr. Cook hired the previous Chief Appraiser Carmen Ottmer who initiated the original action. She currently works with the Appraisal District under the Chief Appraiser. I believe he has a legal and ethical obligation to simply assess and collect property tax. I clearly own the property within my fence line and the assertion that the Appraisal Districts actions and efforts have been with the intent of lowering my tax obligation is laughable. Ms. Deanne Gonzalez with BIS Consultants stated in her email to Susan Rosinski Tuesday August 6, 2019, "however, if you want us to merge them together, we can. This might make the district more money since you'd be taxing more acreage." This is evidence that the districts efforts were even being questioned internally.

I know this is a lot of information to review. I appreciate your consideration in this matter and have attached the related documents. If you have any questions or require additional information, please let me know.

Thank you,

Kent McAllister


Attachments:
1. Property Tax Account Information
2. Property Photo, Survey, and Deed Information
3. Austin County Appraisal District PIA Request
   Please provide the documentation Susan Rosinski used to determine that the taxpayer does not own the streets. (Quitclaim deed is included in documents)

   Also, please provide the documentation provided by the Town of San Felipe to Susan Rosinski verifying the taxpayer does not own the streets.
   (No such document exists)

   Please provide a copy or notes, memos or any other communication sent to the attorneys and a copy of the ruling provided by the attorneys. (Quitclaim deed document is missing from transmitted documents)

   Please provide a copy of any correspondence to the taxpayer requesting clarification of

street owners. (No such document exists)

4. San Felipe PIA dated December 13, 2021

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 8, 2022 6:54 AM
**To:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Subject:** Re: Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Jessica,

Thanks for the response. I will put together the information you requested and send it to you once I have it all together. Let me know if you need anything else.

Thank you,

Kent McAllister
281-961-0334

---

**From:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Sent:** Friday, March 4, 2022 2:52 PM
**To:** Meridian Contracting
**Subject:** Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest

4 / 5

hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

**Jessica Sanchez**
*Senior Legal Assistant*
*Enforcement Division- Intake*
*Texas Department of Licensing & Regulation*
*512-539-5625*
Jessica.Sanchez@tdlr.texas.gov

# Complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386/ Tracking #126915

**From:** Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

**To:** Meridian Contracting mcallister@mcsitexas.com

**Date:** Fri, Mar 18, 2022, 3:08 PM

Complainant Opening Letter.pdf 289 KB

Dear Kent McAllister,

Please see the attached Complainant Opening Letter regarding the complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386.

Sincerely,

**Jessica Sanchez**

*Senior Legal Assistant*

*Enforcement Division- Intake*

*Texas Department of Licensing & Regulation*

*512-539-5625*

Jessica.Sanchez@tdlr.texas.gov

**TEXAS DEPARTMENT OF LICENSING & REGULATION**

Enforcement Division • PO Box 12157 • Austin, Texas 78711 • (512) 539-5600 • Fax (512) 539-5698
*www.tdlr.texas.gov*

March 18, 2022

KENT MCALLISTER
mcallister@mcsitexas.com

Re: Complaint filed against Gregory A. Cook with Austin CAD, Case #PTP20220006386/
    Tracking #s: 126915, 127068, 127353, 127760, 127852, & 128138

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint filed
against Gregory A. Cook with Austin CAD. The complaint has been opened for investigation under case
number PTP20220006386. The case is assigned to Investigator Armand Ramirez, who will be contacting
you for information regarding the complaint.

You may contact Investigator Ramirez by email at Armand.Ramirez@tdlr.texas.gov, by phone
(512) 539-5638, or by mail at: TDLR-Enforcement Division, P.O. Box 12157, Austin, TX 78711. Please
provide the case number on all correspondence.

A brief description of the Department's complaint policies and procedures can be found on our website at
http://www.tdlr.texas.gov/investigation.htm. If you cannot access this information or you would like a copy
mailed to you, please call the Enforcement Division at 512-539-5600.

Sincerely,

*Jessica Sanchez*

Jessica Sanchez
Intake Legal Assistant
Enforcement Division



**PERDUE BRANDON**
**FIELDERCOLLINS&MOTT** LLP
*ATTORNEYS AT LAW*

**Christopher S. Jackson**
**Partner**
3301 Northland Drive, Suite 505
Austin, Texas 78731
**p:** 512-610-0730
**f:** 512-323-6963

**w:** www.pbfcm.com

April 22, 2022

**VIA EMAIL: armand.ramirez@tdlr.texas.gov**
Mr. Armand Ramirez
Senior Investigator, Enforcement Division
Texas Department of Licensing and Regulation
P.O. Box 12157
Austin, TX 78711-2157

Re:     **Complaint PTP20220006386 filed by Mr. Kent McAllister against Mr. Gregory A.
Cook, Chief Appraiser with the Austin County Appraisal District.**

Dear Mr. Ramirez:

Your agency has initiated an investigation against Mr. Gregory A. Cook, who is the Chief
Appraiser for the Austin County Appraisal District (hereinafter the "District"). *See* Ex 1. Our law
firm has been retained to assist Mr. Cook and the District regarding this matter. *See* Ex. 2. Your
deadline to respond is Monday, April 25, 2022. *See* Ex. 3. Per your instructions, please accept this
written response to the above referenced complaint, before the deadline, on behalf of our client.

Mr. Kent McAllister filed the above referenced complaint on approximately January 11,
2022. *See* Ex. 4. In general, Mr. McAllister complains about his ownership of land and the
District's listing of it.

Mr. Cook has not committed any TDLR violations involving the allegations in this
complaint. He is in full compliance with the requisite laws, rules, appraisal and operational
standards, and ethics of the Texas property tax system and TDLR.

**Timeline and Events**

It is my understanding that in 2021 Mr. McAllister made complaints about the status of his
property and made open records requests. On December 7, 2021, the District asked our law firm
to review a letter and a deed relating to Mr. McAllister's properties in San Felipe, Texas.
Specifically, we were asked if the deed he received from the Brenner Family Partnership included
the platted but unopened streets that surrounded some of the lots that Mr. McAllister owned (the
Lots). "Unopened" streets are those that appear on a plat but that have not been constructed.

My law partner, Dylan Wood, reviewed this matter for the District. Mr. McAllister's deed
was provided to Mr. Wood. That deed described the property as "9.206 acres of land (being 12.666
acres less 3.46 acres in road) out of the Old Town of San Felipe..." A survey accompanied the

1

deed that again referenced a "12.666 total acre tract, less 3.46 acre in road and leaving NET ACREAGE of 9.209 acres..." *See* Ex. 5. Mr. Wood also noted that the deed also makes the conveyances "subject to" a survey plat of May 26, 2005 that references street names. Mr. Wood also noted that conveyances that are "subject to" something denotes a restriction on conveyance not an additional grant. In Mr. Wood's opinion, the Brenner deed did not convey the streets to Mr. McAllister.

Mr. McAllister later provided additional deeds that referenced the Lots that covered the same land under the Brenner deed. *See* Ex. 6. One of the deeds explained that a recorded conveyance from the Town of San Felipe to a predecessor in interest was not found in the deed records of the county, but that the Town Alderman had determined that it had in fact conveyed the Lots and passed a resolution to execute a quitclaim deed for the Lots to a predecessor in interest.

Mr. Wood reviewed these deeds in Ex. 6, particularly the bottom page 7 and page 8 of the pdf version. See Ex. 7. Mr. Wood believed these deeds clearly disclaimed any interest in the lots, but no reference was made to the streets. There were no metes and bounds descriptions in either deed that would indicate the City of San Felipe was disclaiming any interest in the platted streets or that the conveyance was for anything besides the platted lots. The only reference made was to the Lots themselves.

Further, there is an Owner's Title Policy that appears to exclude streets and lists the land in the policy as "9.209 acres (12.666 acres less 3.46 ACRES IN ROAD". See Ex. 8. Mr. Wood advised the District and Mr. Cook that the deeds that identified the Lots did not appear to include the streets. It is our understanding that Mr. Wood's opinion was shared with Mr. McAllister, which led to his complaint to TDLR against Mr. Cook.

<div align="center">

**Response**

</div>

Under Texas law, once dedicated, a plat that includes land for streets becomes irrevocable. *Copeland v. City of Dallas,* 454 S.W.2d 279, 284 (Tex. Civ. App.—Dallas 1970 writ ref'd n.r.e)(citations omitted). It does not matter that the streets are not immediately opened. *Id* at 285. In Mr. McAllister's matter, it appears that the streets were dedicated to the Town of San Felipe by the Mexican government when this area of Texas was a colony and prior to the formation of the Republic of Texas. While the streets may never have been opened and people over the years have used the unopened streets as if it was their own land, including the construction of improvements, adverse possession does not against a city. Tex. Civ. Prac. & Rem. Code Ann. § 16.061.

The deeds that Mr. McAllister referenced do not show that the streets were "vacated," they merely identify the Lots, and the District has identified the Lots in the legal descriptions of Mr. McAllister's property cards. *See* Ex. 9.

There is a legal process in place for Home Rule of General Law cities to close or vacate dedicated streets. Tex. Transp. Code Ann. § 311.007, 311.008. Until clear evidence exists that the streets have been vacated, the District must go by what is on the deeds. The deeds only mention lots.

The District is charged with appraising property for tax purposes. Tex. Tax Code Ann. § 23.01. The District does *not* determine title to land, which can only be made in a Trespass to Try Title action. Tex. Prop. Code Ann. 22.001. Mr. McAllister's claims that the District is "taking land" is incorrect.

Prior to 2018, the District assumed that Mr. McAllister owned land that had an effective acreage of 15.26, which included 3.46 acres of unopened streets. For the 2018 tax year, the District could not conclude that Mr. McAllister owned the unopened streets and thus reduced his effective acreage by 3.46 acres, which totaled 11.836 acres.

This action did not "take" any property away from Mr. McAllister. He still owns the land he originally obtained title to and the District cannot determine title. The only practical impact is that Mr. McAllister's tax bill was reduced because of the District's determination.

Mr. McAllister did file a protest on May 30, 2019, with the Austin County Appraisal Review Board for the 2019 tax year. *See* Ex. 10. It identified multiple grounds for protest including "Other: Property boundaries and use." The use of "Other" is allowed under Tax. Tax Code Ann. § 41.41(a)(9) to protest "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." Mr. McAllister protested the boundary issue to the appraisal review board, which issued orders denying the protest on September 24, 2019. Under state law, Mr. McAllister could have appealed the decision of the appraisal review board to district court within 60 days after receiving the notice of the order, but he failed to do so. Tex. Tax Code Ann. § 42.21(a). Mr. McAllister did not protest the "property boundaries" matter in either 2020 or 2021.

Mr. Cook denies Mr. McAllister's allegation in his complaint that he or his staff have denied Mr. McAllister due process, made false statements of fac, omitted relevant information to support claims, acted illegally, taken land, of violated the law and constitution. *See* Ex. 4.

**<u>This matter should be dismissed because it does not credibly allege a violation.</u>**

Ms. McAllister's complaint should be dismissed because the Texas Legislature amended Texas Occupations Code Section 1154.204 in 2013 to state: **DISMISSAL OF COMPLAINTS**

(a)     After investigation, the department **may dismiss a complaint**, in part or entirely, without conducting a hearing if the **complaint does not credibly allege a violation** of this chapter or the standards established by the commission for registrants under this chapter.

(b)     **After investigation, the department shall dismiss a complaint, in part or entirely, without conducting a hearing if:**
   (1)     **the complaint challenges:**
         (A)     the imposition of or failure to waive penalties or interest under Sections 33.01 and 33.011, Tax Code;
         (B)     the appraised value of a property;
         (C)     the appraisal methodology;

3

(D)   the grant or denial of an exemption from taxation; or

(E)   **any matter for which Title 1, Tax Code, specifies a remedy, including an action that a property owner is entitled to protest before an appraisal review board under Section 41.41(a), Tax Code; and**

(2)   **the subject matter of the complaint has not been finally resolved in the complainant's favor by an appraisal review board,** a governing body, an arbitrator, a court, or the State Office of Administrative Hearings under Section 2003.901, Government Code.

Mr. McAllister's allegations in his complaint are not credible or valid. Further, they have been brought before the Austin County ARB and were not resolved in his favor. Therefore, this matter should be quickly dismissed.

<u>Conclusion</u>

Mr. Cook has acted in good faith regarding this matter. He sought and obtained the advice of legal counsel and he also acted within his authority regarding the effective acreage of Mr. McAllister's property in listing it in the District's records.

If it is ultimately determined someday in a court of law that Mr. McAllister indeed does own the unopened city streets, Mr. Cook would have "got it wrong," however, he has not acted outside of his authority. *See Williams v. Houston Firemen's Relief and Retirement Fund*, 121 S.W.3d 415, 430 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Mr. Cook has followed the Texas Property Tax Laws and Rules regarding the allegations in this matter. Mr. McAllister's complaint as to Mr. Cook, or the District, its staff, and their actions is baseless and deserves to be dismissed quickly.

If we can be of any further assistance to you in this matter during your investigation, please do not hesitate to contact me.

Sincerely,

*/S/ Christopher S. Jackson*

Christopher S. Jackson
Attorney-At-Law

cc:   Mr. Gregory A. Cook, Chief Appraiser, Austin County Appraisal District—Via Email
Mr. A. Dylan Wood, Partner, PBFCM — Via Email

4

Case 4:23-cv-04815  Document 1-2  Filed on 12/27/23 in TXSD  Page 122 of 172
Exhibit 2, pg. 122 of 159

From: Armand Ramirez Armand.Ramirez@tdlr.texas.gov
To: Meridian Contracting mcallister@mcsitexas.com
Date: Wed, May 11, 2022, 8:11 AM
copy Chris Jackon statement.pdf 8.7 MB

Mr. McAllister,

I received a response from Greg Cook attorney Chris Jackson who provided a statement listing the events that took place with a protest along with other findings. Here is a copy to review and there is a part of the law that Mr. Jackson had listed that limits TDLR authority on page 3, Law, section 1154.204 (a) and (b). It appears during the protest procedures that Mr. Jackson indicates that you did not move forward to the next level after the ARB findings for 2019 and you did not file any other protest the property boundaries for 2020 or 2021.

As a reminder, the section of the law that was identify above does limit TDLR regulation over a licensed appraiser. Mr. Jackson contact information is listed in the letter to discuss more of the details with the outcome of the protest for the 2019 tax year or any other issues relating to your complaint against Mr. Cook.

Once I get a chance to sort out Mr. Jackson evidence and put the documents together for the prosecutor to show the key information that relates to TDLR jurisdiction will be transferred to our legal department. Depending on the amount of documents that was received and information to review, may be take a period of time.

The prosecutor will have access to everything in the file to review and may reach out to any party with this case. The prosecutor will decide the outcome and a letter will be mailed to each party that will have the prosecutor's legal assistance name along with their phone number to ask any questions.

Due to COVID 19, most of the TDLR staff is working remotely at a safe environment. At this time, I can be reach at this other remote phone number, 210-439-4525. However, email would be the best response of communication and the office number is checked from time to time.

Armand Ramirez
Sr. Investigator
TX Dept. of Licensing & Regulation
PO Box 12157, Austin, TX 78711
armand.ramirez@tdlr.texas.gov

**WARNING / LEGAL DISCLAIMER- STATE AGENCY SENSITIVE**

All information contained in this email is considered the property of the Texas Department of Licensing & Regulation (TDLR). It may contain confidential and/or legally privileged information. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. Unauthorized interception, review, distribution, use, or disclosure to any news media, general public, or unauthorized individual(s) in any form may violate applicable laws and/or TDLR policy and subject the violator to civil and/or criminal penalties. In the event you are NOT the intended recipient and have received this email in error, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. You are asked to contact the sender immediately and destroy all copies of this communication.

**ADVERTENCIA / AVISO LEGAL-agencia estatal sensible**

Toda la información contenida en este correo electrónico es considerada propiedad del Departamento de licencias y regulación de Texas (TDLR). Puede contener información confidencial y/o legalmente privilegiada. Está destinado a ser leído sólo por el individuo o entidad a quien se dirige o por su designado. La interceptación no autorizada, revisión, distribución, uso o divulgación a cualquier medio de noticias, público en general o individuo (s) no autorizado en cualquier forma puede violar las leyes aplicables y/o la política de TDLR y someter al infractor a sanciones civiles y/o penales. En el caso de que usted no es el destinatario deseado y ha recibido este correo electrónico por error, cualquier uso, difusión, reenvío, impresión o copia de este correo electrónico está estrictamente prohibido. Se le pide que contacte inmediatamente con el remitente y destruya todas las copias de esta comunicación.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, May 11, 2022 6:07 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

> **CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I haven't received any updates from your office since April 18, 2022 and am uncertain of the status of my complaint. I was given specific deadlines to respond to your office so I would assume the response to the complaint would have similar time limits. Can you please let me know when I should expect to receive additional information and if any additional documentation is needed?

Also, I retrieved the deed records for my neighbor's property who is on the Appraisal Review Board. His deed has the same language as my deed when describing the street easements. I was unable to find any specific conveyance of the street easement from the town for his property which the Appraisal District told me would be required as proof of ownership.

The Appraisal District initially stated that the lack of conveyance from the town for my street easements was proof that I didn't own the street easements within my property. Although they ignored the fact that the town had already divested its ownership of any street easements in 1940, I was still able to provide a quitclaim deed for my property because a previous owner made the effort to resolve any questions about ownership by having the town council provide the quitclaim for my property.

Why is the Appraisal District ignoring the street easements within the neighboring ARB members property while continuing to insist that I don't own the easements within my property? Why is the Appraisal District targeting my property while ignoring everyone around me?

I believe this is clear evidence that the Appraisal District is continuing to engage in unfair and unequitable treatment under the direct supervision of the Chief Appraiser.


Let me know if you have any questions or require additional information.

Thank you,

Kent McAllister


---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, April 26, 2022 1:05 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Here is the correct attachment.

Kent McAllister


---

**From:** Meridian Contracting <mcallister@mcsitexas.com>

**Sent:** Tuesday, April 26, 2022 11:28 AM

**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>

**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I have attached a recent city council meeting agenda showing that one of my neighbors highlighted in purple on the map (13496) is requesting closure of the "paper streets" within their property. I wanted to provide an example of the unequal treatment I have been subjected to by the appraisal district. Although the property has the same "paper streets" within their property, the "paper streets" are not shown by the appraisal district. Additionally, account 18775 and 21106 are two additional examples of properties with the same "paper streets" running through their property which are not shown. Account 18775 is an Appraisal Review Board member.

I have attached a map of the colonial plat so you can see the "paper streets" platted in 1828 (divested by the city council in 1940) compared to the selective representation by the appraisal district. It is clear by the maps that my property is receiving unfair treatment. The "paper streets" exist in every direction leaving my property, but my property is the only one the appraisal district seems interested in "correcting". Hope this helps.

Any updates on the status of the appraisal district response?

Thanks,

Kent McAllister

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Monday, April 18, 2022 7:54 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

I am waiting for a response and the documents you provided appear to be the ARB findings, it's a bit different, but I will double check once I get a chance. I will contact you if I need any other information, again, thank you for the additional information.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Friday, April 15, 2022 3:10 PM

**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

**CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I just wanted to check the status of the complaint and see if anything is needed.

Thank you,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 11:31 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

In the paperwork I just sent you, Susan Rosinkski was one of the people claiming I didn't own the platted streets at the ARB hearing. She worked under the Chief Appraiser Carmen Ottmer. Susan was the one who left out the quitclaim deed when sending the information to the attorney and the person who said she had verified through the city secretary that I didn't own the platted streets. That claim by Susan wasn't true according to the PIA requests.

Thanks,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 11:14 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>

**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I found this in my documents. Not sure if it helps. I can't find anything that looks like what you sent. Sorry

Kent McAllister

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Tuesday, March 29, 2022 10:46 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. McAllister,

Thank you for the information, but that does not appear to be the official ARB documents that is usually is signed by the ARB board member. Here is an example.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 10:32 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

> **CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I have attached the 2019 ARB information I received from the Appraisal District, but the audio file they gave me on a thumb drive is too large to send via email.

Thank you,

Kent McAllister

6 / 9

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, March 23, 2022 3:12 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I found your message. It had been deleted with a couple of others. Not sure how that happened but I did hear your message.

Thanks,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, March 23, 2022 3:05 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr.  Ramirez,

Sorry I missed your call. I don't know what happened, but I didn't get your message so I missed any information you provided. I will send you the ARB information I received from the Appraisal District as requested in your email. Please let me know what else you asked for in the message and I will get it, or anything else you might need.

Thank you,

Kent McAllister

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Wednesday, March 23, 2022 2:26 PM
**To:** Meridian Contracting <mcallister@mcsitexas.com>

Subject: Case: PTP2022-6386; Gregory Cook; ACAD; contact info
Case 4:23-cv-04815   Document 1-2   Filed on 12/27/23 in TXSD   Page 129 of 172
Exhibit 2, pg. 129 of 159

Mr. Kent McAllister,

I left a message earlier today by calling the phone number 281-961-0334 after receiving your complaint that was filed against Gregory Cook with the Austin County Appraisal District (ACAD). My contact information is listed below. As a reminder, TDLR could be limited under the law, section 1151.204 and the rule, section 94.100. Again, as stated over the phone, once I get a response from ACAD, I will know more about their position and what other information I may need, if any.

Please provided a copy of the ARB hearing documentation as requested by phone on or before March 30, 2022 due date.

Due to COVID 19, most of the TDLR staff is working remotely at a safe environment. At this time, I can be reach at this other remote phone number, 210-439-4525. However, email would be the best response of communication and the office number is checked from time to time.

Armand Ramirez
Sr. Investigator
TX Dept. of Licensing & Regulation
PO Box 12157, Austin, TX 78711
armand.ramirez@tdlr.texas.gov

**WARNING / LEGAL DISCLAIMER- STATE AGENCY SENSITIVE**
All information contained in this email is considered the property of the Texas Department of Licensing & Regulation (TDLR). It may contain confidential and/or legally privileged information. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. Unauthorized interception, review, distribution, use, or disclosure to any news media, general public, or unauthorized individual(s) in any form may violate applicable laws and/or TDLR policy and subject the violator to civil and/or criminal penalties. In the event you are NOT the intended recipient and have received this email in error, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. You are asked to contact the sender immediately and destroy all copies of this communication.

**ADVERTENCIA / AVISO LEGAL-agencia estatal sensible**
Toda la información contenida en este correo electrónico es considerada propiedad del Departamento de licencias y regulación de Texas (TDLR). Puede contener información confidencial y/o legalmente privilegiada. Está destinado a ser leído sólo por el individuo o entidad a quien se dirige o por su designado. La interceptación no autorizada, revisión, distribución, uso o divulgación a cualquier medio de noticias, público

en general o individuo (s) no autorizado en cualquier forma puede violar las leyes aplicables y/o la política de TDLR y someter al infractor a sanciones civiles y/o penales. En el caso de que usted no es el destinatario deseado y ha recibido este correo electrónico por error, cualquier uso, difusión, reenvío, impresión o copia de este correo electrónico está estrictamente prohibido. Se le pide que contacte inmediatamente con el remitente y destruya todas las copias de esta comunicación.

 # Texas Department of Licensing and Regulation

**Enforcement Division**
*P. O. Box 12157 • Austin, Texas 78711 • (512) 539-5600 • (800) 803-9202 • fax (512) 539-5698*
*Website: www.license.state.tx.us*

September 14, 2022


KENT MCALLISTER
PO BOX 418
SAN FELIPE  TX 77473-0418


Re: Quarterly update on case number: **PTP20220006386**


Dear Kent Mcallister:

This letter is to inform you of the status of case number PTP20220006386.

**STATUS:** This case is open and under review by investigator Armand Ramirez.


You will continue to be notified quarterly of the status of this case until it is resolved.
Please contact us if you have any questions or concerns.



Sincerely,

Armand Ramirez
Investigator


---

*Austin Headquarters:  E.O. Thompson State Office Building • 920 Colorado • Austin, Texas 78701*



# Texas Department of Licensing and Regulation

**Enforcement Division**

*P. O. Box 12157   •   Austin, Texas 78711   •   (512) 539-5600   •   (800) 803-9202   •   fax (512) 539-5698*

*Website: www.license.state.tx.us*

March 9, 2023

KENT MCALLISTER
PO BOX 418
SAN FELIPE  TX 77473-0418

Re: Quarterly update on case number: **PTP20220006386**

Dear Kent Mcallister:

This letter is to inform you of the status of case number PTP20220006386.

**STATUS:** This case is open and under review by prosecutor Rebecca Burkhalter.

You will continue to be notified quarterly of the status of this case until it is resolved. Please contact us if you have any questions or concerns.

Sincerely,

Rebecca Burkhalter
Prosecutor

---

*Austin Headquarters:  E.O. Thompson State Office Building • 920 Colorado • Austin, Texas 78701*

**From:** Meridian Contracting mcallister@mcsitexas.com
**To:** Andra Morris Ellis andra@reagan.com
**Date:** Fri, Apr 7, 2023, 1:07 PM

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Thursday, February 23, 2023 8:56 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Prosecutor's legal assistant, Daniel Pierre, 5112-539-5681 and daniel.pierre@tdlr.texas.gov

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Thursday, February 23, 2023 7:10 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

**CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Can you provide me with the legal assistants contact information so I can request an update?

Thank you,

Kent McAllister

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Thursday, February 23, 2023 7:05 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

This case has been transferred to our legal department that will be reviewed a prosecutor who will decide the outcome of this case. A letter will be mailed and the prosecutor's legal assistant name, phone number and email will be provided for any questions.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, February 22, 2023 5:38 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

> **CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Armand,

Can you please provide an update on my complaint? I haven't been contacted in approximately 6 months and am unaware of my complaints current status.

Thank you,

Kent McAllister
281-961-0334

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Friday, July 8, 2022 7:08 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. McAllister,

I received your response and the information for this case, thank you. If I need any additional information, I will contact you.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Thursday, May 19, 2022 12:17 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>

**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

**CAUTION:** This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Here are the documents.

Thanks,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Thursday, May 19, 2022 11:03 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,


Thank you for your assistance with resolution of my complaint. I have two additional factual updates and I want to reiterate the key components of my complaint, re: the inequitable actions (and lack of action to stop), from the Chief Appraiser (and his staff members), which has continued since 2017 against me only in San Felipe, Texas.


I have obtained additional research from the Austin County deed records for two nearby properties which also contain old, abandoned and enfenced roads, roads which were initially established in the five leagues of land gifted to Stephen F. Austin in 1824. These two properties are:

1. The Franklin property (Account #18775, ACAD), which enfenced all of Baron de Bastrop just north and west of the lots conveyed originally by the San Felipe de Austin Corporation in 1942 to Charles and Myrtle Kunze. In the attached deed, Volume 136, pages 356-57, the corporation only conveyed the six lots, but does describe and include appurtenances (which per Strips and Gore law pertains to attached roads, specifically, to the middle of the road); and,

2. The Hill property (Account #21106, ACAD), has enfenced Baron de Bastrop Street between 4th Street and 5th Street, but was not conveyed to The Hills by San Felipe de Austin Corporation in 1958 (see attached deed, Volume 238, pages 254-56). Again, only the lots and appurtenances are conveyed. I have obtained chain of title research for the Franklin and Hill properties.

3 / 13

There is not a separate conveyance for the roads which they have enfenced filed with Austin County. The key distinctions which support my position that I am being singled out and inequitably treated by the chief appraiser and his staff, are easily seen with these two property accounts.

Neither property is broken-up into multiple accounts or taxed as if they do not possess ownership of the original lots conveyed and the old, abandoned and enfenced roads;

Neither property owner has been told by the appraisal district staff that they "will be allowed" to utilize agriculture exemption for the full property acreage, but may not convey this exemption to a future owner;

Neither property owner has experienced appraisal staff acting extra-judiciously in stating what property is proscribed in their conveyance deeds, or chain of title of deeds for all of the land owned going back to the initial sale from the Corporation of San Felipe de Austin;

Neither property owner has been told their property metes and bounds do not matter in determination of property boundaries;

Neither property owner experienced the appraisal staff contacting only the city secretary of San Felipe in their assessment of property ownership;

Neither property owner was left out of the review of property deeds prior to any action of being told what they do, or don't own; and,

Neither property owner was told an inaccurate statement in the Appraisal Review Board meeting that complete research was performed prior to the actions taken against me and that I did not own the old, abandoned roads. Please imagine what it was like to be told the county authorities have performed complete research and determined I do not own my land.

I have now performed complete chain of title research with the county deed records and am certain the appraisal staff did not. I have performed extensive research in municipal, county and state transportation codes to know my rights as a property owner and property owner taxpayer. I have requested and received two separate sets of Public Information Act documentation regarding my ACAD account and the communications between staff members.

At no time did Mr. Cook state in our November 2020 meeting that I would, or could, lose my ability to take a stand against this inequitable treatment if I followed his recommendation that no additional ARB review meeting was required because my property would be returned to pre-2017 status once my quit claim deed was provided. I canceled the hearing based on our agreement. I did provide the quit claim deed from the San Felipe de Austin Corporation as requested. The staff attorney later stated he didn't believe the quitclaim included the appurtenances (strips and gores). The Texas Supreme Court has rules that property conveyed includes the easements unless expressly excluded in clear language. I have since provided additional documentation proving that the town divested itself of the same roads in 1940. This is further evidence the town had no interest in the abandoned road easements. The attorney failed to mention this in his response.

4 / 13

Greg Cook said he would make sure the board knew my goal was to return all of my property to one account and one tax rate which would be achieved once I submitted the quitclaim deed and that I needed to file the request to join all property accounts two months later in January 2021 for the 2021 tax year.

The person who performed the chain of title research at the Austin County deeds office attended this meeting with me. She is certain I was not cautioned that I would lose future ability to stop the inequitable treatment if I did not attend the last scheduled ARB appeal, which is why we all agreed to cancel it. If you need to contact her, please email Andra Ellis at Andra@Reagan.com.

My key goals are to stop the harassment and inequitable treatment against me and my property by the Chief Appraiser and his staff, to have my property returned to one account and taxed appropriately (pre-2017 changes), and for no other taxpayer in this county to receive the inequitable treatment I have been subjected to. I have a right to fair and equitable treatment by the appraisal district staff per state tax law.

Please let me know if you need additional documentation or have any questions.

Thank you,

Kent McAllister
281-951-0334

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Wednesday, May 11, 2022 8:11 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. McAllister,

I received a response from Greg Cook attorney Chris Jackson who provided a statement listing the events that took place with a protest along with other findings. Here is a copy to review and there is a part of the law that Mr. Jackson had listed that limits TDLR authority on page 3, Law, section 1154.204 (a) and (b). It appears during the protest procedures that Mr. Jackson indicates that you did not move forward to the next level after the ARB findings for 2019 and you did not file any other protest the property boundaries for 2020 or 2021.

As a reminder, the section of the law that was identify above does limit TDLR regulation over a licensed appraiser. Mr. Jackson contact information is listed in the letter to discuss more of the details with the outcome of the protest for the 2019 tax year or any other issues relating to your complaint against Mr. Cook.

Once I get a chance to sort out Mr. Jackson evidence and put the documents together for the prosecutor to show the key information that relates to TDLR jurisdiction will be transferred to our legal department. Depending on the amount of documents that was received and information to review, may be take a period of time.

The prosecutor will have access to everything in the file to review and may reach out to any party with this case. The prosecutor will decide the outcome and a letter will be mailed to each party that will have the prosecutor's legal assistance name along with their phone number to ask any questions.

Due to COVID 19, most of the TDLR staff is working remotely at a safe environment. At this time, I can be reach at this other remote phone number, 210-439-4525. However, email would be the best response of communication and the office number is checked from time to time.

Armand Ramirez
Sr. Investigator
TX Dept. of Licensing & Regulation
PO Box 12157, Austin, TX 78711
armand.ramirez@tdlr.texas.gov

**WARNING / LEGAL DISCLAIMER- STATE AGENCY SENSITIVE**

All information contained in this email is considered the property of the Texas Department of Licensing & Regulation (TDLR). It may contain confidential and/or legally privileged information. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. Unauthorized interception, review, distribution, use, or disclosure to any news media, general public, or unauthorized individual(s) in any form may violate applicable laws and/or TDLR policy and subject the violator to civil and/or criminal penalties. In the event you are NOT the intended recipient and have received this email in error, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. You are asked to contact the sender immediately and destroy all copies of this communication.

**ADVERTENCIA / AVISO LEGAL-agencia estatal sensible**

Toda la información contenida en este correo electrónico es considerada propiedad del Departamento de licencias y regulación de Texas (TDLR). Puede contener información confidencial y/o legalmente privilegiada. Está destinado a ser leído sólo por el individuo o entidad a quien se dirige o por su designado. La

interceptación no autorizada, revisión, distribución, uso o divulgación a cualquier medio de noticias, público en general o individuo (s) no autorizado en cualquier forma puede violar las leyes aplicables y/o la política de TDLR y someter al infractor a sanciones civiles y/o penales. En el caso de que usted no es el destinatario deseado y ha recibido este correo electrónico por error, cualquier uso, difusión, reenvío, impresión o copia de este correo electrónico está estrictamente prohibido. Se le pide que contacte inmediatamente con el remitente y destruya todas las copias de esta comunicación.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, May 11, 2022 6:07 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

> **CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I haven't received any updates from your office since April 18, 2022 and am uncertain of the status of my complaint. I was given specific deadlines to respond to your office so I would assume the response to the complaint would have similar time limits. Can you please let me know when I should expect to receive additional information and if any additional documentation is needed?

Also, I retrieved the deed records for my neighbor's property who is on the Appraisal Review Board. His deed has the same language as my deed when describing the street easements. I was unable to find any specific conveyance of the street easement from the town for his property which the Appraisal District told me would be required as proof of ownership.

The Appraisal District initially stated that the lack of conveyance from the town for my street easements was proof that I didn't own the street easements within my property. Although they ignored the fact that the town had already divested its ownership of any street easements in 1940, I was still able to provide a quitclaim deed for my property because a previous owner made the effort to resolve any questions about ownership by having the town council provide the quitclaim for my property.

Why is the Appraisal District ignoring the street easements within the neighboring ARB members property while continuing to insist that I don't own the easements within my property? Why is the Appraisal District

targeting my property while ignoring everyone around me?

I believe this is clear evidence that the Appraisal District is continuing to engage in unfair and unequitable treatment under the direct supervision of the Chief Appraiser.

Let me know if you have any questions or require additional information.

Thank you,

Kent McAllister

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, April 26, 2022 1:05 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Here is the correct attachment.

Kent McAllister

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, April 26, 2022 11:28 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I have attached a recent city council meeting agenda showing that one of my neighbors highlighted in purple on the map (13496) is requesting closure of the "paper streets" within their property. I wanted to provide an example of the unequal treatment I have been subjected to by the appraisal district. Although the property has the same "paper streets" within their property, the "paper streets" are not shown by the appraisal district. Additionally, account 18775 and 21106 are two additional examples of properties with the same "paper streets" running through their property which are not shown. Account 18775 is an Appraisal Review Board member.

I have attached a map of the colonial plat so you can see the "paper streets" platted in 1828 (divested by the city council in 1940) compared to the selective representation by the appraisal district. It is clear by the maps that my property is receiving unfair treatment. The "paper streets" exist in every direction leaving my property, but my property is the only one the appraisal district seems interested in "correcting". Hope this helps.

Any updates on the status of the appraisal district response?

Thanks,

Kent McAllister

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Monday, April 18, 2022 7:54 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

I am waiting for a response and the documents you provided appear to be the ARB findings, it's a bit different, but I will double check once I get a chance. I will contact you if I need any other information, again, thank you for the additional information.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Friday, April 15, 2022 3:10 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

> **CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I just wanted to check the status of the complaint and see if anything is needed.

Thank you,

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 11:31 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

In the paperwork I just sent you, Susan Rosinkski was one of the people claiming I didn't own the platted streets at the ARB hearing. She worked under the Chief Appraiser Carmen Ottmer. Susan was the one who left out the quitclaim deed when sending the information to the attorney and the person who said she had verified through the city secretary that I didn't own the platted streets. That claim by Susan wasn't true according to the PIA requests.

Thanks,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 11:14 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I found this in my documents. Not sure if it helps. I can't find anything that looks like what you sent. Sorry

Kent McAllister

---

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Tuesday, March 29, 2022 10:46 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>

**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. McAllister,

Thank you for the information, but that does not appear to be the official ARB documents that is usually is signed by the ARB board member. Here is an example.

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 29, 2022 10:32 AM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** [ External Email ] Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

**CAUTION: This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!**

Mr. Ramirez,

I have attached the 2019 ARB information I received from the Appraisal District, but the audio file they gave me on a thumb drive is too large to send via email.

Thank you,

Kent McAllister

---

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, March 23, 2022 3:12 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

I found your message. It had been deleted with a couple of others. Not sure how that happened but I did hear your message.

Thanks,

Kent McAllister

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Wednesday, March 23, 2022 3:05 PM
**To:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Subject:** Re: Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Ramirez,

Sorry I missed your call. I don't know what happened, but I didn't get your message so I missed any information you provided. I will send you the ARB information I received from the Appraisal District as requested in your email. Please let me know what else you asked for in the message and I will get it, or anything else you might need.

Thank you,

Kent McAllister

**From:** Armand Ramirez <Armand.Ramirez@tdlr.texas.gov>
**Sent:** Wednesday, March 23, 2022 2:26 PM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** Case: PTP2022-6386; Gregory Cook; ACAD; contact info

Mr. Kent McAllister,

I left a message earlier today by calling the phone number 281-961-0334 after receiving your complaint that was filed against Gregory Cook with the Austin County Appraisal District (ACAD). My contact information is listed below. As a reminder, TDLR could be limited under the law, section 1151.204 and the rule, section 94.100. Again, as stated over the phone, once I get a response from ACAD, I will know more about their position and what other information I may need, if any.

Please provided a copy of the ARB hearing documentation as requested by phone on or before March 30, 2022 due date.

Due to COVID 19, most of the TDLR staff is working remotely at a safe environment. At this time, I can be reach at this other remote phone number, 210-439-4525. However, email would be the best response of communication and the office number is checked from time to time.

Armand Ramirez
Sr. Investigator
TX Dept. of Licensing & Regulation
PO Box 12157, Austin, TX 78711
armand.ramirez@tdlr.texas.gov

## WARNING / LEGAL DISCLAIMER- STATE AGENCY SENSITIVE

All information contained in this email is considered the property of the Texas Department of Licensing & Regulation (TDLR). It may contain confidential and/or legally privileged information. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. Unauthorized interception, review, distribution, use, or disclosure to any news media, general public, or unauthorized individual(s) in any form may violate applicable laws and/or TDLR policy and subject the violator to civil and/or criminal penalties. In the event you are NOT the intended recipient and have received this email in error, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. You are asked to contact the sender immediately and destroy all copies of this communication.

## ADVERTENCIA / AVISO LEGAL-agencia estatal sensible

Toda la información contenida en este correo electrónico es considerada propiedad del Departamento de licencias y regulación de Texas (TDLR). Puede contener información confidencial y/o legalmente privilegiada. Está destinado a ser leído sólo por el individuo o entidad a quien se dirige o por su designado. La interceptación no autorizada, revisión, distribución, uso o divulgación a cualquier medio de noticias, público en general o individuo (s) no autorizado en cualquier forma puede violar las leyes aplicables y/o la política de TDLR y someter al infractor a sanciones civiles y/o penales. En el caso de que usted no es el destinatario deseado y ha recibido este correo electrónico por error, cualquier uso, difusión, reenvío, impresión o copia de este correo electrónico está estrictamente prohibido. Se le pide que contacte inmediatamente con el remitente y destruya todas las copias de esta comunicación.

# Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

**From:** Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov
**To:** Meridian Contracting mcallister@mcsitexas.com
**Date:** Fri, Mar 4, 2022, 2:52 PM

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

**Jessica Sanchez**
*Senior Legal Assistant*
*Enforcement Division- Intake*
*Texas Department of Licensing & Regulation*
*512-539-5625*
Jessica.Sanchez@tdlr.texas.gov

# Re: Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

From: Meridian Contracting mcallister@mcsitexas.com
To: Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov
Bcc: Cynthia Kelly cynthia.kelly@mcsitexas.com
Date: Thu, Mar 17, 2022, 12:06 PM

    1.Property Tax Account Information.pdf 2.1 MB
    2. Property Photo, Survey, and Deed information.pdf 946 KB
    3.Austin County Appraisal District PIA Request.pdf 8 MB
    4. San Felipe PIA dated December 13, 2021.pdf 245 KB

Ms. Sanchez,

According to their website, the mission of the Austin County Appraisal District is to discover, list, and appraise all property within the boundaries of the district to estimate a fair and equitable market value for property taxation purposes.

Although my property has always been taxed as a single farm property, the Appraisal District suddenly decided to change the boundary description of my property several years ago without any notice. The Appraisal District separated my property into 6 different tax accounts after deciding that I didn't own old platted colonial street easements within my property. No other nearby properties were subjected to the same action and the changes resulted in less tax dollars to the tax district while encumbering my property unnecessarily. Why would the Appraisal District insist on doing this when it resulted in less tax revenue I wondered. Nothing required the Appraisal District to take this action. The Tax Code requires fair and equitable treatment, but one look at the Appraisal District map shows the obvious targeting of my property. I was very confused by the motives of the Appraisal District and wasn't sure how to correct the issue since the previous Chief Appraiser was insistent that the Town of San Felipe owned the platted streets. The Chief Appraiser position changed during this time, and I eventually met with the new Chief Appraiser Gregg Cook and explained the issue. I told him about researching the deed records and finding the additional quitclaim deed information. I asked for his help which he seemed happy to provide. The pandemic began after our meeting and the issue was shelved until we met again in 2021. I provided him the quitclaim deed information and thought the matter was settled. I was then notified that the Appraisal District wouldn't be changing its position on the issue after discussing it with their attorney.

In response, I requested information from the Appraisal District through the Public Information Act (PIA). The documents collected proved to me that the information used to support the Appraisal Districts sudden assertions appeared contrived. Appraisal District staff claimed the towns City Secretary had confirmed non-ownership of the platted colonial streets in my property survey, but they were unable to produce any evidence upon request. A PIA request was also provided to the City Secretary to confirm the districts claim. The City Secretary responded by providing a copy of my property survey without any statement or explanation. I haven't provided the town a copy of my

1 / 5

survey and the town doesn't maintain individual property records, so it seems odd that the Town ended up with a copy of my survey.

Documentation obtained through PIA requests showed that Appraisal District staff ignored the relevant quitclaim deed records when discussing the matter with BIS Consultants and the Appraisal Districts attorney. The attorney initially stated that the property metes and bounds along with the survey notes seemed to include the conveyed colonial streets, but felt my deed wasn't clear and so he agreed with the district staff that the colonial streets didn't belong to me. I informed the attorney through the Appraisal District that the 1957 quitclaim resolution document from the Town Council to a previous property owner was being ignored. The attorney seemed to be unaware of the quitclaim deed, so I sent a copy of it. The Chief Appraiser was copied on all email communications. The attorney then said the quitclaim resolution conveyance language didn't clearly "include" the colonial streets. Texas law says the exact opposite. The Texas Supreme Court has ruled that when property is conveyed from a grantor to a grantee, anything not expressly "excluded" by clear language from the conveyed property is included. A municipality conveying its own property is held to the same standard as anyone else. The attorney would know this. The property was under agricultural production and had been fenced as a single combined property prior to and at the time of the quitclaim resolution conveyance by the Town of San Felipe City Council in 1957. There would have been no need to maintain old platted and abandoned streets.

Additionally, historical records clearly demonstrate that the original pre-Republic colonial plat of the area had been abandoned when the town was burned to the ground in 1836. There were subsequent abandonments of newer town areas documented in cited research papers and other documents. As an example, the town donated 100 acres of land to the Texas Western Railroad for a depot with surrounding town area to encourage development. The railroad went bankrupt and the new town area with platted streets under private ownership was abandoned yet again.

While researching to defend against the persistent overreach by the Appraisal District, I discovered additional documents that show the Town had already "divested" itself of the roads in the town. This was additional evidence provided to the Chief Appraiser that the Appraisal Districts argument is without merit. Apparently, the Appraisal District made these decisions without researching the deed records. The Town Council divested its interest in all roads, streets, alleys, and bridges for the sum of $1.00 to Austin County in 1940. This happened 17 years before the Town Council had provided a quitclaim deed to settle any dispute of ownership related to my property. Other related documents prove that the County took possession and responsibility for all roads, streets, alleys, and bridges within the Town of San Felipe city limits at that time. The documents state that only existing roads were maintained from that time moving forward due to the cost of maintenance which the town couldn't afford. Additionally, Section 251.057 of the Texas Transportation Code states: a county road is abandoned when it's use has become so infrequent that one or more adjoining property owners have enclosed the road with a fence continuously for at least 20 years. My property has been enclosed for more than 80 years. Furthermore, there are no Town or County maps after 1836 that show the old, abandoned streets within my property. The Chief Appraiser acknowledged that the documents provided to him prove that it is not possible for the Town or the County to own the old plated streets. He has still chosen not to correct the record. Why?

I believe certain Appraisal District staff targeted my property while ignoring my surrounding neighbors including an Appraisal Review Board (ARB) member with the same abandoned platted streets. I have served on the town City Council and the City Secretary has openly campaigned against me. It is no secret that the City Secretary uses her position to create issues for those she doesn't like. I find it disturbing that the Chief Appraiser would continue to ignore the facts and not correct the record. This is completely out of line with the purpose of the appraisal system and its intent. I filed a complaint with the Texas Department of licensing and regulation (TDLR) due to the Chief Appraiser not correcting the issue when provided the supporting information. I would point out the current Chief Appraiser Mr. Cook hired the previous Chief Appraiser Carmen Ottmer who initiated the original action. She currently works with the Appraisal District under the Chief Appraiser. I believe he has a legal and ethical obligation to simply assess and collect property tax. I clearly own the property within my fence line and the assertion that the Appraisal Districts actions and efforts have been with the intent of lowering my tax obligation is laughable. Ms. Deanne Gonzalez with BIS Consultants stated in her email to Susan Rosinski Tuesday August 6, 2019, "however, if you want us to merge them together, we can. This might make the district more money since you'd be taxing more acreage." This is evidence that the districts efforts were even being questioned internally.

I know this is a lot of information to review. I appreciate your consideration in this matter and have attached the related documents. If you have any questions or require additional information, please let me know.

Thank you,

Kent McAllister


Attachments:
1. Property Tax Account Information
2. Property Photo, Survey, and Deed Information
3. Austin County Appraisal District PIA Request

> Please provide the documentation Susan Rosinski used to determine that the taxpayer does not own the streets. (Quitclaim deed is included in documents)
>
> Also, please provide the documentation provided by the Town of San Felipe to Susan Rosinski verifying the taxpayer does not own the streets.
> (No such document exists)
>
> Please provide a copy or notes, memos or any other communication sent to the attorneys and a copy of the ruling provided by the attorneys. (Quitclaim deed document is missing from transmitted documents)
>
> Please provide a copy of any correspondence to the taxpayer requesting clarification of

street owners. (No such document exists)

4. San Felipe PIA dated December 13, 2021

**From:** Meridian Contracting <mcallister@mcsitexas.com>
**Sent:** Tuesday, March 8, 2022 6:54 AM
**To:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Subject:** Re: Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Jessica,

Thanks for the response. I will put together the information you requested and send it to you once I have it all together. Let me know if you need anything else.

Thank you,

Kent McAllister
281-961-0334

**From:** Jessica Sanchez <Jessica.Sanchez@tdlr.texas.gov>
**Sent:** Friday, March 4, 2022 2:52 PM
**To:** Meridian Contracting
**Subject:** Complaint filed against Greg Cook with Austin CAD, complaint #PTP20220006386/ Tracking #126915

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint you filed against Greg Cook with Austin CAD. In order for us to proceed further with our review of your complaint, we will need some additional information. Specifically, please provide me with copies of the documentation from Austin County Appraisal District showing the altered information mentioned in your complaint, a copy of your property card (if available), a copy of your deed mentioned in your complaint, copies of the recording of your protest

4 / 5

hearing and any documentation from the hearing, and any other documentation in support of your complaint.

Please provide the requested information in response to this email no later than March 18, 2022, so that we may proceed with our evaluation of your complaint and determine whether an investigation is warranted. If we do not hear from you within the time frame listed above, then our department will not be able to pursue this matter and no further action will be taken on your complaint. **When you respond to this letter, please refer to the complaint number shown above**, and please direct your response to my attention. We look forward to hearing from you.

Sincerely,

**Jessica Sanchez**
*Senior Legal Assistant*
*Enforcement Division- Intake*
*Texas Department of Licensing & Regulation*
*512-539-5625*
Jessica.Sanchez@tdlr.texas.gov

# Complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386/ Tracking #126915

**From:** Jessica Sanchez Jessica.Sanchez@tdlr.texas.gov

**To:** Meridian Contracting mcallister@mcsitexas.com

**Date:** Fri, Mar 18, 2022, 3:08 PM

Complainant Opening Letter.pdf 289 KB

Dear Kent McAllister,

Please see the attached Complainant Opening Letter regarding the complaint filed against Gregory A. Cook with Austin CAD, case #PTP20220006386.

Sincerely,

**Jessica Sanchez**

*Senior Legal Assistant*

*Enforcement Division- Intake*

*Texas Department of Licensing & Regulation*

*512-539-5625*

Jessica.Sanchez@tdlr.texas.gov

**TEXAS DEPARTMENT OF LICENSING & REGULATION**

Enforcement Division • PO Box 12157 • Austin, Texas 78711 • (512) 539-5600 • Fax (512) 539-5698

*www.tdlr.texas.gov*

March 18, 2022

KENT MCALLISTER
mcallister@mcsitexas.com

Re: Complaint filed against Gregory A. Cook with Austin CAD, Case #PTP20220006386/
Tracking #s: 126915, 127068, 127353, 127760, 127852, & 128138

Dear Kent McAllister:

The Texas Department of Licensing and Regulation (the Department) has received the complaint filed against Gregory A. Cook with Austin CAD. The complaint has been opened for investigation under case number PTP20220006386. The case is assigned to Investigator Armand Ramirez, who will be contacting you for information regarding the complaint.

You may contact Investigator Ramirez by email at Armand.Ramirez@tdlr.texas.gov, by phone (512) 539-5638, or by mail at: TDLR-Enforcement Division, P.O. Box 12157, Austin, TX 78711. Please provide the case number on all correspondence.

A brief description of the Department's complaint policies and procedures can be found on our website at http://www.tdlr.texas.gov/investigation.htm. If you cannot access this information or you would like a copy mailed to you, please call the Enforcement Division at 512-539-5600.

Sincerely,

*Jessica Sanchez*

Jessica Sanchez
Intake Legal Assistant
Enforcement Division



**PERDUE BRANDON**
**FIELDER COLLINS & MOTT LLP**
*ATTORNEYS AT LAW*

**Christopher S. Jackson**
**Partner**
3301 Northland Drive, Suite 505
Austin, Texas 78731
**p:** 512-610-0730
**f:** 512-323-6963

**w:** www.pbfcm.com

April 22, 2022

**VIA EMAIL: armand.ramirez@tdlr.texas.gov**
Mr. Armand Ramirez
Senior Investigator, Enforcement Division
Texas Department of Licensing and Regulation
P.O. Box 12157
Austin, TX 78711-2157

**Re:    Complaint PTP20220006386 filed by Mr. Kent McAllister against Mr. Gregory A.
         Cook, Chief Appraiser with the Austin County Appraisal District.**

Dear Mr. Ramirez:

Your agency has initiated an investigation against Mr. Gregory A. Cook, who is the Chief Appraiser for the Austin County Appraisal District (hereinafter the "District"). *See* Ex 1. Our law firm has been retained to assist Mr. Cook and the District regarding this matter. *See* Ex. 2. Your deadline to respond is Monday, April 25, 2022. *See* Ex. 3. Per your instructions, please accept this written response to the above referenced complaint, before the deadline, on behalf of our client.

Mr. Kent McAllister filed the above referenced complaint on approximately January 11, 2022. *See* Ex. 4. In general, Mr. McAllister complains about his ownership of land and the District's listing of it.

Mr. Cook has not committed any TDLR violations involving the allegations in this complaint. He is in full compliance with the requisite laws, rules, appraisal and operational standards, and ethics of the Texas property tax system and TDLR.

<u>**Timeline and Events**</u>

It is my understanding that in 2021 Mr. McAllister made complaints about the status of his property and made open records requests. On December 7, 2021, the District asked our law firm to review a letter and a deed relating to Mr. McAllister's properties in San Felipe, Texas. Specifically, we were asked if the deed he received from the Brenner Family Partnership included the platted but unopened streets that surrounded some of the lots that Mr. McAllister owned (the Lots). "Unopened" streets are those that appear on a plat but that have not been constructed.

My law partner, Dylan Wood, reviewed this matter for the District. Mr. McAllister's deed was provided to Mr. Wood. That deed described the property as "9.206 acres of land (being 12.666 acres less 3.46 acres in road) out of the Old Town of San Felipe…" A survey accompanied the

1

deed that again referenced a "12.666 total acre tract, less 3.46 acre in road and leaving NET ACREAGE of 9.209 acres..." *See* Ex. 5. Mr. Wood also noted that the deed also makes the conveyances "subject to" a survey plat of May 26, 2005 that references street names. Mr. Wood also noted that conveyances that are "subject to" something denotes a restriction on conveyance not an additional grant. In Mr. Wood's opinion, the Brenner deed did not convey the streets to Mr. McAllister.

Mr. McAllister later provided additional deeds that referenced the Lots that covered the same land under the Brenner deed. *See* Ex. 6. One of the deeds explained that a recorded conveyance from the Town of San Felipe to a predecessor in interest was not found in the deed records of the county, but that the Town Alderman had determined that it had in fact conveyed the Lots and passed a resolution to execute a quitclaim deed for the Lots to a predecessor in interest.

Mr. Wood reviewed these deeds in Ex. 6, particularly the bottom page 7 and page 8 of the pdf version. See Ex. 7. Mr. Wood believed these deeds clearly disclaimed any interest in the lots, but no reference was made to the streets. There were no metes and bounds descriptions in either deed that would indicate the City of San Felipe was disclaiming any interest in the platted streets or that the conveyance was for anything besides the platted lots. The only reference made was to the Lots themselves.

Further, there is an Owner's Title Policy that appears to exclude streets and lists the land in the policy as "9.209 acres (12.666 acres less 3.46 ACRES IN ROAD". See Ex. 8. Mr. Wood advised the District and Mr. Cook that the deeds that identified the Lots did not appear to include the streets. It is our understanding that Mr. Wood's opinion was shared with Mr. McAllister, which led to his complaint to TDLR against Mr. Cook.

### Response

Under Texas law, once dedicated, a plat that includes land for streets becomes irrevocable. *Copeland v. City of Dallas*, 454 S.W.2d 279, 284 (Tex. Civ. App.—Dallas 1970 writ ref'd n.r.e)(citations omitted). It does not matter that the streets are not immediately opened. *Id* at 285. In Mr. McAllister's matter, it appears that the streets were dedicated to the Town of San Felipe by the Mexican government when this area of Texas was a colony and prior to the formation of the Republic of Texas. While the streets may never have been opened and people over the years have used the unopened streets as if it was their own land, including the construction of improvements, adverse possession does not against a city. Tex. Civ. Prac. & Rem. Code Ann. § 16.061.

The deeds that Mr. McAllister referenced do not show that the streets were "vacated," they merely identify the Lots, and the District has identified the Lots in the legal descriptions of Mr. McAllister's property cards. *See* Ex. 9.

There is a legal process in place for Home Rule of General Law cities to close or vacate dedicated streets. Tex. Transp. Code Ann. § 311.007, 311.008. Until clear evidence exists that the streets have been vacated, the District must go by what is on the deeds. The deeds only mention lots.

The District is charged with appraising property for tax purposes. Tex. Tax Code Ann. § 23.01. The District does *not* determine title to land, which can only be made in a Trespass to Try Title action. Tex. Prop. Code Ann. 22.001. Mr. McAllister's claims that the District is "taking land" is incorrect.

Prior to 2018, the District assumed that Mr. McAllister owned land that had an effective acreage of 15.26, which included 3.46 acres of unopened streets. For the 2018 tax year, the District could not conclude that Mr. McAllister owned the unopened streets and thus reduced his effective acreage by 3.46 acres, which totaled 11.836 acres.

This action did not "take" any property away from Mr. McAllister. He still owns the land he originally obtained title to and the District cannot determine title. The only practical impact is that Mr. McAllister's tax bill was reduced because of the District's determination.

Mr. McAllister did file a protest on May 30, 2019, with the Austin County Appraisal Review Board for the 2019 tax year. *See* Ex. 10. It identified multiple grounds for protest including "Other: Property boundaries and use." The use of "Other" is allowed under Tax. Tax Code Ann. § 41.41(a)(9) to protest "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." Mr. McAllister protested the boundary issue to the appraisal review board, which issued orders denying the protest on September 24, 2019. Under state law, Mr. McAllister could have appealed the decision of the appraisal review board to district court within 60 days after receiving the notice of the order, but he failed to do so. Tex. Tax Code Ann. § 42.21(a). Mr. McAllister did not protest the "property boundaries" matter in either 2020 or 2021.

Mr. Cook denies Mr. McAllister's allegation in his complaint that he or his staff have denied Mr. McAllister due process, made false statements of fac, omitted relevant information to support claims, acted illegally, taken land, of violated the law and constitution. *See* Ex. 4.

**This matter should be dismissed because it does not credibly allege a violation.**

Ms. McAllister's complaint should be dismissed because the Texas Legislature amended Texas Occupations Code Section 1154.204 in 2013 to state: **DISMISSAL OF COMPLAINTS**

(a)    After investigation, the department **may dismiss a complaint**, in part or entirely, without conducting a hearing if the **complaint does not credibly allege a violation** of this chapter or the standards established by the commission for registrants under this chapter.

(b)    **After investigation, the department shall dismiss a complaint, in part or entirely, without conducting a hearing if:**
      (1)    **the complaint challenges:**
          (A)    the imposition of or failure to waive penalties or interest under Sections 33.01 and 33.011, Tax Code;
          (B)    the appraised value of a property;
          (C)    the appraisal methodology;

      (D)    the grant or denial of an exemption from taxation; or

      (E)    **any matter for which Title 1, Tax Code, specifies a remedy, including an action that a property owner is entitled to protest before an appraisal review board under Section 41.41(a), Tax Code; and**

    (2)    **the subject matter of the complaint has not been finally resolved in the complainant's favor by an appraisal review board,** a governing body, an arbitrator, a court, or the State Office of Administrative Hearings under Section 2003.901, Government Code.

Mr. McAllister's allegations in his complaint are not credible or valid. Further, they have been brought before the Austin County ARB and were not resolved in his favor. Therefore, this matter should be quickly dismissed.

### Conclusion

Mr. Cook has acted in good faith regarding this matter. He sought and obtained the advice of legal counsel and he also acted within his authority regarding the effective acreage of Mr. McAllister's property in listing it in the District's records.

If it is ultimately determined someday in a court of law that Mr. McAllister indeed does own the unopened city streets, Mr. Cook would have "got it wrong," however, he has not acted outside of his authority. *See Williams v. Houston Firemen's Relief and Retirement Fund,* 121 S.W.3d 415, 430 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Mr. Cook has followed the Texas Property Tax Laws and Rules regarding the allegations in this matter. Mr. McAllister's complaint as to Mr. Cook, or the District, its staff, and their actions is baseless and deserves to be dismissed quickly.

If we can be of any further assistance to you in this matter during your investigation, please do not hesitate to contact me.

Sincerely,


*/S/ Christopher S. Jackson*

Christopher S. Jackson
Attorney-At-Law


cc:    Mr. Gregory A. Cook, Chief Appraiser, Austin County Appraisal District—Via Email
       Mr. A. Dylan Wood, Partner, PBFCM — Via Email

4

 # Texas Department of Licensing and Regulation

*Enforcement Division*
*P. O. Box 12157  •  Austin, Texas 78711  •  (512) 539-5600  •  (800) 803-9202  •  fax (512) 539-5698*
*Website: www.license.state.tx.us*

March 9, 2023

KENT MCALLISTER
PO BOX 418
SAN FELIPE  TX 77473-0418

Re: Quarterly update on case number: **PTP20220006386**

Dear Kent Mcallister:

This letter is to inform you of the status of case number PTP20220006386.

**STATUS:** This case is open and under review by prosecutor Rebecca Burkhalter.

You will continue to be notified quarterly of the status of this case until it is resolved.
Please contact us if you have any questions or concerns.

Sincerely,

Rebecca Burkhalter
Prosecutor



# Texas Department of Licensing and Regulation

*Enforcement Division*

P. O. Box 12157 • Austin, Texas 78711 • (512) 539-5600 • (800) 803-9202 • fax (512) 539-5698
*Website: www.license.state.tx.us*

September 1, 2023

KENT MCALLISTER
PO BOX 418
SAN FELIPE  TX 77473-0418

Re: Quarterly update on case number: **PTP20220006386**

Dear Kent Mcallister:

This letter is to inform you of the status of case number PTP20220006386.

**STATUS:** This case is open and under review by prosecutor Rebecca Burkhalter.

You will continue to be notified quarterly of the status of this case until it is resolved.
Please contact us if you have any questions or concerns.

Sincerely,

Rebecca Burkhalter
Prosecutor

Kent McAllister
223 Park Rd 38
Sealy, Texas 77474

County Judge's Office
Received _2-10-22_
By _ER_

February 10, 2022

**Tim Lapham**
**County Judge, Austin County**
One East Main
Bellville, Texas 77418

To Whom It May Concern,

Under the Texas Public Information Act, §6252-17a et seg., I am requesting copies of public records listed below.

In a February 1, 1940 Commissioners Court meeting, the court assumed the control and full responsibility of the maintenance and upkeep of all roads, streets, and alleys and of all bridges within the boundaries of San Felipe de Austin in the same manner and to the same extent that the Commissioners Court of Austin County, Texas, is authorized by law to control, maintain and keep up other roads, streets and alleys and bridges in Austin County Texas.

1.  Please provide any documents that may exist amending the resolution from the date of execution through today.

If there are any fees for copying these records, please inform me if the cost will exceed $ 25.00.

The Texas Public Information Act requires that you "promptly produce" the requested records unless, within 10 days you have sought an Attorney General's Opinion. If you expect a significant delay in responding to this request, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law.

Sincerely,

Kent McAllister
mcallister@mcsitexas.com
281-961-0334

# OFFICIAL RECEIPT

**Carrie Gregor, Austin County Clerk**
**One East Main**
**Bellville, Texas 77418**
**Phone Number: (979) 865-5911**
**Fax Number: (979) 865-0336**



| | |
|---|---|
| Payor | Receipt No. |
| KENT MCALLISTER | **2022-228775** |
| | Transaction Date |
| | 02/10/2022 |

| Description | Amount Paid |
|---|---|
| Miscellaneous Payment | |
| Copies | 4.00 |
| **SUBTOTAL** | 4.00 |

| | |
|---|---|
| **PAYMENT TOTAL** | **4.00** |

| | |
|---|---|
| Cash Tendered | 5.00 |
| Total Tendered | 5.00 |
| Change | 1.00 |

| 02/10/2022 | Cashier | Audit |
|---|---|---|
| 01:41 PM | Station VLT | 1292345 |

# OFFICIAL RECEIPT

**INTERLOCAL AGREEMENT FOR**
**STREET MAINTENANCE BETWEEN**
**AUSTIN COUNTY PRECINCT 3 AND CITY OF SAN FELIPE**

Austin County "COUNTY" and San Felipe "CITY" recognize that situations arise demanding the combined efforts of two or more governmental units to provide street maintenance.

Chapter 791, Texas Government Code, authorizes entry into agreements by and between local political subdivisions for the provision of governmental functions, services and administrative functions.

COUNTY and CITY desire to participate and cooperate in various street maintenance projects to maximize the efficiency, the availability of funds, labor, equipment and expertise of each entity.

COUNTY and CITY, have determined that it would be in the best interest of its citizens and inhabitants, to enter into an Interlocal Agreement "AGREEMENT" in order to provide better street maintenance by authorizing cooperation;

NOW, it is mutually agreed by and between COUNTY and CITY, as follows:

**ARTICLE I**

**Scope or Services**

**1.01   Services in General:**

COUNTY and CITY agree to render mutual street maintenance services and make available resources for such aid, providing that it is understood that the party rendering aid may withhold resources to the extent necessary to provide reasonable protection for the citizens within its jurisdiction. Requests for aid pursuant to this Agreement shall be made by and to the respective County Judge, Mayor, or their designated representatives. It is understood that each party , while rendering aid under this agreement, shall retain the same powers, duties, rights, privileges, and immunities as if it were performing its duties in the jurisdiction in which it is normally employed or rendered services.

**1.02   Standard of Services:**

It is agreed that parties to this Agreement shall make requisite assurances that all service personnel have the certification, qualifications, skill and expertise to perform the scope of services to be rendered.

**1.03   Specific Service:**

It is agreed that CITY shall purchase all materials for street repair and maintenance within CITY'S boundaries.  CITY shall reimburse COUNTY for equipment usage with exchange of services such as access and use of asphalt mixing site.  The County Commissioner of **Precinct 3**, of COUNTY, may after being requested by CITY, provide the labor and equipment necessary to perform the street repair and maintenance.

## ARTICLE II

### Remuneration

**2.01   Reimbursement for Services:**   n/a

**2.02   Reimbursement for Costs:**        *n/a*

## ARTICLE III

### Liability

**3.01**   COUNTY agrees to indemnify and hold CITY harmless with respect to any claim, demand, or suit based upon any service by CITY arising under this Interlocal Agreement. Notwithstanding any of the above provisions, if it is determined that CITY is solely negligent with regard to any claim, demand, or suit arising out of this Interlocal Agreement, CITY will hold COUNTY harmless and indemnify COUNTY for costs incurred.

**3.02**   CITY agrees to indemnify and hold COUNTY harmless with respect to any claim, demand, or suit based upon any service by COUNTY arising under this Interlocal Agreement. Notwithstanding any of the above provisions, if it is determined that COUNTY is solely negligent with regard to any claim, demand, or suit arising out of this Interlocal Agreement, COUNTY will hold CITY harmless and indemnify CITY for costs incurred.

**3.03**  It is understood that liability to all parties is limited by existing laws.

**3.04**  It is expressly understood and agreed that each party shall have no liability for the wages, disability payments, pension payments, damage to equipment and clothing, medical expenses, expenses of travel, food, lodging or other compensation, or expenses of personnel of another party's employees, regardless or whether the personnel performed services outside the jurisdiction of his or her employer.

## ARTICLE IV

### Time of Performance

**4.01**   It is expressly understood and agreed that the terms of this Agreement, shall become effective on January 1, 2013.

## ARTICLE V

### Termination

**5.01** It is expressly understood and agreed that this Agreement automatically terminates on the 31st day of December, 2013 and must be renewed annually.

**5.02**  It is expressly understood and agreed that this Agreement may be terminated at any time without cause by either party upon thirty (30) days written notice to the other parties.

Notice shall be given by registered or certified mail, return receipt requested, to the other party at the addresses set out below:

**City of San Felipe**

San Felipe, TX 77473 Attention: Mayor

**County of Austin**
**County Courthouse**
**Bellville, Texas 77418**
Attention: County Judge

## ARTICLE VI

### Laws. Statutes and Ordinances

**6.01**   The parties shall observe and comply with all federal, state, county and city laws, rules, ordinances and regulations in any manner affecting the conduct of services herein provided and performance of all obligations undertaken by this Agreement.

## ARTICLE VII

This instrument contains the entire Agreement between the parties relating to the rights granted and the obligations assumed. Any oral representations or modifications concerning this instrument shall be of no force or effect excepting a subsequent modification in writing signed by all the parties.

IN WITNESS WHEREOF, the parties have caused this Interlocal Agreement to be signed and approved by the proper officers of each of the contracting parties, and attested by the proper officers on the dates written below.

SIGNED on _5 / 1 / 2013_, 2013 in duplicate originals by order of City Council of San Felipe.

Mayor of San Felipe

By: _Bobby Byars_

Attest:

_[signature]_

City Clerk

SIGNED on *December 21, 2012*, in duplicate originals by order of Commissioners Court of Austin County.

County of Austin

By: _____

Carolyn Bilski County Judge

Attest:

_____

Carrie Gregor, County Clerk

**RE: FOI request**

From:  Tim Lapham  tlapham@austincounty.com
  To:  Meridian Contracting  mcallister@mcsitexas.com
Date:  Fri, Feb 11, 2022, 4:51 PM

We have looked before and not been able to locate anything else related to this matter.  I don't know when the interlocals began.  They would have been approved in court so the clerk's office would have record of that each year.  Sorry I can't be of more help than that but that's all the information I have.

*Tim Lapham*
**County Judge, Austin County**
One East Main
Bellville, Texas 77418
(979) 865-5911
(979) 865-8786 fax



CONFIDENTIALITY NOTICE:  This email & attached documents may contain confidential information.  All information is intended only for the use of the named recipient.  If you are not the named recipient, you are not authorized to read, disclose, copy, distribute or take any action in reliance in the information and any action other than immediate delivery to the named recipient is strictly prohibited.  If you have received this email in error, do not read the information and please immediately notify sender by telephone.  If you are the named recipient you are not authorized to reveal any of this information to any other unauthorized person.  If you did not receive all pages listed or if pages are not legible, please immediately notify sender by phone.

**From:** Meridian Contracting [mailto:mcallister@mcsitexas.com]
**Sent:** Friday, February 11, 2022 12:23 PM

**To:** Tim Lapham <tlapham@austincounty.com>
**Subject:** Re: FOI request

Tim,

Thanks for the quick response. I understand that the Interlocal Agreement addresses a mutual agreement for maintenance, but I am trying to find documents related to the control of streets within the Town of San Felipe. The Resolutions passed in February of 1940 by Austin County and San Felipe transferred all control of streets from San Felipe to Austin County.

"Now therefore, we the duly elected officers of the municipal corporation of the town of San Felipe de Austin, do here and now divest this council and it's successors in office of any control over the streets, roads, alleys, and bridges within the boundaries of said municipal corporation as shown by a map now on record in the County Clerks office in Austin County, Texas "

I am trying to find documents responsive to any updates that might have been made to that original agreement. If there had been any changes, do you know what year and where I could find the documents? I am having issues with the Appraisal District related to the old Pre-Republic roads within my property. I provided the quitclaim resolution from the Town, but that wasn't good enough apparently. I am gathering the additional information needed to defend my property rights. Any information you can provide related to the original agreements is appreciated. Also, when did the Interlocal Agreements begin, do you know?

Thanks,

Kent McAllister
281-961-0334

**From:** Tim Lapham <tlapham@austincounty.com>
**Sent:** Friday, February 11, 2022 10:47:02 AM
**To:** Meridian Contracting <mcallister@mcsitexas.com>
**Subject:** FW: FOI request

Kent,

2 / 6

As I have provided to Cynthia, find the attached Interlocal agreement with the City of San Felipe.  This agreement is renewed every year.  This is all the documentation that is in my office regarding roads in San Felipe.

*Tim Lapham*

**County Judge, Austin County**

One East Main

Bellville, Texas 77418

(979) 865-5911

(979) 865-8786 fax



CONFIDENTIALITY NOTICE:  This email & attached documents may contain confidential information.  All information is intended only for the use of the named recipient.  If you are not the named recipient, you are not authorized to read, disclose, copy, distribute or take any action in reliance in the information and any action other than immediate delivery to the named recipient is strictly prohibited.  If you have received this email in error, do not read the information and please immediately notify sender by telephone.  If you are the named recipient you are not authorized to reveal any of this information to any other unauthorized person.  If you did not receive all pages listed or if pages are not legible, please immediately notify sender by phone.

**From:** Tim Lapham [mailto:tlapham@austincounty.com]
**Sent:** Wednesday, October 14, 2020 12:36 PM
**To:** 'Cynthia Kelly' <cynthia.kelly@sanfelipetexas.com>
**Subject:** RE: FOI request

What I can find in the file is Interlocal agreements such as the one attached.  Feel free to come by and

review what we have and decide what you would like copies of.  Thanks.

*Tim Lapham*
**County Judge, Austin County**
One East Main
Bellville, Texas 77418
(979) 865-5911
(979) 865-8786 fax



CONFIDENTIALITY NOTICE:  This email & attached documents may contain confidential information.  All information is intended only for the use of the named recipient.  If you are not the named recipient, you are not authorized to read, disclose, copy, distribute or take any action in reliance in the information and any action other than immediate delivery to the named recipient is strictly prohibited.  If you have received this email in error, do not read the information and please immediately notify sender by telephone.  If you are the named recipient you are not authorized to reveal any of this information to any other unauthorized person.  If you did not receive all pages listed or if pages are not legible, please immediately notify sender by phone.

**From:** Cynthia Kelly [mailto:cynthia.kelly@sanfelipetexas.com]
**Sent:** Wednesday, October 14, 2020 12:22 PM
**To:** Tim Lapham <tlapham@austincounty.com>
**Subject:** Re: FOI request

Yes Sir. We have done an extensive search at the clerks office and found nothing to indicate a reversal from the 1940 document showing that Austin County is responsible for the upkeep of the roads and bridges in San Felipe.  It was suggested that we check with your office incase there was a document that indicated differently.  Just making sure we are following up on all possibilities.  We appreciate your

assistance.

 Cynthia.

Sent from my iPhone

On Oct 14, 2020, at 12:11 PM, Tim Lapham <tlapham@austincounty.com> wrote:


Cynthia,

I will look thru our files but what you will need is documentation approved by Commissioner's Court and recorded.  This would be in the County Clerk's office as they are the keeper of records for the Commissioner's Court.

*Tim Lapham*
**County Judge, Austin County**
One East Main
Bellville, Texas 77418
(979) 865-5911
(979) 865-8786 fax
<image002.png>

CONFIDENTIALITY NOTICE:  This email & attached documents may contain confidential information.  All information is intended only for the use of the named recipient.  If you are not the named recipient, you are not authorized to read, disclose, copy, distribute or take any action in reliance in the information and any action other than immediate delivery to the named recipient is strictly prohibited.  If you have received this email in error, do not read the information and please immediately notify sender by telephone.  If you are the named recipient you are not authorized to reveal any of this information to any other unauthorized person.  If you did not receive all pages listed or if pages are not legible, please immediately notify sender by phone.

**From:** Cynthia Kelly [mailto:cynthia.kelly@sanfelipetexas.com]

**Sent:** Wednesday, October 14, 2020 8:54 AM

**To:** tlapham@austincounty.com

**Subject:** FOI request

Good Morning Judge,

I hope this email finds you well.  I have attached an FOI for records to this email.  Thank you for your attention to this matter.

Sincerely,

Cynthia Kelly
San Felipe de Austin
"Colonial Capital of Texas"
Cynthia.kelly@sanfelipetexas.com