*Roberson*
*fenced town lots referenced in 1901 court affidavit Roberson.*
*No. 3845*

The State of Texas } In District Court
County of Austin } Summer Term 1901 —
   To Hon. L. W. Moore
Judge of said Court.
   Your Petitioner Catherine Roberson who sues in her own right and as natural Guardian and next friend to her minor daughter Fay Roberson, Plaintiffs complaining of P.A. Roberson, X.B. Roberson Guy Roberson and Emmett Roberson defendants, would respectfully represent to the court, that Plaintiffs and Defendants each & all reside in said Austin County, that Plaintiff Catherine Roberson is the surviving widow of John E. Roberson deceased, who died in said Austin County on about the    day of    1900, That said Fay Roberson is the only child the issue of the marriage between Plaintiff and said John E. Roberson dec'd & has no legal guardian. That deft P.A. Roberson is a brother of said John E. Roberson dec'd. That defendants X.B., Guy and Emmett Robersons are children of said John E. Roberson dec'd, by a former marriage, that said Guy & Emmett Roberson are minors under the age of twenty-one years and have no legal Guardian, that said John E. Roberson died at the date of his marriage with Plaintiff Catherine, on to wit July 10, 1892, owned a home on the Corporation town tract of the town of San Felipe, being lots 142, 143, 181, 182, 183, 202-203-204-247, 248, 249, 268-269, 270- ~~315-316-317~~ 139-140-141, 184, 185-186- 199, 200-201- 250-251 & 252 conveyed to said John E. Roberson dec'd by O.G. Cannon & wife by deed dated Dec 22, 1880, which deed is recorded in Book X pages 327 & 8- deed records of Austin County Texas— also lot 426, said

town of San Felipe conveyed to said John E Robinson decd, by the corporation of the town of San Felipe by deed dated April 11, 1884 recorded in said Austin county deed records in vol. 3, page 64, all of which lots comprising about twenty acres of land was the homestead of said J E Robinson decd and continued to be the homestead of said John E Robinson decd and Plaintiff Catherine, up to the time of his death in the spring or summer of 1900 and is now & has ever since been the homestead of plaintiff Catherine and said minor children. That said John E Robinson at the time of his marriage with Plaintiff Catherine, also owned Lot No 3 in block No 24 in the new addition to the town of ~~said~~ San Felipe, which last mentioned lot was conveyed to said John E Robinson by deed of date Apr 30, 1889, from said Corporation of the Town of San Felipe which deed is recorded in said deed records in vol 17, page 108 & 109. That on the 1st day of August 1895, defendant P A Robinson and John E Robinson decd bought in partnership from John Hill 98 acres of land in Austin county Texas near said town corporation described in said deed from said Hill to said Robinsons as follows. "All that certain tract or parcel of land being a part of the lower half of the S F Austin league about four miles above the town of San Felipe in Austin county Texas, Beginning at a stake on the NW side of the San Felipe and Bellville road set for North Cor.

of a tract of land heretofore conveyed by said John Hill to Joe Kurtz, thence with said road N 46 W 455 vrs to a stake, including a string of fence on this line, Thence S 45 W 1228½ vrs to a stake 5 feet N 45 E from said string of fence, Thence S 45 E 455½ vrs to a stake in said Kurtz NW line, Thence with said line N 45 E 1202½ varas to the place of beginning", which deed from said John Hill to said P.A. & John E. Robinson is of record in Vol 17, pages 109 & 110, of said Austin County deed records — That said 98 acres of land was, at the time of the death of said John E. Robinson, owned jointly by said P.A. Robinson & John E. Robinson, each owning an undivided one half thereof, that the same is still owned jointly by said P.A. Robinson and Plaintiff Catherine & Fay Robinson, and said L.B., Guy & Emmett Robinson, that Plaintiff Catherine owns in her own right an undivided one half of one half thereof, or one fourth of the whole tract — that said Plaintiffs Fay Robinson, L.B. Robinson, Guy Robinson, and Emmett Robinson, own jointly an undivided one half of one half thereof in equal portions, said one half of said 98 acres being the community property of John E. Robinson now deceased and plaintiff Catherine, that all the other land hereinbefore mentioned was the separate property of said John E. Robinson now deceased, and is owned jointly by said children, viz. Plaintiff Fay, defendants

X B. King, & Emmett Robinson in equal shares, each being entitled to an undivided one fourth of said land being the several lots hereinbefore mentioned encumbered however with the one third life estate therein held by plaintiff Catherine, and encumbered also with the homestead rights of plaintiff Catherine and her minor children Fay —

And plaintiff further shows to the court that said deft P. A. Roberson and said John E. Robinson at and before the death of said John E. Robinson owned jointly in equal shares, the following described personal property to wit — Seven head of into nearly Mules each branded JT And of the value of $75.00 each also ~~that John E Robinson and P A Roberson~~ 13 head of horses by 4 Mares of the value of $50.00 each 2 horses of the value of $30.00 each five yearling colts of the value of $30.00 each & two Bunny colts of the value of $15.00 each, the total value of all of said Mules, horses, Mares, Yearlings & Colts being $~~860.00~~ $1030.00 also 8 head of Cattle including all grades sizes & ages, branded JT And of the value of $80.00, also a lot of farm implements, such as wagons Cultivators, Stalk Cutter, turn plows And other articles which plaintiff can not now enumerate, but of the estimated value of $150.00 all of said property ~~and~~ being in one lot and And Plaintiff shows to the court that after her marriage with said John E Roberson, there was added to said homestead improvements as follows an addition enlarging the dwelling

house which improvements is worth $100.00 Also built a barn & hay shed of the value of $150.00 That she owns an interest in said homestead in addition to her 1/3 life estate equal to 1/2 the value of said improvements — Plaintiff represents that there is considerable community property between himself & said John E Robinson decd — the living household furniture also that she owns as her own separate property a bed room suit, sewing machine, buggy and some other articles of household furniture, an itemized bill of which community & separate property will be furnished on the trial hereof — Plff therein also shows to the Court that no administration has been had on the Estate of said John E Robinson deceased nor is administration necessary thereon, also that all of said town lots are used & have been for many years fenced as a farm & is & has long been used by said John E Robinson & his family as a home & it is upon said lots that the residence, barns & other improvements, that since 1895, the said 98 acres of land has also been used for farming by said John E Robinson decd & is a part & portion of the said homestead. Wherefore Plaintiff Catherine, says that in the partition of said property she is entitled to have set apart to her as a homestead for herself & said minor children all of said real estate except the 1/2 of said 98 acres

... that under the law she is entitled to One third of all the personal property which at the trial may be shown to have been owned by said John E Robinson at the date of his marriage with plaintiff Catherine And to 1/2 of all of said personal property which may be shown to have come into the possession of said John E Robinson And this plaintiff Catherine after their said marriage, and she alleges all of said personal property to be community property of herself & said John E Robinson deceased, Plaintiff Catherine says that she & her minor child Fay, have no other name than that herein described & owns no other property.

Wherefore Premises Considered Plaintiffs, Catherine for herself & her said Minor daughter Fay, bring this Suit, And prays process to each & all of said defendants Citing them & each of them to appear before the next regular Term of Your Honors Court to be held in Bellville Austin County Texas, on the 17th day of June 1901. At the hearing hereof Plaintiffs prays that a Guardian Ad litem be appointed to represent the interest of each & all of said Minors in this Cause – and prays for a Partition of all of said property shown to belong jointly to the said P A Robinson & the other parties to this Suit, That Commissioners be appointed to make such partition of said property Real & personal in kind, that all the

rest of said property real & personal after giving to said P A Robinson his share thereof, be set aside to Plaintiff Catherine & said Minor Children for their use as a homestead to be managed & controlled by plaintiff Catherine, but should the Court find that all of said property except such as said P A Robinson shall receive, ought also to be partitioned between Plaintiff Catherine & Fay Robinson and X B. Guy, & Emmett Robinson, then she said Catherine asks that her share of all of said property Real & personal be set aside to her and according to her interest therein as hereinbefore stated or as may be shown to the Court & to said defendants X B. Guy & Emmett Robinson & plff Fay Robinson their respective shares as herein stated or as may appear to the Court to be right & proper, encumbered however with the life estate of plaintiff Catherine and also encumbered with her homestead rights, And for Costs of suit. And for all such orders as plaintiff & said Fay Robinson may be entitled either in law or equity & for General relief

John R Bell
Atty for Plaintiffs

No. 3845

Victoria Williams
vs.
Virginia Plaz[?]
wife
et al

P.A. Robinson
atty

Filed May 28th 1901
86 Org. der. no. 6 it'd[?]