



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 10, 1948

Hon. Weldon B. Davis  
County Attorney  
Austin County  
Bellville, Texas

Opinion No. V-730

Re: The authority of the Commissioners' Court of Austin County to assume control over streets and alleys in an unincorporated town.

Dear Sir:

    Your opinion request presents the following question:

    "Does Austin County, through its governmental agency, to-wit, the Commissioners' Court of Austin County, have the right to assume control over the roads, streets and alleys in an unincorporated town and to open, vacate, maintain, etc., the streets, alleys and roads in such unincorporated town?"

    Article 2351, V. C. S. is in part as follows:

    "Each Commissioners' Court shall:. . .

    "3. Lay out and establish, change and discontinue public roads and highways. . .

    "6. Exercise general control over all roads, highways, ferries and bridges in their county."

    Article 6703, V. C. S. provides:

    "The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation

Hon. Weldon B. Davis, Page 2 (V-730)

of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. No part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued; and no entire first or second class road shall be discontinued except upon vacation or non-use for a period of three years. Said court shall assume and have control of the streets and alleys in all cities and incorporated towns in Texas which have no de facto municipal government in the active discharge of their official duties."

*[handwritten note: Town of San Felipe relinquished roads to county in 1940]*

In the case of Blair v. Archer County, 192 S.W. 2d 573, the Court stated as follows:

". . .

"(1) This suit is one brought solely for the purpose of preventing the defendant from obstructing the dedicated streets involved and from interfering with the use thereof by the public.

"It was the duty of the plaintiff, acting through its County Attorney, to bring such a suit.

". . .

"If the town of Dundee were incorporated, it would have been its duty, through its proper officers, to bring suit to prevent the obstruction of its streets and alleys, by a suit for injunction.

". . .

"Since the town is not incorporated, it seems to us that the next municipal corporation, having an interest in keeping open these streets and alleys within its borders --namely, the County of Archer--was the proper party to bring the injunction suit."

Hon. Weldon B. Davis, Page 3 (V-730)

The above case was reversed in Blair v. Archer County (Sup. Ct.) 195 S. W. (2d) 348, solely on jurisdictional grounds, but the opinion did not otherwise disturb the opinion of the Court of Civil Appeals.

By virtue of the foregoing authorities, it is the opinion of this office that all roads, streets, and alleys which are a part of the County Road System lying within an unincorporated town may be controlled and maintained by the Commissioners' Court of Austin County. Therefore, your question should be answered in the affirmative.

SUMMARY

Austin County, through its Commissioners' Court, has authority to assume control of and maintain roads, streets, and alleys of an unincorporated town which are a part of the County Road System.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *[signature]*
Burnell Waldrep
Assistant

BW:mw:bh

APPROVED:

*[signature: Fagan Dickson]*
FIRST ASSISTANT
ATTORNEY GENERAL