UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENTON MCALLISTER<br>    *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-04815 |
| TOWN OF SAN FELIPE,<br>AUSTIN COUNTY APPRAISAL DISTRICT,<br>AUSTIN COUNTY, and<br>DEED CLERK SUSAN ROSINSKI,<br>TOWN SECRETARY SUE FOLEY,<br>as individuals,<br>    *Defendants.* | § § § § § § § § | |

**DEFENDANT AUSTIN COUNTY'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant **AUSTIN COUNTY** ("County") files this Reply in Support of Its Motion to Dismiss Plaintiff **KENTON MCALLISTER'S** ("McAllister") Amended Complaint and in support thereof, would respectfully show the Court the following:

### I.   INTRODUCTION

McAllister's Response to the County's Motion to Dismiss ("Response") does not alleviate the legal deficiencies identified in the County's Motion to Dismiss ("Motion") and improperly brings new claims for the first time. First, McAllister's Response disregards the immunity issues barring his state law trespass to try title claim against the County. For that alone, to the extent McAllister has brought a state law trespass to try title claim against the County, McAllister's claim should be dismissed. Second, McAllister does not bring an abandonment cause of action under common law or the Texas Transportation Code against the County. Instead, McAllister uses the theory of abandonment to support his trespass to try title cause of action, which is barred by immunity. Finally, for the first time in his Response, McAllister improperly seeks declaratory

relief against County regarding the allegedly abandoned roads. The Court should decline to consider this relief.

As fully briefed below, and for the reasons stated in the County's Motion to Dismiss, the County respectfully requests that the Court dismiss McAllister's Amended Complaint under Rule 12(b)(6).

V. ARGUMENTS & AUTHORITIES

A. **McAllister's Response Does Not Allege Any Facts to Establish a Waiver of Immunity for His State Law Trespass to Try Title Claim**

As discussed in the County's Motion, the County contends that McAllister has abandoned any and all causes of action against it, including his state law trespass to try title claim. To the extent McAllister has not abandoned his state law trespass to try title claim, McAllister's Response fails to plausibly state a trespass to try title claim under state law.

A trespass to try title action against the State is barred by governmental immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388–89 (Tex. 2011) ("If the [plaintiff's] suit against the [defendant] is in substance a trespass to try title action, it is barred by sovereign immunity absent the Legislature's having waived its immunity").

McAllister has failed to allege facts that would establish a waiver of immunity for his trespass to try title claim against the County. In fact, there is no waiver of governmental immunity in a trespass to try title claim. *Sawyer Tr.*, 354 S.W.3d at 389. Because there is no applicable waiver of governmental immunity on McAllister's trespass to try title claim, McAllister's action against the County is barred.

B. **McAllister Does Not Bring an Abandonment Cause of Action against the County in his Amended Complaint**

In his Response, McAllister purports that he brings an abandonment claim against the

County under common law and Section 251.057 of the Texas Transportation Code. A reading of his Amended Complaint demonstrates that this is simply untrue. Rather, McAllister's uses the theory of abandonment to do nothing more than support his trespass to try title cause of action, which is barred by governmental immunity.

"To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 sw4 262, 265 (Tex. 2004).

McAllister's Amended Complaint can be construed to suggest that he believes he can succeed on his trespass to try title action by (1) regular chain of conveyances from the Sovereign;[1] and (2) superior title out of a common source.[2] First, McAllister appears to plead that he can recover on his claim under the theory of regular chain of conveyances from the Sovereign because he "can show chain of title of his entire Property from 1839 to the 2006 warranty conveyance, the 2015 contiguous property conveyance from his former father-in-law Larry Hodo (previous ownership by Brenner Family Limited Partnership), and the 2023 quitclaim conveyance to Plaintiff by Brenner Family Limited Partnership."[3]

Second, McAllister appears to plead that he can recover on his claim because he has superior title to the subject roads out of a common source—the abandonment and sale of the roads.[4] The heart of McAllister's argument is that his title is superior because the roads were abandoned. McAllister's Response argues that the subject roads meet the criteria for abandonment under

---

[1] Dkt. 29 ¶ 51.
[2] *Id.* ¶ 55.
[3] *Id.* ¶ 51.
[4] *Id.* ¶ 55 ("Plaintiff asserts that no one has physically used these platted roads since at least 1901, and to the extent that they have ever been used, such used has been abandoned."); *see also id.* ¶ 57 ("The Town claims that the division of the land is necessary due to the existence of the colonial-era roads, though no evidence has been provided to support this assertion or why it applies only to Plaintiff's Property.").

common law and Section 251.057 of the Texas Transportation Code because the "colonial-era roads have not been used as actual roads for at least 63 years."[5] By alleging that the roads have been abandoned, McAllister does not bring a separate cause of action for abandonment against the County. Instead, it is clear that McAllister uses the concept of abandonment to support his trespass to try title cause of action, arguing that the abandonment of the roads establishes a common source which is superior to any claim to the roads any of the Defendants may have.[6] However, as discussed above, any state law trespass to try title cause of action is barred by governmental immunity. Thus, any argument McAllister uses to support his trespass to try title claim is futile as he has failed to plead any waiver of immunity. In sum, McAllister has not pled an abandonment cause of action under common law or the Texas Transportation Code against the County, and his Amended Complaint should not be construed as such.

**C.    The Declaratory Relief Raised by McAllister for the First Time in His Response Should Not Be Considered by the Court**

McAllister improperly seeks declaratory relief against the County for the first time in his Response. When considering a motion to dismiss a complaint, a court can only rely on the complaint, documents properly attached to the complaint, or incorporated into the complaint by reference and matters of which a court may take judicial notice. *Wolcott v. Seblius*, 635 F.3d 757, 763 (5th Cir. 2011). If a plaintiff raises an argument for the first time in a pleading file in response to a motion to dismiss instead of in their complaint, the argument is not properly before the Court. *See Dixon v. Ally Bank¸*853 F. App'x 877, 878 (5th Cir. 2021). "[I]t is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Diamond*

---

[5] *Id.* ¶ 66.
[6] *Id.* ("Clearly, the roads on Plaintiff's Property meet the criteria for common-law abandonment, voiding any right the city might have to divide and claim ownership of any of Plaintiff's Property).

*Beach Owners Assoc. v. Stuart Dean Co., Inc.*, No. 3:18-CV-0173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018).

For the first time in his Response, McAllister seeks declaratory relief that the County abandoned the subject roads under both common law and Texas Transportation Code § 251.057.[7]

Nowhere in McAllister's Amended Complaint does he seek to declare that the County abandoned the roads under either common law or the Texas Transportation Code. Instead, a plain reading of McAllister's Amended Complaint shows that he asks the Court to declare the following:

- the Property is owned by McAllister "subject to the Individual Defendants' discrimination; and

- the Individual Defendants have discriminated against McAllister.[8]

Because McAllister seeks this declaration for the first time in his Response, the Court should not consider this relief.

## VI.   PRAYER

Based on the foregoing, the County prays the Court grant its Motion to Dismiss and order that all of Plaintiff's claims against it be dismissed with prejudice. The County also prays that the Court grant such other and further relief to which it is justly entitled.

---

[7] Dkt. 43 ¶ 2.
[8] Dkt. 29 ¶¶ 100–05.

Respectfully submitted,

*/s/ Tiffany Pham*
**Tiffany Pham – Attorney-in-Charge**
State Bar No. 24100495
Federal I.D. No. 3309872
tpham@germer.com
**Larry J. Simmons – Of Counsel**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANT AUSTIN COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2024, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Tiffany Pham*
**Tiffany Pham**