United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KENTON MCALLISTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4815 |
| | § | |
| TOWN OF SAN FELIPE, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM AND OPINION**

This is a dispute over the ownership of 3.46 acres of undeveloped roads in Austin County, Texas.  Kenton McAllister owns the 9.209 acres of land surrounding the roads.  In this lawsuit, McAllister asks the court for an order quieting title to the roads in his name, an injunction, a declaratory judgment, and damages.  The causes of action asserted in the amended complaint are constitutional claims under 42 U.S.C. §§ 1983 and 1985(3), a due process unconstitutional takings claim, and a state-law trespass to try title claim.  The defendants are the Town of San Felipe; Austin County; the Austin County Appraisal District; the Chief Appraiser, Greg Cook; the Deed Clerk, Susan Rosinski; and the Town Secretary, Sue Foley.  Cook, Rosinski, and Foley are sued in their individual capacities.  (Docket Entry No. 29).

The defendants other than Austin County filed a joint motion to dismiss the amended complaint.  (Docket Entry No. 37).  Austin County filed a separate motion to dismiss.  (Docket Entry No. 40).  McAllister responded to both.  (Docket Entry Nos. 41, 43).  Austin County and the remaining defendants replied to McAllister's responses.  (Docket Entry Nos. 42, 44).

Based on the pleadings, the briefing, and the applicable law, the court grants the motions to dismiss McAllister's claims against all defendants. The federal claims are dismissed with prejudice because further amendment would be futile. With no federal claims remaining, this court declines to exercise supplemental jurisdiction over the remaining state-law claim. The state-law claim is dismissed without prejudice.

McAllister has filed a motion for discovery, (Docket Entry No. 45), and the defendants have responded, (Docket Entry No. 46). Because the discovery McAllister seeks is not necessary to resolve the motion to dismiss, his motion for discovery is denied as moot.

The reasons for these rulings are explained below.

## I.    Background

In 2006, McAllister purchased property in Austin County, Texas by warranty deed from the Brenner Family Limited Partnership. (Docket Entry No. 29 at ¶ 23). The warranty deed describes the property that McAllister purchased as:

> 9.209 acres of land (being 12.666 acres less 3.46 acres in road) out of the Old Town of San Felipe, Austin County, Texas, being more particularly described in EXHIBIT "A" attached hereto and made a part hereof for all intents and purposes.

This conveyance is made and accepted SUBJECT TO the following:

> 1.  Fourth street, Third Street and Baron De Bastrop Street as shown on survey plat dated May 26, 2005, by Frank Surveying Co., Inc.

(Docket Entry No. 32-1 at 25). The field notes in the survey also exclude "3.46 acre in road" from the "12.666 total acre tract." (*Id.* at 23).

In May 2018, the Austin County Appraisal District notified McAllister that his property would be divided into multiple parcels for appraisal and tax purposes, based on the Town Secretary's conclusion that McAllister did not own the roads within his property. (Docket Entry No. 29 at ¶ 26).

2

In December 2023, McAllister obtained a quitclaim deed from the Brenner Family Limited Partnership that covered the entire property, including the roads.  (*Id.* at ¶ 39).  The Austin County Appraisal District has accepted this deed for tax purposes but "recognizes that its determination of ownership for tax purposes is not dispositive for any other purpose," including whether the public's right-of-way interest in the roads has been abandoned.  (Docket Entry No. 37 at 13–14 & n.3; Docket Entry No. 29 at ¶ 40).  As of March 2024, the Town's position is that its "interests [in the roads] were never abandoned."  (Docket Entry No. 32-4 at 6).

In this suit, McAllister claims that he owns the 3.46 acres of roads.  He makes three arguments: first, that the warranty deed conveyed the entire 12.66 acres to him; second, that the December 2023 quitclaim deed resolved any doubt that he owns the roads; and third, that if not conveyed by either deed, the 3.46 acres of road were abandoned and McAllister acquired them.

## II.      The Legal Standard for a Motion to Dismiss

Austin County moved to dismiss under Rule 12(b)(6).  (Docket Entry No. 40).  The other defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6).  (Docket Entry No. 37).

### A.      Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting reference omitted).  The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

**B.      Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

4

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## III.   Analysis

### A.   The Federal Claims

#### 1.   Equal Protection

McAllister asserts that the individual defendants violated his equal protection rights by contesting his ownership of the roads and dividing his property. (Docket Entry No. 29 at ¶¶ 72–82). His class-of-one equal protection claim fails because he does not allege different treatment without a rational basis and with a discriminatory intent. *See Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016).

The rational basis for denying that McAllister owned the roads is that the warranty deed conveying the property to McAllister expressly excepted the roads. (Docket Entry No. 32-1 at 25). McAllister alleges that "similar neighbors" are not subject to the same treatment because he is the only property owner in San Felipe who has property that includes enclosed roads and that has been divided for tax purposes. (Docket Entry No. 29 at ¶ 102). He does not, however, identify another individual with a warranty deed that similarly excludes the roads running through the property. McAllister alleges that other property owners have obtained quitclaim deeds from San Felipe, but he does not allege that he ever sought a quitclaim deed from the town for the roads on his property. The elements of the absence of rational basis and of the presence of discriminatory intent lack sufficient allegations to support them, which is fatal to McAllister's equal protection claim under 42 U.S.C. § 1983. *See Integrity Collision Ctr.*, 837 F.3d at 586. McAllister's equal protection conspiracy claim under 42 U.S.C. § 1985(3) fails for the same reasons. *See Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994) (noting that, to state a claim under 42 U.S.C. § 1985(3),

a plaintiff must allege the defendants conspired "for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws").

### 2.    Takings

The takings claim is even less plausible.  The Takings Clause in the Fifth Amendment prohibits the government from taking private property for public use without just compensation. U.S. CONST. amend. V; *see also Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019).  In order to plead a takings claim, a plaintiff must allege a valid property interest.  *See Degan v. Bd. of Trs. of Dallas Police & Fire Pension Sys.*, 956 F.3d 813, 814–15 (5th Cir. 2020).  A taking occurs when the government "authorizes a physical occupation of property (or actually takes title)" or regulates property use in a way that "unfairly single[s] out the property owner to bear a burden that should be borne by the public as a whole."  *Yee v. City of Escondido*, 503 U.S. 519, 522–23 (1992).

McAllister has failed to plausibly allege that the defendants deprived him of a valid property interest.  It is the official warranty deed that establishes ownership, not the appraisal records that the individual defendants are in charge of creating and maintaining.  *See Barefield v. Bowman*, No. 6:23-CV-00040, 2023 WL 9596941, at *11 (S.D. Tex. Nov. 9, 2023), *report and recommendation adopted,* No. 6:23-CV-00040, 2024 WL 21597 (S.D. Tex. Jan. 2, 2024); *see also* TEX. LOC. GOV. CODE § 191.001; TEX. PROP. CODE § 11.007.  The warranty deed conveying the property to McAllister expressly excepted the roads.  (Docket Entry No. 32-1 at 25).

Nor does McAllister allege that any defendant physically occupied the property or regulated the use of the property in an unreasonably burdensome way.  The allegation is that the defendants did not recognize McAllister as the owner of the disputed roads within his property. That is insufficient to support a takings claim.  *See Cent. Pines Land Co. v. United States*, 107

Fed.Cl. 310, 325 (2010) ("In order to establish a taking, something more than the mere assertion of title is required.").

Because McAllister has not plausibly alleged that the government deprived him of a valid property interest through physical occupation or unreasonably burdensome regulation, his takings claim is dismissed.  *See Degan*, 956 F.3d at 814–15; *Yee*, 503 U.S. at 522–23.

## B.      The State-Law Claim

In addition to his federal claims, McAllister asserted a trespass to try title claim under Texas law.  (Docket Entry No. 29 at ¶¶ 49–71); *see* Tex. Prop. Code § 22.001(a).  McAllister filed his complaint in this court based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a).  (Docket Entry No. 29 at ¶ 9, 11).  Because the defendants are entitled to dismissal on McAllister's federal claims, no federal question remains before this court.  As a result, the court must decide whether to exercise supplemental jurisdiction over the remaining state-law claim.  *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (stating a court may raise an issue of subject matter jurisdiction sua sponte at any time).  The determination of whether to exercise supplemental jurisdiction is guided by "judicial economy, convenience, fairness, and comity."  *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 207 (5th Cir. 2018).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see*

*also United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). In the Fifth Circuit, the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).

This case is still in an early stage. The federal claims have been dismissed. The only remaining Texas property-law claim is well-suited for the Texas state courts. Under these circumstances, the court finds that judicial economy, convenience, fairness, and comity would not be served by keeping McAllister's state-law claim in federal court. The court declines to exercise supplemental jurisdiction over the Texas trespass to title claim. That claim is dismissed without prejudice.[1]

## IV.     Conclusion

Both motions to dismiss are granted. The federal claims are dismissed with prejudice. The state-law claim is dismissed without prejudice.

SIGNED on October 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Because there is no remaining federal claim, McAllister's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, also fails. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (stating the Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996) ("A petition for a declaratory judgment concerning federal law is not sufficient to create federal jurisdiction; hence, the relevant cause of action must arise under some other federal law." (internal quotation marks and quoting reference omitted)).